# Exhibit A

# DECLARATION OF MARIA SONIA M. SIMON

I, Maria Sonia M. Simon, declare that the following is true and correct based upon my personal knowledge:

1. I work for Xclusive Staffing, Inc. and its subsidiaries and clients (hereinafter, together, "Xclusive").

2. I began working at Xclusive sometime in 2015.

3. During my time working for Xclusive, Xclusive frequently has failed to pay me for all of my wages.

4. For example, I rarely get a break when I'm working for Xclusive, even though they frequently deduct 30 minutes a day from my pay for a break. They don't pay me for the time that they say that I've taken a break.

5. Xclusive also takes $3.00 out from all of my paychecks.

6. At some point during the week beginning Monday, May 9, 2016, I went to Xclusive's office to pick up my pay check.

7. When I asked the woman at the desk for my paycheck, she gave me a form and told me that I needed to sign that form in order to receive my paycheck.

8. I said that I didn't want to sign the form because I didn't know what it meant.

9. I don't remember exactly what the woman asking me to sign the form told me, but she said something about how the form meant that if there was an accident on the job, I'd have to talk to my boss about it.

10. I told the woman that I would not sign the form, and I did not sign the form.

11. The form the woman told me to sign is attached to this declaration.

1

12. Many Xclusive employees are low-wage, immigrant workers, who live from paycheck to paycheck.

13. Many Xclusive employees fear that they will lose their job or face immigration consequences if they do not do what Xclusive wants them to do.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on 5-24-2016

_____
Maria Sonia M. Simon

# Mutual Arbitration Agreement

I recognize that differences may arise between Xclusive Staffing, Inc. ("Company") and me during or following my employment with Company, and that those differences may or may not be related to my employment. As a condition of my employment or continued employment, and in exchange for other good and valuable consideration, the receipt of which is hereby acknowledged, I agree that any such differences, not otherwise resolved informally, shall be settled by binding, single-arbitrator arbitration administered by the American Arbitration Association ("AAA") (or some other dispute resolution body as to which Company and I agree in writing as an alternative to the AAA), under the AAA's Employment Dispute Resolution Rules, and that judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

By entering into this Mutual Arbitration Agreement (the "Agreement"), Company and I anticipate gaining the benefits of a speedy, impartial dispute-resolution procedure. I understand and acknowledge that by agreeing to resolve all claims exclusively through arbitration except as otherwise provided in this Agreement, BOTH COMPANY AND I ARE GIVING UP AND WAIVING THE RIGHT TO INITIATE, PROSECUTE, AND/OR DEFEND ANY AND ALL LAWSUITS AND ACTIONS IN THE COURTS AND BEFORE ADMINISTRATIVE AGENCIES THAT ARE IN ANY WAY RELATED TO ANY CLAIM COVERED BY THIS AGREEMENT (OTHER THAN ADMINISTRATIVE CHARGES OF EMPLOYMENT DISCRMINATION TO THE EXTENT REQUIRED BY LAW) AND ARE GIVING UP AND WAIVING ANY RIGHT TO TRIAL BY JURY.

I understand that any reference in this Agreement to Company also will include all benefit plans, the benefit plans' sponsors, fiduciaries, administrators, affiliates, and all successors and assigns of any of them. Except as otherwise provided in this Agreement, the Federal Arbitration Act shall govern the interpretation, enforcement, and all proceedings pursuant to this Agreement and, to the extent that the Federal Arbitration Act is inapplicable, the law of the state where I am employed that pertains to agreements to arbitrate shall apply.

## Claims Covered by the Agreement.

1. Claims Covered by the Agreement. Company and I agree that arbitration will be the exclusive, final, and binding method for resolving all disputes, claims, or controversies ("claims"), past, present, or future, whether or not arising out of my employment or its termination, that Company may have against me or that I may have against Company or against its directors, employees, or agents in their capacity as such or otherwise. The only claims that are arbitrable are those that, in the absence of this Agreement, properly could have been brought under applicable local, state or federal law. The claims covered by this Agreement include, but are not limited to, claims for wages or other compensation, claims for breach of any contract or covenant (express or implied), tort claims, personal injury claims, claims for employment discrimination including, but not limited to, claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act, claims for violation of labor laws, wrongful termination claims of all types, claims for benefits (except where an employee benefit or pension plan specifies that its claims procedure shall culminate in an arbitration procedure different from this one or is underwritten by a commercial insurer that decides claims), and claims for violation of common law or of any other federal, state, or other governmental law, statute, regulation, or ordinance, except claims expressly excluded in Section 2 of this Agreement.

