## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00671-MSK-MJW

ISABEL VALVERDE; and those similarly situated,

Plaintiffs,

v.

XCLUSIVE STAFFING, INC; *ET AL.*,

Defendants.

---

## ANSWER TO PLAINTIFF'S COMPLAINT

---

Defendants Xclusive Staffing, Inc., Xclusive Management, LLC d/b/a Xclusive Staffing, Xclusive Staffing of Colorado, LLC, Diane Astley, Omni Interlocken Company, LLC, Omni Hotels Management Corporation, and Marriott International, Inc., ("Defendants") submit the following Answer to Plaintiff's Complaint ("Complaint"):[1]

### PLAINTIFF'S INTRODUCTORY STATEMENT

Plaintiff's "Introductory Statement" fails to meet the pleading requirements of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(b). Moreover, because of the multiple sentences and variety of allegations alleged in Plaintiff's "Introductory Statement," it is difficult to respond to Plaintiff's allegations in his "Introductory Statement." That stated, Defendants admit Xclusive Staffing is a Colorado-based staffing agency. Defendants also admit Xclusive Staffing provides temporary employees to hotels, as well as to colleges, airports, stadiums,

---

[1] For purposes of this Answer, "Xclusive Staffing" is intended to refer to Defendant Xclusive Staffing, Inc.

convention centers, and event centers.  Xclusive Staffing further admits it is owned and operated by Defendant Astley.   Defendants deny all remaining statements, claims, and allegations in Plaintiff's introductory statement.

### JURISDICTION AND VENUE

1.      Defendants admit the allegations in Paragraph 1.

2.      Defendants admit the allegations in Paragraph 2.

### PARTIES

3.      Defendants are without sufficient knowledge to form a belief as to the truth or falsity of Plaintiff's alleged state of domicile and, therefore, deny the same.  Defendants deny all remaining allegations in Paragraph 3.

4.      Defendants admit the allegations in Paragraph 4.

5.      Defendants admit the allegations in Paragraph 5.

6.      Defendants admit the allegations in Paragraph 6.

7.      Defendants admit the allegations in Paragraph 7.

8.      Defendants admit the allegations in Paragraph 8.

9.      Defendants admit the allegations in Paragraph 9.

10.      Paragraph 10 is only a description of the abbreviation used in the Complaint and, therefore, no response is required.

11.      Defendants admit the allegations in Paragraph 11.

12.      Defendants are without information or knowledge sufficient to form a belief as to the truth of  the allegations in Paragraph 12, and, therefore deny same.

EMPLOY/1295556.1

13.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 13 and, therefore, deny same.

14.     Defendants admit the allegations in Paragraph 14.

15.     Defendants admit the allegations in Paragraph 15.

16.     Defendants admit the allegations in Paragraph 16.

## PLAINTIFF'S STATEMENT OF FACTS

17.     Defendants admit the allegations in Paragraph 17.

18.     Defendants admit the allegations in Paragraph 18.

19.     Defendants deny the allegations in Paragraph 19.

20.     Defendants deny the allegations in Paragraph 20.

21.     Defendants admit Xclusive Management supervises the operations of various other state entities.  Defendants deny the remaining allegations in Paragraph 21.

22.     Defendants deny the allegations in Paragraph 22.

23.     Defendants are without information or knowledge as to the meaning of "all of these entities" and, therefore, deny the allegations in Paragraph 23.

24.     Defendants are without information or knowledge as to the meaning of "all of these entities" or "unified operation" and, therefore, deny the allegations in Paragraph 24.

25.     Defendants are without information or knowledge as to the meaning of "all of these entities" and, therefore, deny the allegations in Paragraph 25.

26.     Defendants admit the quoted statement appears on Xclusive Staffing's website. Defendants deny any suggestion that the statement is false, misleading, or violates the law in any way.

27.     Defendants deny that all "operations throughout the country are controlled centrally out of its" Colorado headquarters.  Defendants admit Xclusive Staffing sends payroll checks via FedEx to the various state entities.  Defendants deny the remaining allegations in Paragraph 27.

28.     Defendants admit Xclusive Staffing was involved in a DOL investigation in January 2014.  Defendants deny the DOL "found" anything.  Defendants affirmatively state that DOL alleged "findings" have no effect on this matter and any communication between Defendants and the DOL is irrelevant to this proceeding.  Defendants further state that they do not have access to all of the DOL's records or Whisard reports.  Accordingly, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of Plaintiff's remaining allegations in Paragraph 28 and, therefore, deny the same.

