# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No. 16-cv-00671-MSK-MJW

ISABEL VALVERDE *ET AL.*

      Plaintiff,

v.

XCLUSIVE STAFFING, INC. *ET AL.*

      Defendants.

---

**CIVIL SCHEDULING ORDER** For certification only

---

    **1.**    **DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

    Date of Conference: June 22, 2016, at 10:30 a.m.

        **<u>Attorneys for All Plaintiffs</u>**

Alexander Hood
TOWARDS JUSTICE
1535 High St., Suite 300
Denver, CO 80218
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

        **<u>Attorneys for All Defendants</u>**

W.V. Bernie Siebert
Jonathon M. Watson
Sherman & Howard L.L.C.
633 17th St., Suite 3000
Denver, CO 80202

    **2.**    **STATEMENT OF JURISDICTION**

    Plaintiff asserts this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331

(federal question) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' related claims under state law.

### 3.   STATEMENT OF CLAIMS AND DEFENSES

#### Plaintiff's Position

Xclusive Staffing, Inc. ("Xclusive") is a Colorado-based staffing agency composed of a conglomerate of entities – including Defendants Xclusive Colorado and Xclusive Management -- in at least 10 states. In large part, Xclusive provides low paid hourly employees to hotels, including many in the Denver Metro area, like Defendants Omni and Marriott. The entire operation is 100% owned and operated by Defendant Diane Astley out of Xclusive's Westminster, Colorado corporate office.

Plaintiff Valverde and those similarly situated worked for Xclusive and suffered as a result of Xclusive's illegal pay policies. The policies leading to these failures include deducting a $3 processing fee from each employee's pay check, auto-deducting 30 minute lunch breaks that were never actually given or taken, and failing to provide the paid 10 minute breaks required under Colorado state law. Defendants Omni and Marriot are liable to Xclusive employees that worked at their hotels as joint employers. Additionally, Defendant Astley is individually liable under RICO for fraudulent misrepresentations by Xclusive to its clients and the USDOL that she helped perpetuate and that harmed Plaintiff Valverde and those similarly situated.

Based on these facts, Plaintiff Valverde and those similarly situated bring claims under RICO, the FLSA, state wage statutes, and common law contract and equity.

**Defendants' Position**

Xclusive Staffing is a Colorado-based staffing agency that provides temporary employees to hotels, colleges, airports, stadiums, convention centers, and event centers.

On March 22, 2016, Plaintiff Isabel Valverde filed a Class and Collective Action Complaint ("Complaint") alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Fair Labor Standards Act ("FLSA"), various state wage laws, breach of contract, and various claims in equity, including promissory estoppel and unjust enrichment. Plaintiff asserts all of his claims on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b). Plaintiff brings his claims against Xclusive Staffing, Inc., Xclusive Management, LLC d/b/a Xclusive Staffing, Xclusive Staffing of Colorado, LLC, (collectively, "Xclusive") Diane Astley, Omni Interlocken Company, LLC, Omni Hotels Management Corporation, and Marriott International, Inc., ("Defendants").

The Complaint fails to state a claim for relief.

Plaintiff's RICO claim fails for a multitude of reasons. Plaintiff's RICO claim is based on Defendant's alleged failure to comply with wage and hour laws. Accordingly, Plaintiff's RICO claim is preempted in whole or in part by the FLSA. Further, an alleged failure to pay wages cannot serve as the predicate act for Plaintiff's RICO claim. Plaintiff lacks standing to assert a RICO claim because his alleged injury is not based on a concrete financial loss due to the speculative nature of his underlying FLSA claim. Plaintiff's RICO claim also fails because he fails to plead fraud with particularity as required by Fed. R. Civ. P. 9. Moreover, Plaintiff fails to allege the essential elements of mail and wire fraud required to prove the racketeering activity element of a RICO claim. Defendants deny they violated the FLSA or any other state, local, or

