**"IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00671-MSK-MJW

ISABEL VALVERDE; and those similarly situated,

Plaintiffs,

v.

XCLUSIVE STAFFING, INC; *ET AL.*,

Defendants.

---

## DEFENDANTS' MOTION TO STAY DISCOVERY

---

Defendants Xclusive Staffing, Inc., Xclusive Management, LLC d/b/a Xclusive Staffing, Xclusive Staffing of Colorado, LLC, (collectively, "Xclusive") Diane Astley, Omni Interlocken Company, LLC, Omni Hotels Management Corporation, and Marriott International, Inc., (collectively "Defendants") submit the following Motion to Stay pursuant to Fed. R. Civ. P. 26(c) ("Motion"):

### COMPLIANCE WITH D.C.COLO.L.Civ.R. 7.1 AND MSK CIV. PRACTICE STANDARD V.I.2.c.

On June 27, 2016, undersigned counsel for Defendants conferred with Plaintiff's counsel regarding the relief sought in this Motion. Plaintiff opposes this Motion.

### FACTUAL AND PROCEDURAL HISTORY

On March 22, 2016, Plaintiff Isabel Valverde, filed a Class and Collective Action Complaint ("Complaint") alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Fair Labor Standards Act ("FLSA"), various state wage laws,

breach of contract, and various claims in equity, including promissory estoppel and unjust enrichment. Comp., pp. 22-26, [Doc. 1]. Plaintiff asserts all of his claims on behalf of himself and "all others similarly situated" pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b). *Id.* Plaintiff's claims are against the Xclusive Defendants, as well as various hotel-clients of Xclusive. Comp., pp. 3-16, [Doc. 1]. On April 27, 2016, Plaintiff voluntarily dismissed all claims against Defendant Select Hotels Group, LLC d/b/a Hyatt House Denver Tech Center d/b/a Hyatt Place Denver Tech Center. *See* [Doc. 20]. On May 27, 2016, Defendants filed an Answer. [Doc. 36]. Plaintiff's Complaint fails to state a claim and must be dismissed.

Contemporaneous with filing this Motion, Defendants filed a Motion for Judgment on the Pleadings [Doc. 43] asking the Court to enter judgment in favor of Defendants on all claims and dismiss the Complaint with prejudice. In summary, Defendants argued Plaintiff's claims are improper as follows:

1. Plaintiff's RICO claim fails because (1) Plaintiff lacks standing to bring a RICO claim; (2) Plaintiff's RICO claim is preempted by the FLSA; and (3) Plaintiff cannot prove the elements of his RICO claim. With regard to the third insufficiency in Plaintiff's RICO claim, Plaintiff cannot demonstrate an appropriate enterprise, the Complaint fails to allege a racketeering activity, the Complaint fails to demonstrate that the Astley Enterprise made false representations, and Plaintiff cannot prove the Astley Enterprise used the mails or wires in furtherance of a fraudulent scheme.

2. Plaintiff's FLSA claim fails because Plaintiff neither alleges he worked more than 40 hours for which he was not properly compensated nor does he identify a given workweek in

2

which Xclusive failed to appropriately compensate him at 1.5 times his hourly rate. Moreover, Plaintiff fails to state a claim relating to deductions from employee paychecks.

3. Plaintiff's state wage claims fail because (1) Plaintiff lacks standing to bring claims pursuant to statutes in states he did not suffer any harm, and (2) the statutes do not support his claims. Defendants' argument that Plaintiff lacks standing to bring claims pursuant to statutes in states in which he did not suffer any injury is brought pursuant to Fed. R. Civ. P. 12(b)(1).

4. Finally, Plaintiff's breach of contract and quasi-contract claims fail as a matter of law because (1) Plaintiff's breach of contract and quasi-contract claims are preempted by the FLSA; (2) Xclusive's general statements about its intent to comply with the law are too vague to support Plaintiff's promissory estoppel claim; and (3) Plaintiff's unjust enrichment claims is barred by the existence of Plaintiff's employment agreement.

No amendment to the Complaint can cure most of the Complaint's deficiencies. On June 22, 2016, the parties attended a Scheduling Conference with the Court. On June 23, 2016, the Court entered a Scheduling Order regulating certification discovery in this matter. [Doc. 41]. The parties are currently scheduled for a status conference with the Court on August 29, 2016. [Doc. 40]. The Court should vacate the Scheduling Order and the status conference, and stay discovery in this matter pending resolution of Defendants' Motion for Judgment on the Pleadings because it seeks to dismiss the Complaint in its entirety and the relevant factors weigh in favor of dismissal.

