**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 16-cv-00671-MSK-MJW

ISABEL VALVERDE; and those similarly situated

      Plaintiff,

v.

XCLUSIVE STAFFING, INC. *ET AL*.;

      Defendants.

---

**OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDATION THAT COURT DENY PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER, TO PROVIDE CORRECTIVE NOTICE, TO STRIKE ARBITRATION REQUIREMENT TRANSMITTED TO PUTATIVE CLASS MEMBERS, & FOR ATTORNEY'S FEES AND COSTS**

---

## I. BACKGROUND

Plaintiff filed this putative class action on March 22, 2016 to challenge, among other things, Defendants' policies of failing to pay their workers the wages they are owed under state and federal law. The motion at hand involves Defendant Xclusive Staffing, Inc.'s ("Xclusive's") efforts to obtain signed arbitration requirements from putative class members. Those arbitration requirements purport to force putative class members to surrender their right to participate in class actions, including (presumably) this litigation.

On May 24, 2016, Plaintiff filed a motion seeking, among other things, a protective order and an order from the Court deeming the arbitration requirements unenforceable at least to the extent that they force putative class members to waive their right to participate in this already-

1

filed class action. Dkt. No. 27. That motion relied on a declaration from a putative class member (Maria Sonia M. Simon) stating that in May 2016, an Xclusive employee told her that she had to sign a form in order to pick up her paycheck. Dkt. No. 27-1. That form turned out to be a "Mutual Arbitration Agreement." *Id.* Ms. Simon did not understand the form, but the Xclusive supervisor speaking to her about it explained that it meant that if "there was an accident on the job" Ms. Simon "would have to speak to [her] boss." *Id.* at ¶ 9. The Xclusive supervisor did not inform Ms. Simon that the form purported to waive her right to participate in this class action or any future class action or that it required her to bring her claims against Xclusive on an individual basis. Xclusive did not even inform Ms. Simon of the existence of this class action.

Plaintiff cited substantial legal authority supporting his motion for a protective order, or at least a determination that arbitration requirements Xclusive transmitted to putative class members after Plaintiff filed the litigation should not be enforceable against putative class members in this case.[1] Plaintiff also argued that the transmission of the arbitration requirements

---

[1] *See, e.g.*, *Billingsley v. Citi Trends, Inc.*, 560 F. App'x 914, 919 (11th Cir. 2014) (refusing to enforce agreements distributed after filing of a collective action under the FLSA); *Espinoza v. Galardi S. Enterprises, Inc.*, 2015 WL 9592535, at *3 (S.D. Fla. Dec. 31, 2015) (refusing to enforce arbitration agreements distributed during the pendency of an FLSA collective action); *Jimenez v. Menzies Aviation Inc*, 2015 WL 4914727, at *6 (N.D. Cal. Aug. 17, 2015) (refusing to compel arbitration of putative class members where new arbitration policy was disseminated during the pendency of the class action and noting that "[a]t best, . . . [the] new arbitration policy raises the specter of interference with the rights of . . . putative class members; at worst, it was a deliberate effort to undermine pending class litigation"); *Piekarski v. Amedisys Illinois*, LLC, 4 F. Supp. 3d 952, 956 (N.D. Ill. 2013) (refusing to enforce arbitration agreements distributed during the pendency of case); *Balasanyan v. Nordstrom*, 2012 WL 760566 (S.D. Cal. Mar. 8, 2012) (invalidating new arbitration agreement with a class waiver, distributed during pendency of a class action); *Williams v. Securitas Sec. Serv. USA, Inc.*, 2011 WL 2713741, at *2 (E.D. Pa. July 13, 2011) (same); *In re Currency Conversion Fee Antitrust Litigation*, 361 F.Supp.2d 237 (S.D.N.Y. 2005) (holding that an arbitration clause that a company tried to implement after a

after the filing of his Rule 23 action were improper under Rule 23 because they were an effort by Xclusive to unilaterally transform the Rule 23 opt-out class into an opt-in class. In other words, Rule 23 requires that putative class members be considered part of the putative class until they take affirmative action to opt-out of the class. But the arbitration agreements at issue required them to take affirmative action to remain part of the class—whether that be by not picking up their paychecks or terminating their employment relationship with Xclusive.