Any dispute covered by this Agreement will be arbitrated on an individual basis, and the parties mutually waive their right to participate in, or receive money from, any class, collective, or representative proceeding. No dispute between me and the Company may be consolidated or joined with a dispute between any other employee and the Company, nor may I seek to bring my dispute on behalf of other employees as a class or collective action or other representative proceeding. The arbitrator may not consolidate more than one individual's claims, and may not otherwise preside over any form of a class, collective, or representative proceeding. Any arbitration ruling by an arbitrator consolidating the disputes of two or more employees or allowing class or action arbitration shall be contrary to the intent of this Agreement.

## Claims Not Covered by this Agreement.

2. Claims Not Covered by this Agreement. Claims for workers' compensation benefits and for unemployment compensation benefits are not covered by this Agreement. Also not covered are claims by Company for injunctive and/or other equitable relief for unfair or prohibited competition and/or the use or unauthorized disclosure of trade secrets or confidential information, as to which I understand and agree that Company may seek and obtain relief from a court of competent jurisdiction. In addition, either party to this Agreement may bring an action in a court of competent jurisdiction to compel arbitration under this Agreement or to enforce an arbitration award rendered hereunder.

## Notice.

3. Notice. Company and I agree that the aggrieved party must give written notice of any claim to the other party. Written notice to Company shall be sent to Company's Director of Human Resources. I will be given written notice at the last address recorded in my personnel file. The notice shall contain a statement setting forth the nature of the dispute, the amount involved, if any, and the remedy sought. The notice shall be hand delivered with proof of delivery or sent to the other party by certified or registered mail, return receipt requested.

## Arbitration Procedures.

4. Arbitration Procedures. The arbitration shall take place in or near the city in which I am or as last employed by Company. The arbitrator shall apply the substantive law (including the conflict of law rules) and the law of remedies of the state in which the claim arose, or federal law, or both, depending upon and as applicable to the claim(s) asserted. The arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement, including but not limited to any claim that all or any part of this Agreement is void or voidable.

(Legal approved version 7/7/15)

The arbitrator has the same and no more authority to order remedies, including monetary damages, as the court or agency that would have had jurisdiction to adjudicate the claim(s) absent this Agreement. The arbitrator has no authority to order any remedy that a court or agency would not be authorized by law to order. The arbitrator(s) shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure. The arbitrator shall render an award and an opinion setting forth the arbitrator's reasoning and legal analysis. All arbitration proceedings shall be private and confidential, unless applicable laws provide to the contrary. The arbitrator shall maintain the privacy and confidentiality of the arbitration hearing and shall have authority to make appropriate rulings to safeguard that confidentiality.------

### Arbitration Fees and Costs.

5. Arbitration Fees and Costs. Company shall pay the arbitrator's fees and costs in excess of $25.00 which shall be paid by me, unless the arbitrator orders otherwise. Each party shall otherwise pay for its own costs and attorneys' fees, if any.

### Requirements for Modification or Revocation.

6. Requirements for Modification or Revocation. This Agreement to arbitrate shall survive the termination of my employment, regardless of the reason therefor. It can only be revoked or modified by a writing signed by the parties which specifically expresses an intent to revoke or modify this Agreement.

### Sole and Entire Agreement.

7. Sole and Entire Agreement. This is the complete agreement of the parties on the subject of arbitration of disputes, except for any agreement to arbitrate provided in connection with any pension or benefit plan. This Agreement supersedes any prior or contemporaneous oral or written understanding on the subject. No party is relying on any representations, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement.

### Construction.

8. Construction. If any provision of this Agreement is adjudged to be invalid, illegal or unenforceable, in whole or in part, neither the validity of the remaining parts of such provision nor the validity of any other provision of this Agreement shall in any way be affected thereby. In lieu of such invalid, illegal or unenforceable provision, there shall be added automatically as part of this Agreement a provision as similar in terms to such invalid, illegal or unenforceable provision as may be possible to be valid, legal and enforceable.

### Not an Employment Agreement.

9. Not an Employment Agreement. This Agreement IS NOT, and SHALL NOT be construed to create any contract of employment, express or implied.

### Voluntary Agreement.

10. Voluntary Agreement. I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, THAT I UNDERSTAND ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN COMPANY AND ME RELATING TO THE SUBJECTS COVERED IN THIS AGREEMENT ARE CONTAINED IN IT, AND THAT I HAVE ENTERED INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF. I FURTHER ACKNOWLEDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT. WITH MY PRIVATE LEGAL COUNSEL, AND HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO THE EXTENT I WISH TO DO SO.

Signed this ___ day of _____, 20__.

_____        _____
Employee                                                                Corporate Director of Human Resources

_____
Signature

COLORADO