29.     Defendants deny the allegations in Paragraph 29.

30.     Defendants admit Xclusive Staffing's clients rely on the workers provided by Xclusive Staffing.  Defendants deny the remaining allegations in Paragraph 30.

31.     Defendants admit Xclusive Staffing is responsible for compensating its employees and that it passes the cost of employee compensation to its clients.  Defendants deny the remaining allegations in Paragraph 31.

32.     Defendants admit the allegations in Paragraph 32.

33.     Defendants admit Plaintiff first worked for Xclusive Staffing in 2010 and 2011 and that Plaintiff worked at the Omni Interlocken hotel during that period.  Defendants affirmatively state that such term of employment is outside the statute of limitations period.  Defendants further affirmatively state that Plaintiff worked for Xclusive for a period of 53 days

4

since 2011.  Defendants are without sufficient knowledge to form a belief as to the truth or falsity of Plaintiff's remaining allegations in Paragraph 33 and, therefore, deny the same.

34.    Defendants admit Plaintiff worked for Xclusive Staffing a second time from November 2014 until March 2015 and affirmatively state that the total time of employment was 53 days.  Defendants further admit Plaintiff provided services to the Ritz-Carlton, located at 1881 Curtis St., Denver, CO 80202, the Marriott Denver Tech Center, located at 4900 S. Syracuse St., Denver, CO 80237, the Omni Interlocken, located at 500 Interlocken Blvd., Broomfield, CO 80021, and the Hyatt DTC, located at 7800 E. Tufts, Denver, CO 80412.[2] Defendants deny all remaining allegations in Paragraph 34.

35.    Defendants admit Plaintiff served in several different capacities, including as a line cook, banquet cook, prep cook, and specialty cook, among others.  Defendants deny all remaining allegations in Paragraph 35.

36.    Defendants admit Plaintiff worked some overtime during the period of November 2014 until March 2015.  Defendants deny the remaining allegations in Paragraph 36.

37.    Defendants admit Exhibit 2 to the Complaint is a copy of Plaintiff's check stub issued on December 7, 2014.  Defendants further admit Plaintiff worked overtime during this period as indicated on the check stub.  Defendants affirmatively state that Plaintiff was compensated for all overtime hours worked during this period.  Defendants deny all remaining allegations in Paragraph 37.

---

[2] Defendants do not adopt Plaintiff's abbreviations of Defendants' names and any coincidence in Defendants' use of a similar name to describe a hotel shall not be construed as an admission of ownership or control of that hotel by a particular entity or Defendant.

EMPLOY/1295556.1

38.     Defendants admit Xclusive Staffing's website states, in part, that it "take[s] compliance with all federal, state and local laws extremely seriously."  Defendants further admit that Xclusive Staffing's website states that it "exceed[s] the industry standards to ensure your protection."  Defendants deny any implication that these statements are false or misleading in any way.  Defendants deny all remaining allegations in Paragraph 38.

39.     Defendants admit Xclusive Staffing's website states "[f]ull compliance with overtime laws."  Defendants deny any implication that this statement is false or misleading in any way.  Defendants deny all remaining allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

41.     Defendants admit $3.00 was deducted from each of Plaintiff's pay checks. Defendants deny this deduction is unlawful and further deny all remaining allegations in Paragraph 41.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     To the extent the allegations in Paragraph 43 call for a legal conclusion, no response is required.  Defendants admit that, in certain circumstances, Xclusive Staffing deducts the cost of name tags, background checks, and other equipment from an employee's pay check. Defendants affirmatively state that any deductions made from an employee's pay check are in accordance with Xclusive Staffing's policies, and are made with employee consent.  Defendants deny any deductions made are unlawful and Plaintiff has not alleged them to be unlawful. Defendants deny all other remaining allegations in the Complaint.

44.     Defendants are without sufficient knowledge to form a belief as to the truth or falsity of Plaintiff's allegation that he spoke with other employees about Xclusive Staffing's

6

deduction and, therefore, deny the same.  Defendants deny all remaining allegations in Paragraph 44.

44.

45.     Defendants admit Xclusive Staffing was involved in a DOL investigation in 2011.  Defendants deny the DOL "found" anything.  Defendants affirmatively state that DOL alleged findings have no effect on this matter and any communication between Defendants and the DOL is irrelevant to this proceeding.  Defendants further state that they do not have access to all of the DOL's records or Whisard reports.  Accordingly, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of Plaintiff's remaining allegations in Paragraph 45 and, therefore, deny the same.