3

federal law. Plaintiff and the putative plaintiffs were paid for all of the time they worked, received the required minimum wage, and were paid overtime at a rate of time and a half for all hours worked over 40 in a workweek. Employees also received periods and break periods as required by law. Further, Defendants did not engage in a uniform practice that violates the FLSA and, in fact, Xclusive has specific policies requiring employees not to work off the clock and for employees to alert Xclusive to any payroll that was not accurate or did not appropriately compensate them for all time worked. Xclusive also requests that employees confirm in writing that each paycheck they receive is accurate and appropriately compensates them for all hours worked, including overtime. Xclusive also did not violate the FLSA based on Plaintiff's allegations that Xclusive made $3.00 deductions from employees' paychecks. Any such deductions were made upon agreement with employees and, regardless, such deductions do not violate the FLSA. At all times relevant hereto, Defendants acted in good faith compliance with the law and Defendants did not willfully violate the FLSA. Accordingly, only a two-year statute of limitations should apply and Plaintiff is not entitled to liquidated damages under the FLSA. Moreover, Defendants did not receive a benefit at Plaintiff's expense.

Plaintiffs fail to sufficiently define its proposed "classes." Class and collective action certification is inappropriate in this case because Plaintiff and the putative plaintiffs are not similarly situated. Among other things, Plaintiffs and the putative class members held a variety of different positions, had different duties and assignments, reported to different supervisors, and worked at different locations with different timekeeping systems. Plaintiff is also unable to satisfy the Rule 23 requirements for class certification. Plaintiff's Rule 23 class allegations are inherently inconsistent with his collective action allegations.

Plaintiff, and other putative plaintiffs in this action, completed Audit Summary Sheets in which they indicated they were paid for all time worked and were paid time and a half for all overtime worked. Employees and putative plaintiffs in this action have also entered into an Arbitration Agreement, which requires that any claims arising out of or related to their employment by Xclusive will be resolved by binding and final arbitration. The Arbitration Agreements also foreclose employees' participation in class or collective actions relating to those claims subject to arbitration.

Plaintiff's unjust enrichment claim fails because there was a valid written contract covering the same subject matter underlying that clam. Further, Plaintiff's RICO, breach of contract, promissory estoppel, and unjust enrichment claims are barred in whole or in part by the FLSA's statutory remedies. Plaintiff lacks standing to assert claims under state laws in states he did not work. Moreover, Plaintiff's state law claims are inappropriate for Plaintiff's proposed classes and Plaintiff has failed to state a claim under those state statutes.

Defendants also assert the following defenses: (a) Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands; (b) Plaintiff is not entitled to recover attorney's fees under state law; (c) Plaintiff's damages, if any, are barred or limited by his failure to reasonably mitigate damages; (d) Plaintiff's claims are barred in whole or in part by the doctrine of claim preclusion; and (e) Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

Defendants reserve the right to assert other defenses as they become apparent or available as discovery progresses, and to amend this Scheduling Order consistent with the Federal Rules of Civil Procedure. No defense is being knowingly or intentionally waived.

**4.       STATEMENT OF UNDISPUTED FACTS**

1.      Xclusive Staffing, Inc. is a labor outsourcing firm based in Colorado.

2.      Plaintiff Valverde was employed by Xclusive Staffing, Inc.

## 5.      COMPUTATION OF DAMAGES

**<u>Plaintiff</u>**

Damages cannot currently be calculated without further discovery and consultation with a yet-to-be-retained expert. With that caveat, Plaintiff currently estimates class actual damages at roughly $15,000,000.00 per year, with the damages ongoing. This number is based upon an initial estimate of Xclusive having 1,000 employees in Colorado per year and 5,000 employees total per year (the numbers may be much higher). The calculation also assumes these employees were not provided required breaks, were forced to work during uncompensated breaks, had $3.00 deducted from every pay check, and had an estimated additional $10.00 deducted from each pay check for costs that were principally for the benefit of the employer. The Plaintiff and the classes are further entitled to the following:

1.      Treble damages and attorneys' fees pursuant to RICO (15 USC § 15(a));

2.      Unpaid overtime, lunch breaks, liquidated damages, and attorneys' fees pursuant to the FLSA (29 U.S.C. §§ 201 *et seq.*);

3.      Statutory damages and attorneys' fees for unpaid labor pursuant to the unpaid labor laws of the several states;

4.      Costs;

5.      Prejudgment and post-judgment interest; and

6.      Such other relief as this Court deems just and proper.

**Defendants**

With regard to Plaintiff's damages, during the period within the statute of limitations, Plaintiff only worked 53 days for Xclusive Staffing. Plaintiff earned between $12.95 per hour and $15.98 per hour, depending on which client location he worked. For purposes of this calculation, Defendants assume Plaintiff's compensation was $15.98 per hour. Assuming Plaintiff worked through and was not paid for every meal break he was entitled during his 53 work days, which Defendants dispute, Plaintiff could only recover $423.47 in damages ($15.98 per hour equals $7.99 per half-hour, times 53 alleged half-hour meal breaks). Assuming, *arguendo*, Plaintiff is able to prove he is entitled to liquidated damages for his meal breaks, Plaintiff could only recover $846.94 in damages.

Further, assuming Plaintiff was entitled to two 10-minute paid rest breaks during each of his 53 working breaks and did not receive either of those breaks, which Defendants dispute, Plaintiff could only recover $279.49 in damages (2 x 10 minutes equals .33 hours, $15.98 x .33 equals $5.27 per day, $5.27 x 53 days equals $279.49), assuming he is entitled to any damages for previously paid breaks.

Finally, even assuming, *arguendo*, Plaintiff worked 30 minutes of overtime every day he worked, Plaintiff could only recover $423.47 in damages ($15.98 per hour equals $7.99 per half-hour, times 53 days of overtime). Again, Defendants assume for purposes of this calculation, without admitting, Plaintiff is able to prove he is entitled to liquidated damages for his overtime, Plaintiff could only recover $846.94 in damages.

Thus, ultimately, Plaintiff could recover no more than $1,973.37 in damages in

this matter.

Defendants are not currently asserting claims for damages against Plaintiff. Defendants, however, do seek attorneys' fees, costs, and any other relief that the Court deems just and proper.

**6.     REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

**Date of Rule 26(f) meeting**

A Rule 26(f) conference was held on 6/1/2016.

**Names of each participant and party he/she represented.**

**For The Plaintiff:**

Alexander Hood
David Seligman

**For All Defendants:**

W.V. Bernie Siebert
Jonathon M. Watson
Sherman & Howard L.L.C.
633 17th St., Suite 3000
Denver, CO 80202

**Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Disclosures from all parties will be exchanged on or before June 21, 2016.

**Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The parties agreed to extend the presumptive deadline for Rule 26(a)(1) disclosures six days until June 21, 2016.

**Statement concerning any agreements to conduct informal discovery**

The parties have not agreed to conduct any specific informal discovery at this time. However, during the discovery in this case if it appears to all counsel that informal discovery would be productive they will discuss and coordinate such informal discovery.

**Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

Counsel agree to cooperate and will utilize a unified exhibit numbering system and reduce discovery and litigation costs where possible. If necessary, counsel will negotiate and present the Court a joint protective order that would cover discovery confidentiality and procedures.

**Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties anticipate that their claims and defenses will involve some electronically stored information ("ESI").

   i.     **Steps the parties have taken or will take to preserve electronically stored information;**

        Each party has taken steps to preserve ESI that may be relevant to this litigation. The parties agree to preserve and to not destroy or modify ESI that can reasonably be anticipated to be relevant to this litigation. The parties further agree to preserve all metadata.

   ii.    **Steps the parties have taken or will take to facilitate discovery of electronically stored information;**

The parties expect the production of some ESI and will cooperate to determine the most efficient way to exchange such documents. The parties will produce electronic documents in reasonably usable format, and reasonable efforts shall be used to produce documents in the manner in which they are maintained.