# ARGUMENT

**A.     The Standard For A Stay In Discovery.**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Ermentraut v. State Farm Fire & Cas. Co.*, 14-cv-00061-RM-KLM, 2014 U.S. Dist. LEXIS 153052 at *2 (D. Colo. Oct. 29, 2014) (Mix, Mag. J.) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

A stay of all discovery is generally disfavored. *J. Lee Browning Belize Trust v. Aspen Mt. Condo. Ass'n*, 2014 U.S. Dist. LEXIS 91823 at *3 (D. Colo. July 7, 2014) (Watanabe, Mag. J.). "However, a court may decide that in a particular case it would be wise to stay discovery on the merits until certain challenges have been resolved." *Id.* (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2040, at 198 (3d ed. 2010)). For example, "a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Id.* at 3-4 (citing *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003)). "Subjecting a party to discovery when a motion to dismiss [] is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 U.S. Dist. LEXIS 97388 at *4 (D. Colo. March 30, 2006) (Coan, Mag. J.).

A stay is particularly appropriate, where, as here, the pending motion to dismiss places at issue the jurisdiction of the Court to hear the lawsuit. *See e.g. Braddock Financial Corp. v. Washington Mutual Bank*, 2008 U.S. Dist. LEXIS 55978 (D. Colo. May 30, 2008); *String Cheese Incident,* 2006 U.S. Dist. LEXIS 97388 at *2 ("subjecting a party to discovery when a

motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden and expense, particularly if the motion to dismiss is later granted"). In fact, courts from this district have concluded that stays are *favored* when a jurisdictional defense under Rule 12(b)(1) is asserted. *Weatherspoon v. Miller*, 2011 WL 1458935 at *2 (D. Colo. April 19, 2011). Although only a portion of the Motion for Judgment on the Pleadings is brought pursuant to Rule 12(b)(1), it still places the Court's jurisdiction to hear that portion of this matter at issue.

When considering a stay of discovery, the court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *J. Lee Browning Belize*, 13-cv-03519-RM-MJW, 2014 U.S. Dist. LEXIS 91823 at *4 (citing *String Cheese Incident*, 2006 U.S. Dist. LEXIS 97388 at *2).

**B.     The *String Cheese Incident* Factors Favor A Stay Of Discovery.**

Defendants' recognize Plaintiff's interest in proceeding expeditiously. However, burden of discovery to the parties outweighs any prejudice a stay may cause Plaintiffs. In *Harbinger Capital Partners LLC v. Ergen*, 2015 U.S. Dist. LEXIS 29089 at *2 (D. Colo. Mar. 10, 2015) (Tafoya, Mag. J.), the Court issued a stay even when plaintiff did not consent to the stay, noting that "proceeding will be wasteful if the District Judge grants the Motion to Dismiss." Here, because Defendants' Motion to Dismiss seeks to dismiss <u>all</u> claims, if the Court does not stay the proceedings, the parties will be forced to conduct discovery which may not otherwise be necessary.

Moreover, pre-certification discovery in this matter is likely to be extensive. Plaintiff has asserted class and collective action claims across the country and have indicated their expectation that the classes will include thousands of people. *See* Comp., para. 103 ("the classes are composed of well over 1000 persons . . . ."). It would be wasteful for the parties to undergo nationwide class discovery relating to claims which may be dismissed in their entirety. The propriety of a stay is further highlighted by the fact that many of Plaintiffs' claims are improper on their face. Indeed, as discussed in more detail in Defendants' Motion for Judgment on the Pleadings, many of Plaintiff's claims are preempted by the FLSA and other claims are barred because Plaintiff lacks standing. Under these circumstances, continuing with discovery is highly inequitable and would lead to the waste of the parties and the Court's resources. *See also Cepu Sakti Energy Pte, Ltd. v. Dejour Energy (USA) Corp.*, 2014 U.S. Dist. LEXIS 57283 at *4 (D. Colo., April 24, 2014) (Watanabe, Mag. J.) (considering *String Cheese* factors and noting that the second factor weighs in favor of a stay because "[d]efendants may be forced to conduct discovery which may not otherwise be necessary."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (internal quotation marks omitted) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.").

For these reasons, courts in the District of Colorado have regularly stayed discovery in class action cases when a dispositive motion is pending. For example, in an analogous case considering whether to stay discovery pending a motion to compel arbitration, the court stated,

> Second, while the ordinary burdens associated with litigating a case do not constitute an undue burden, the breadth of class action discovery implicated in

6

> this case if a stay were not granted would be a significantly elevated burden on Defendants. Altogether, it is in both parties' interests to save expenses while the initial determination of whether this case is subject to arbitration is considered by the district court.