On June 17, 2016, Xclusive responded to Plaintiff's motion. Xclusive's opposition was mainly grounded in disputes of fact with Plaintiff about how it transmitted arbitration requirements to putative class members. Dkt. No. 38. For example, Xclusive submitted a declaration from a former employee who it asserts provided arbitration agreements to some putative class members. That former employee stated that she did not mislead putative class members about the nature of the arbitration requirements and never suggested that employees had to sign the arbitration requirements in order to obtain their paychecks. Dkt. No. 38-2. Xclusive also asserted that it sent arbitration agreements to putative class members as part of its ongoing efforts, beginning before Plaintiff's action was filed, to obtain signed class waivers and arbitration requirements from employees. Dkt. No. 38 at 6.

On June 20, 2016, the Magistrate Judge denied Plaintiff's motion "without prejudice." Dkt. No. 39. The one-line order did not provide any analysis of how the Magistrate Judge resolved the factual dispute related to Plaintiff's motion, how the Magistrate Judge's order could

---

lawsuit was filed was not enforceable, since the affected individuals were not informed of the case and how the arbitration provision would affect their rights in the case); *Carnegie v. H&R Block, Inc.*, 180 Misc. 2d 67, 70 (N.Y.S.C. Jan. 7, 1999) (refusing to enforce arbitration agreements signed by potential class members after the lawsuit was filed).

be squared with the cases cited in Plaintiff's motion, and what it meant to dismiss the motion "without prejudice" in that the motion calls on the Court's ongoing responsibility to supervise the class action under Rule 23(d), and therefore would be proper at any time in this case.

## II. ARGUMENT

The Magistrate Judge's recommendation is "clearly erroneous" and "contrary to law." Fed. R. Civ. P. 72(a). For the reasons described in Plaintiff's motion, Plaintiff should surely prevail on this motion if his version of events—set out in a declaration from a putative class member—is accurate. The only explanation for the Magistrate Judge's recommendation, therefore, is that he made credibility determinations based on dueling declarations, accepted Xclusive's account of how and when it transmitted arbitration requirements to putative class members, and rejected Plaintiff's factual account. If that is indeed how the Magistrate Judge resolved this matter, then the recommendation is clearly erroneous, and the Court should at the very least require the Magistrate Judge to make fact findings. *See, e.g.*, *Love v. Deal*, 5 F.3d 1406, 1409 (11th Cir. 1993) ("Although an evidentiary hearing is not always necessary, where there is a dispute of material historical fact an evidentiary hearing is required." (internal quotation marks and alterations omitted)).

But even if it were proper to reject Plaintiff's account based on declarations filed with Defendants' response, Plaintiff should still prevail on his motion. Xclusive insists that although it might not normally be allowed to transmit arbitration requirements to putative class members without disclosing that the requirement would prevent those class members from participating in a pending class action, it should be permitted to do so in this case, because it started forcing employees to enter into arbitration requirements as a condition of their employment before this

case was filed. In support of that argument, Xclusive does not identify any authority holding that arbitration agreements are necessarily valid as long as the defendant started transmitting at least some of those arbitration agreements before the lawsuit commenced. Moreover, Xclusive's contention is belied by the fact that the putative class member whom Xclusive asked to sign an arbitration requirement here had been working for Xclusive for many months before Xclusive asked her to waive her right to participate in class actions, Dkt. No. 27-1, suggesting that at the very least Xclusive accelerated efforts to obtain arbitration requirements after Plaintiff filed this putative class action.

Finally, the declaration supporting Defendants' response concedes that the arbitration agreements were distributed for signature when putative class members picked up their paychecks. Dkt. No. 38-2. While not confirming the paycheck-for-arbitration-agreement requirement attested to by Ms. Simon, even under Defendants' version of the facts, Xclusive demanded arbitration agreements from putative class members in an undisputedly coercive environment.

To the extent that the purposes of the arbitration policy are relevant to the Court's analysis, the Court should conduct fact-finding on this question.

### III.   CONCLUSION

For all of these reasons, the Court should reject the Magistrate Judge's recommendation and grant Plaintiff's motion or refer the matter to the Magistrate Judge for fact-finding.

Dated: 7/5/16

                                        Respectfully Submitted,
                                        <u>s/Alexander Hood</u>
                                        Alexander Hood
                                        David Seligman
                                        Towards Justice

                                                  1535 High Street, Suite 300
                                                  Denver, CO 80218
                                                  Tel.: 720-239-2606
                                                  Fax: 303-957-2289
                                                  Email: alex@towardsjustice.org
                                                                 david@towardsjustice.org

                                                Attorneys for Plaintiffs

## Certificate of Service

  I hereby certify that on 7/5/16, I served a true and correct copy of the forgoing on all parties that have appeared pursuant to F.R.C.P. 5.

                s/ Alexander Hood
                Alexander Hood