46.     Defendants admit the allegations in Paragraph 46.  Defendants affirmatively state that such deductions are lawful.

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants admit Plaintiff received a 30-minute meal break and was required to take such a break.  Defendants deny all remaining allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants are without sufficient information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 52 and, therefore, deny the same.  .

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants admit Xclusive Staffing was involved in a DOL investigation in 2012.  Defendants deny the DOL "found" anything.  Defendants affirmatively state that DOL alleged

findings have no effect on this matter and any communication between Defendants and the DOL is irrelevant to this proceeding. Defendants further state that they do not have access to all of the DOL's records or Whisard reports. Accordingly, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of Plaintiff's remaining allegations in Paragraph 54 and, therefore, deny the same.

55.     Defendants admit Xclusive Staffing was involved in a DOL investigation in 2014. Defendants deny the DOL "found" anything. Defendants affirmatively state that DOL alleged findings have no effect on this matter and any communication between Defendants and the DOL is irrelevant to this proceeding. Defendants further state that they do not have access to all of the DOL's records or Whisard reports. Accordingly, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of Plaintiff's remaining allegations in Paragraph 55 and, therefore, deny the same.

56.     To the extent Paragraph 56 contains a restatement of the Colorado Wage Order, no response is required. Defendants deny any implication that they have violated any provision of the Wage Order and further deny all remaining allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57 as the allegation is internally inconsistent.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60. Defendants affirmatively state that because the break is paid, there would be no reason to indicate it on the payroll stub.

61.     Defendants admit Xclusive Staffing has been involved in multiple investigations at individual locations by the Department of Labor regarding its compliance with minimum wage and overtime laws.  Defendants deny the remaining allegations in Paragraph 61.

62.     Defendants admit Xclusive Staffing was involved in the Department of Labor investigations at individual locations in the cities identified in Paragraph 62 of the Complaint, as well as others.  Defendants deny the remaining allegations in Paragraph 62.

63.     To the extent the allegations in Paragraph 63 call for a legal conclusion, no response is required.  Defendants deny the remaining allegations in Paragraph 63.

64.     Defendants deny the DOL "found" anything.  Defendants affirmatively state that DOL alleged findings have no effect on this matter and any communication between Defendants and the DOL is irrelevant to this proceeding.  Defendants further state that they do not have access to all of the DOL's records or Whisard reports.  Accordingly, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of Plaintiff's remaining allegations in Paragraph 64 and, therefore, deny the same.

65.     Defendants are without information or knowledge sufficient to form a belief as to the meaning of "all of its associated entities and subsidiaries" and, therefore, denies the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67.

68.     Defendants deny the allegations in Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69.

EMPLOY/1295556.1

70.     Defendants admit Xclusive Staffing was involved in a DOL investigation in 2012. Defendants deny the DOL "found" anything.  Defendants affirmatively state that DOL alleged findings have no effect on this matter and any communication between Defendants and the DOL is irrelevant to this proceeding.  Defendants further state that they do not have access to all of the DOL's records or Whisard reports.  Accordingly, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of Plaintiff's remaining allegations in Paragraph 45 and, therefore, deny the same.

71.     Defendants deny the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72.

73.     Defendants deny the allegations in Paragraph 73.

74.     Defendants deny the allegations in Paragraph 74.

75.     Defendants are without sufficient knowledge to form a belief as to the truth or falsity of Plaintiff's allegation that the USDOL relied on Defendant Astley's statements. Defendants deny the remaining allegations in Paragraph 75.

76.     Defendants deny the allegations in Paragraph 76.

77.     Defendants admit Xclusive Staffing was involved in a DOL investigation in 2012. Defendants deny the DOL "found" anything.  Defendants affirmatively state that DOL alleged findings have no effect on this matter and any communication between Defendants and the DOL is irrelevant to this proceeding Defendants further state that they do not have access to all of the DOL's records or Whisard reports.  Accordingly, Defendants are without sufficient knowledge to form a belief as to the truth or falsity of Plaintiff's remaining allegations in Paragraph 77 and, therefore, deny the same.

EMPLOY/1295556.1

78.   Defendants admit Defendant Astley and her legal representative communicated with the DOL during the course of the DOL's investigations.   Defendants further admit Defendant Astley is identified as a contact for Xclusive Staffing and her contact information is included on DOL related documents.   Defendants deny all remaining allegations in Paragraph 78.