iii.     **Steps the parties have taken to limit the associated discovery costs and delay;**

The parties expect the production of some ESI and will cooperate to determine the most efficient way to exchange such documents. The parties anticipate limited electronic discovery in this case. The parties agree to confer with each other in order to facilitate the discovery of ESI in the most effective way possible, and agree that to the extent any information is stored electronically, it will be produced electronically.

iv.     **Steps the parties have taken to avoid discovery disputes relating to electronic discovery; and**

The parties agree to act in good faith to facilitate the discovery of all relevant, properly requested, non-privileged, and properly discoverable ESI.

v.     **Steps the parties have taken to address claims of privilege or of protection as trial-preparation materials after production of computer-generated records.**

The parties will maintain electronically stored information that is relevant, but withheld due to privilege or trial-preparation (such as

documents shielded from discovery by the work product doctrine),

through trial and any appeals.

**Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have had settlement discussions and will continue to consider the possibility of settlement, including the potential use of ADR if appropriate.

7.    **CONSENT**

All parties <u>have not</u> consented to the exercise of jurisdiction of a magistrate judge.

8.    **DISCOVERY PLAN AND LIMITATIONS**

~~Statement by Defendants: Defendants anticipate filing either a Motion for Judgment on the Pleadings or a Motion to Dismiss, depending on whether Plaintiff files an Amended Complaint, as represented by Plaintiff's counsel, and when such Amended Complaint is filed Defendants will simultaneously file a Motion to Stay Discovery pursuant to *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 U.S. Dist. LEXIS 97388 at *4 (D. Colo. March 30, 2006) and its progeny. Defendants will confer with Plaintiff's counsel regarding its Motions as required by the Court's Practice Standards. If Defendants' Motion to Stay is denied, then Defendant agrees to the discovery plan and limitations set forth below. If Defendants' Motion to Stay is granted, then this Scheduling Order may need to be amended to reflect new dates.~~

**Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

~~The parties agree to the presumptive limit of~~ 10 depositions per side for ~~fact~~ discovery, *clarification –* ~~In addition, each side shall have the right to depose any named expert.~~

*plus the experts.*

30 Interrogatories Per side

11

~~Defendants propose the above limit not apply to depositions of opt-in Plaintiffs or class members.~~

~~Plaintiffs object to this position and believe any depositions of opt-In Plaintiffs, to the extent they are allowed at all, should be included in the agreed limit.~~

**Limitations which any party proposes on the length of depositions.**

Each deposition shall be limited to 7 hours.

**Limitations which any party proposes on the number of interrogatories, requests for production, and/or requests for admission.**

> 25 Request For Production of Documents

**Plaintiff:** ~~Plaintiff proposes that each party shall be entitled to serve~~ 40 interrogatories on

> and Request For Admission Per Side.

each other named party. ~~The parties otherwise propose no changes to the presumptive~~ limits.

~~**Defendants:** Defendant proposes that each side be entitled to serve 25 interrogatories, 25 requests for production, and 25 requests for admission prior to class and collective action certification. Defendant proposes to revisit the amount of written discovery if this matter is certified as a class and/or collective action.~~

**Limitations on the number of experts.**

> One Expert Per Side For The

**Plaintiff:** ~~Each party shall be entitled to 2 experts for class certification, 2 experts for~~

> Certification Issues.

~~merits, and a rebuttal expert for each expert named by an opposing party.~~

~~**Defendants:** Each party shall be entitled to 2 experts and 2 rebuttal experts.~~

9.    **CASE PLAN AND SCHEDULE**

**Deadline for Joinder of Parties and Amendment of Pleadings** August 26, 2016

~~**Plaintiff:** The deadline for the joinder of parties and amendment of pleadings shall be~~

12

~~August 26, 2016.~~

~~Notwithstanding the prior paragraph, the deadline for the joinder of parties and~~
~~amendment of pleadings is the fact discovery cut-off date if such amendment and joinder serves to~~
~~add opt-in plaintiffs or class representatives~~