*Grosvenor v. Qwest Commc'ns Int'l, Inc.*, 2010 WL 1413108 at *1 (D. Colo. Apr. 1, 2010) (internal citations omitted); *see also Ellis v. J.R.'s Country Stores, Inc.*, 2012 WL 6153513, at *2 (D. Colo. Dec. 11, 2012) (finding that "refusing to stay the case would cause Defendant to have to conduct potentially unnecessary discovery on the putative opt-in plaintiffs, who may very well not be similarly situated to Plaintiff."); *Edwards v. Zenimax Media, Inc.*, 2012 WL 1801981, at *3 (D. Colo. May 17, 2012) (unpublished) (in class-action case, finding that the burden of discovery weighed in favor of granting motion for stay where, due to a pending dispositive motion, "the requested discovery may ultimately be useless and a waste of the parties' time and resources"); *Stone v. Vail Resorts Dev. Co.*, 2010 WL 148278, at *2 (D. Colo. Jan.7, 2010) (granting a stay, in part, because discovery relating to class action claims brought by up to sixty-six individuals is likely to be significant); *Schmaltz v. Smithkline Beecham Corp.*, 2008 WL 3845260 at *1–2 (D. Colo. Aug. 15, 2008) (staying discovery as to class claims upon finding that Defendant "demonstrated that significant discovery may be necessary for class claims that would otherwise be irrelevant"). Similarly, here, it is in both parties' interests to stay discovery pending resolution of Defendants' Motion for Judgment on the Pleadings.

The third factor also weighs in favor of a stay. As another court in this district has previously stated, "[w]ith regard to the third factor, it is certainly more convenient for the Court to enter a stay while the parties make preliminary determinations regarding the basis of the litigation. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay." *Ermentraut*, 2014 U.S. Dist. LEXIS 153052 at *3. Similarly, here, the third factor

7

weighs in favor of a stay because it would be more convenient for the Court to stay this matter pending resolution of Defendants' Motion for Judgment on the Pleadings.  Initiating discovery may create the need for the Court to consider future motions or disputes concerning the proper scope and enforcement of potentially irrelevant discovery, including those related to the enforceability of Xclusive's Arbitration Agreement.  Moreover, proceeding with pre-certification discovery and subsequent certification procedures would unnecessarily divert judicial resources to the management of claims that will likely be dismissed.  *See Grosvenor*, 2010 WL 1413108 at *2 (D. Colo. Apr. 1, 2010) ("The court's time is not well-served by being involved in possible discovery motions and other incidents of discovery - particularly given the elevated supervisory role of a court in class action litigation - where, as here, a dispositive motion is pending.").

There are no nonparties with a significant particularized interest in this case and, therefore, the fourth factor does not weigh for or against a stay.  Finally, with regard to the fifth factor, the public has a general interest in the efficient and just resolution of this case, which favors a stay.  "Avoiding wasteful efforts by the Court and litigants serves this interest." *Ermentraut*, 2014 U.S. Dist. LEXIS 153052 at *3; *Harbinger*, 2015 U.S. Dist. LEXIS 29089 at *2 ("With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest.").  On the other hand, the public has no special interest that would weigh in favor of starting discovery.  Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

Because the weight of the *String Cheese Incident* factors counsel in favor of a stay, the Court should vacate the Scheduling Order and previously scheduled status conference, and stay

Active/43196919.1

all proceedings in this matter pending resolution of Defendants' Motion for Judgment on the Pleadings.

## **CONCLUSION**

Based on the foregoing, the Court should stay all proceedings in this matter pending resolution of Defendants' Motion for Judgment on the Pleadings.

Respectfully submitted this 28th day of June, 2016.

        SHERMAN & HOWARD L.L.C.

        *s/ Jonathon M. Watson*
        Jonathon M. Watson
        W.V. Bernie Siebert
        633 Seventeenth Street, Suite 3000
        Denver, CO  80202
        Telephone:  (303) 299-8286
        Email:  jwatson@shermanhoward.com
               bsiebert@shermanhoward.com

        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on this 28th day of June, 2016, I electronically filed the foregoing **DEFENDANTS' MOTION TO STAY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Alexander Hood, Esq.
Towards Justice
1535 High Street, Suite 300
Denver, CO 80218
Email:  alex@towardsjustice.org

*s/ Lynn Zola Howell*

10