79.   Defendants deny the allegations in Paragraph 79.

80.   Defendants deny the allegations in Paragraph 80.

81.   Defendants deny the allegations in Paragraph 81.

82.   Defendants deny the allegations in Paragraph 82.

83.   Defendants admit Xclusive Staffing's website states, in part, that it "take[s] compliance will all federal, state and local laws extremely seriously."   Defendants further admit that Xclusive Staffing's website states that it "exceed[s] the industry standards to ensure your protection."   Defendants deny that these two statements are consecutive statements, as suggested in Paragraph 83.   Defendants further deny any implication that these statements are false or misleading in any way.   Defendants deny all remaining allegations in Paragraph 83.

84.   Defendants do not have access to previous iterations of Xclusive Staffing's website and, therefore, are unable to form a belief as to the truth or falsity of the allegations in Paragraph 84 relating to a previous iteration of the website.   Defendants deny the remaining allegations in Paragraph 84.

85.   Defendants deny the allegations in Paragraph 85.

86.   Defendants deny the allegations in Paragraph 86.

87.     Defendants admit Xclusive Staffing and its clients maintains some employee time records on StaffTraxs.com and WorkRecords.com.  Defendants deny the remaining allegations in Paragraph 87.

88.     Defendants deny Xclusive Staffing is currently advertising for a Property Manager position on its website.

89.     Defendants admit the allegations in Paragraph 89.

90.     Defendants do not have access to previous iterations of Xclusive Staffing's website and, therefore, are unable to form a belief as to the truth or falsity of the allegations in Paragraph 90 relating to a previous iteration of the website.  Defendants deny the remaining allegations in Paragraph 90.

91.     Defendants admit that in *Cota Martinez et al. v. Xclusive Management LLC et al.*, 15-cv-00047 (D. Colo.), the plaintiffs in that case filed a First Amended Complaint and attached various timesheets.  Defendants deny the remaining allegations in Paragraph 91.

92.     Defendants admit Xclusive Staffing and its clients have access to employee's time records.  Defendants deny the remaining allegations in Paragraph 92.

93.     Defendants deny the allegations in Paragraph 93.

94.     Defendants deny the allegations in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95.

## PLAINTIFF'S RULE 23 CLASS ALLEGATIONS

96.     Defendants admit and deny the allegations contained in paragraphs 1 through 95 of the Complaint as set forth above.

97.     Defendants admit Plaintiff asserts Claims I, III, and IV as class allegations pursuant to Fed. R. Civ. P. 23.  Defendants deny Plaintiff meets the standard required of Rule 23.  Defendants also deny Plaintiff has stated a claim for a class action for Claims I, III, and IV.  Defendants deny the remaining allegations in Paragraph 97.

98.     Defendants deny the proposed class in Paragraph 98 is an appropriate class under Fed. R. Civ. P. 23.  Defendants deny the remaining allegations in Paragraph 98.

99.     Defendants deny the proposed class in Paragraph 99 is an appropriate class under Fed. R. Civ. P. 23.  Defendants deny the remaining allegations in Paragraph 99.

100.     Defendants deny the proposed class in Paragraph 100 is an appropriate class under Fed. R. Civ. P. 23.  Defendants deny the remaining allegations in Paragraph 100.

101.     Defendants deny the proposed class in Paragraph 101 is an appropriate class under Fed. R. Civ. P. 23.  Defendants deny the remaining allegations in Paragraph 101.

102.     Defendants deny the proposed class in Paragraph 102 is an appropriate class under Fed. R. Civ. P. 23.  Defendants deny the remaining allegations in Paragraph 102.

103.     Defendants deny the allegations in Paragraph 103.

104.     Defendants deny the allegations in Paragraph 104.

105.     Defendants deny the allegations in Paragraph 105.

106.     Defendants deny the allegations in Paragraph 106.

107.     Defendants are without sufficient knowledge to form a belief as to the truth or falsity of Plaintiff's counsel's alleged experience and, therefore, deny the same.  Defendants deny the remaining allegations in Paragraph 107.

108.     Defendants deny the allegations in Paragraph 108.

EMPLOY/1295556.1

109.    Defendants deny the allegations in Paragraph 109.

110.    Defendants are without sufficient knowledge to form a belief as to the truth or falsity of Plaintiff's knowledge and, therefore, deny the same.  Defendants deny the remaining allegations in Paragraph 110.

111.    Defendants are without sufficient knowledge to form a belief as to the truth or falsity of Plaintiff's knowledge and, therefore, deny the same.  Defendants deny the remaining allegations in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112.