**Defendant's:** ~~The deadline for the joinder of parties, not including opt-in plaintiffs, and~~
~~amendment of pleadings shall be July 1, 2016.~~

~~.  The deadline for opt-in plaintiffs will be set by the Court as part of the Court's approved~~
~~Notice, if any such Notice is necessary.~~

**Discovery Cut-off** *November 18, 2016*

~~Discovery shall end on June 30, 2017.~~

**Dispositive and Class Certification Motion Deadline** *December 16, 2016*

~~The deadline for Plaintiff to file the motion for FLSA collective certification shall be~~
~~September 2, 2016.~~

~~Plaintiff hopes to file for FLSA collective certification before that date. When Plaintiff~~
~~files, Plaintiff's counsel will work collaboratively with Defense counsel to submit a mutually~~
~~agreeable briefing schedule to the Court for approval.~~

~~The deadline for Plaintiff to file the motion for Rule 23 class certification shall be~~
~~December 16, 2016.~~

~~The deadline for Defendants to Respond to Plaintiff's Motion for Rule 23 class~~
~~certification shall be January 16, 2017.~~

~~The deadline for Plaintiff to file a Reply in Support of his Motion for Rule 23 class~~

13

~~certification shall be~~ ~~January 30, 2017.~~

~~The deadline for the parties to file dispositive motions shall be~~ ~~August 18, 2017.~~

**Expert Witness Disclosure**

Expert disclosures shall be due on ~~March 31, 2017.~~ September 16, 2016

Rebuttal expert disclosure shall be due ~~June 2, 2017.~~ October 17, 2016

~~Plaintiff's additional position:~~

~~Any affirmative experts used for class certification shall be disclosed 2 months prior to~~ ~~the class certification filing deadline, and any rebuttal experts shall be disclosed 1 month prior to~~ ~~the class certification filing deadline.~~

**Identification of Persons to Be Deposed**

As discovery progresses, the parties will identify the persons to be deposed and will work cooperatively together to appropriately schedule all depositions on dates on which both the deponent and counsel for all parties are available.

**Deadline for Interrogatories** Served by October 14, 2016

~~All interrogatories must be served no later than 33 days prior to the fact discovery cut-off.~~

**Deadline for Requests for Production of Documents and/or Admissions** Served by October 14, 2016

~~All~~ ~~requests for production of documents and requests for admission must be served no~~ ~~later than 33 days prior to the fact discovery cut-off.~~

## 10.    DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

14

a. *{Telephone}* Status conferences will be held in this case at the following dates and times: *August 29, 2016 At 10:00 Am. Update on Discovery, needs to Amend Scheduling Order*

b.      A final pretrial conference will be held in this case on _____ at _____

o'clock. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later

than seven (7) days before the final pretrial conference.   *None Set*

## 11.     OTHER SCHEDULING MATTERS

**Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement**

~~None other than those delineated above.~~   *None*

**Anticipated length of trial and whether trial is to the court or jury.**

The parties are unable to estimate trial length until classes and scope of the case are

determined.   —   *Premature At This Time*

**Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities a t 212   N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.**

None.

## 12.     NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.L.Civ.R. 6.1D. by submitting proof that a copy of the motion has been served upon

the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.L.Civ.R. 7.1A.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

**13.    AMENDMENTS TO SCHEDULING ORDER**

This scheduling order may only be amended upon a showing of good cause.

DATED at Denver, Colorado, this 22 day of June, 2016        .

BY THE COURT:

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

Approved:

*s/Alexander Hood*
Alexander Hood
TOWARDS JUSTICE
1535 High St., Suite 300
Denver, CO 80218
Tel.: 720-239-2606

16

Fax: 303-957-2289
Email: alex@towardsjustice.org


_s/ W.V. Bernie Siebert_
W.V. Bernie Siebert
633 Seventeenth Street, Suite 3000
Denver, CO  80202
Telephone:  (303) 297-2900
Email:  bsiebert@shermanhoward.com