113.    Defendants deny the allegations in Paragraph 113.

114.    To the extent the allegations in Paragraph 114 call for a legal conclusion, no response is required.  Defendants deny the allegations in Paragraph 114.

## PLAINTIFF'S COLLECTIVE ACTION ALLEGATIONS

115.    Defendants admit Plaintiff attempts to assert an FLSA collective action on behalf of himself and all other similarly situated current and former employees.  Defendants deny Plaintiff has stated a claim for an FLSA collective action.   Defendants deny the remaining allegations in Paragraph 115.

116.    Defendants deny the proposed class in Paragraph 116 is an appropriate "class" under Section 216.  Defendants deny the remaining allegations in Paragraph 116.

117.    Defendants deny the proposed class in Paragraph 117 is an appropriate "class" under Section 216.  Defendants deny the remaining allegations in Paragraph 117.

118.    Defendants deny the proposed class in Paragraph 118 is an appropriate "class" under Section 216.  Defendants deny the remaining allegations in Paragraph 118.

EMPLOY/1295556.1

119.   Defendants deny the proposed class in Paragraph 119 is an appropriate "class" under Section 216.  Defendants deny the remaining allegations in Paragraph 119.

120.   Defendants deny the allegations in Paragraph 120, including subsections (a) and (b).

## COUNT I: CIVIL RICO

121.   Defendants admit and deny the allegations contained in paragraphs 1 through 120 of the Complaint as set forth above.

122.   Defendants admit Plaintiff attempts to assert a class action pursuant to Rule 23. Defendants affirmatively state Plaintiff has failed to state or properly plead a class action in this matter.  Defendants deny the remaining allegations in Paragraph 122.

123.   Defendants deny the allegations in Paragraph 123.

124.   Defendants deny the allegations in Paragraph 124.

125.   Defendants deny the allegations in Paragraph 125.

126.   Defendants deny the allegations in Paragraph 126.

127.   Defendants deny the allegations in Paragraph 127.

## COUNT II: THE FAIR LABOR STANDARDS ACT

128.   Defendants admit and deny the allegations contained in paragraphs 1 through 127 of the Complaint as set forth above and states affirmatively that Count I fails to state claims upon which relief can be granted.

129.   Defendants admit Plaintiff attempts to assert a viable claim for a collective action pursuant to Section 216.  Defendants affirmatively state Plaintiff has failed to state a collective action in this matter.  Defendants deny the remaining allegations in Paragraph 129.

EMPLOY/1295556.1

130.     Defendants deny that any employees were employed "pursuant to the Fair Labor Standards Act."

131.     To the extent the allegations in Paragraph 131 call for a legal conclusion, no response is required.  Defendants admit the allegations in Paragraph 131.

132.     Defendants deny the allegations in Paragraph 132.

133.     Defendants deny the allegations in Paragraph 133.

134.     Defendants deny Plaintiff is entitled to recover anything in this matter, including alleged unpaid overtime, gap time, alleged unpaid breaks, liquidated damages, and attorney's fees and costs.  Defendants deny the remaining allegations in Paragraph 134.

135.     Defendants deny the allegations in Paragraph 135.

## COUNT III: CLAIM FOR STATUTORILY REQUIRED WAGES AND OVERTIME PURSUANT TO VARIOUS STATE LAWS

136.     Defendants admit and deny the allegations contained in paragraphs 1 through 135 of the Complaint as set forth above and state affirmatively that Count II fails to state claims upon which relief can be granted.

137.     Defendants admit Plaintiff attempts to assert a class action pursuant to Rule 23. Defendants affirmatively state Plaintiff has failed to state or properly plead a class action in this matter.  Defendants deny the remaining allegations in Paragraph 137.

138.     To the extent the allegations in Paragraph 138 call for a legal conclusion, no response is required.  Defendants deny the allegations in Paragraph 138.

139.     Defendants admit Plaintiff worked for Xclusive Staffing pursuant to an employment agreement.  Defendants deny the remaining allegations in Paragraph 139.

140.     Defendants deny the allegations in Paragraph 140.

141.   Defendants deny the allegations in Paragraph 141.

## COUNT IV: CONTRACT, ALTERNATIVELY, EQUTY UNDER THE LAWS OF THE SEVERAL STATES

142.   Defendants admit and deny the allegations contained in paragraphs 1 through 141 of the Complaint as set forth above.

143.   Defendants admit Plaintiff attempts to assert a class action pursuant to Rule 23. Defendants affirmatively state Plaintiff has failed to state a class action in this matter. Defendants deny the remaining allegations in Paragraph 143.

144.   Defendants admit Plaintiff worked for Xclusive Staffing pursuant to an employment agreement.  Defendants deny the remaining allegations in Paragraph 144.

145.   Defendants deny the allegations in Paragraph 145.

146.   Defendants deny the allegations in Paragraph 146.

147.   Defendants deny the allegations in Paragraph 147.

148.   Defendants deny the allegations in Paragraph 148.

149.   Defendants deny the allegations in Paragraph 149.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

150.   No response is required to Plaintiff's demand for a jury trial.  Defendants also demand a jury trial.

## PLAINTIFF'S PRAYER FOR RELIEF

151.   Defendants deny Plaintiff is entitled to any relief whatsoever, including that relief specifically requested in sub-paragraphs (c)-(k).

152.   Defendants deny each and every allegation contained in the Complaint which is not specifically admitted above.

153.   Defendants specifically reject Plaintiff's use of headings in the Complaint and deny any inferences arising therefrom.

## DEFENDANTS' SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff fails to state  claims upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Defendants did not willfully violate the FLSA.

### THIRD SEPARATE DEFENSE

Plaintiff's RICO claim is preempted in whole or in part by the FLSA.

### FOURTH SEPARATE DEFENSE

Plaintiff lacks standing to assert a civil RICO claim.

### FIFTH SEPARATE DEFENSE

Plaintiff's alleged injury is not based on a concrete financial loss.

### SIXTH SEPARATE DEFENSE

Plaintiff fails to meet the requirements for a class action pursuant to Fed. R. Civ. P. 23.

### SEVENTH SEPARATE DEFENSE

Plaintiff's class allegations are inherently inconsistent with his collective action allegations.

### EIGHTH SEPARATE DEFENSE

An alleged failure to pay wages cannot serve as the predicate act for a civil RICO claim.

### NINTH SEPARATE DEFENSE

Defendants did not engage in a uniform pay practice in violation of the FLSA.

## TENTH SEPARATE DEFENSE

Plaintiff was properly compensated for all time worked, including rest breaks, consistent with all applicable state and federal laws.

## ELEVENTH SEPARATE DEFENSE

Plaintiff is not similarly situated to the other putative class or collective action members

## TWELFTH SEPARATE DEFENSE

Defendants did not receive a benefit at Plaintiff's expense.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's unjust enrichment claim fails because there was a valid written contract covering the same subject matter underlying that claim.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff's RICO, breach of contract, promissory estoppel, and unjust enrichment claims are barred in whole or in part by the FLSA's statutory remedies.

## FIFTEENTH SEPARATE DEFENSE

Plaintiff has failed to plead his fraud allegations with particularity as required by Fed. R. Civ. P. 9.

## SIXTEENTH SEPARATE DEFENSE

At all times relevant hereto Defendants acted in good faith and upon a reasonable belief they were in compliance with the law.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff lacks standing to assert claims under state laws in states he did not work.

## EIGHTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## NINETEENTH SEPARATE DEFENSE

Plaintiff is not entitled to recover attorney's fees under state law.

## TWENTIETH SEPARATE DEFENSE

Plaintiff's damages, if any, are barred or limited by his failure to reasonably mitigate damages.

## TWENTY-FIRST SEPARATE DEFENSE

Plaintiff's claims are frivolous and groundless.

## TWENTY-SECOND SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in party by the doctrine of claim preclusion.

## TWENTY-THIRD SEPARATE DEFENSE

Plaintiff's and potential class members' claims are barred in whole or in part by the existence of arbitration agreements.

## TWENTY-FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel

## TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff's claims and/or damages recovery is limited and/or barred in whole or in part by the applicable statute of limitations.

20

### TWENTY-SIXTH SEPARATE DEFENSE

Defendants reserve the right to assert other defenses as they may become apparent or available as discovery progresses, and to amend this Answer accordingly.  No defense is being knowingly or intentionally waived.

Respectfully submitted this 27th day of May, 2016.

SHERMAN & HOWARD L.L.C.

*s/ W.V. Bernie Siebert*
W.V. Bernie Siebert
633 Seventeenth Street, Suite 3000
Denver, CO  80202
Telephone:  (303) 297-2900
Email:  bsiebert@shermanhoward.com

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 27th day of May, 2016, I electronically filed the foregoing **DEFENDANTS' ANSWER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Alexander Hood, Esq.
Towards Justice
1535 High Street, Suite 300
Denver, CO 80218
Email:  alex@towardsjustice.org

*s/ Lynn Zola Howell*

21