**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00671-MSK-MJW

ISABEL VALVERDE; and those similarly situated,

Plaintiffs,

v.

XCLUSIVE STAFFING, INC; *ET AL.*,

Defendants.

---

## PROTECTIVE ORDER ( Docket No 45-1 )

---

Upon showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of confidential and proprietary information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

EXHIBIT A

3.      Information designated "CONFIDENTIAL" shall be information that is (a) non-

public information about a past, present, ~~or potential~~ employee of Defendants or a subsidiary,

including personnel records, evaluations, compensation levels, databases, surveys, statistical

analyses, analyses of personnel practices, or other information incorporating or aggregating

information pertaining to individuals, (b) trade secrets or other non-public proprietary, strategic

or commercial information, data research of Defendants or one of more of their subsidiaries, and

(c) any information that implicates the common law and statutory privacy interests of Plaintiff or

Defendants, or its current or former employees or subsidiaries.

4.      CONFIDENTIAL   documents,   materials,   and/or   information   (collectively

"CONFIDENTIAL information") shall not, without consent of the party producing it or further

Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on

this case whose assistance is required by said attorneys in the preparation for trial,

at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for the entity parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to

the extent such disclosure is necessary for preparation, trial or other proceedings

in this case;

(e) the Court and its employees ("Court Personnel"), including in motions, pleadings,

and exhibits to motions or pleadings;

2

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5.     Prior to disclosure of CONFIDENTIAL information pursuant to Paragraph 4, the disclosing party shall advise the recipient that, pursuant to this order, he or she may not divulge such information to any other individual.

6.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within fifteen (15) days after notice by the court reporter of the completion of the transcript.

8.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate

3

motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.      If a party intends to file any CONFIDENTIAL information with the Court, or any pleadings, motions, or other papers filed with the Court contain such information, the filing party will move to restrict access to the information in accordance with D.C.COLO.L.CivR. 7.2. Where possible, only the portions of the filings containing CONFIDENTIAL information shall be filed with the Court under restriction.

10.      An inadvertent failure to designate CONFIDENTIAL information shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by written notification to the recipient upon discovery of the failure to designate.

11.      Within fifteen (15) business days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the recipient of CONFIDENTIAL information shall return to the producing party all such CONFIDENTIAL information, all copies of such information, and any documents incorporating such information. Alternatively, the recipient shall destroy all such materials and certify in writing that they have been destroyed.

4

*Confidential*

12.    All information disclosed through discovery in this litigation, ~~regardless of whether it is CONFIDENTIAL information~~, shall be used by the recipient solely for the prosecution or defense of the claims in this litigation, and shall not be used by the recipient in any other legal action, or for any business, commercial, competitive, personal, publicity, media or other purpose.  No recipient or other person to whom CONFIDENTIAL information is disclosed shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any CONFIDENTIAL information except as necessary for purposes of this litigation.

13.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 13TH day of July, 2016.

BY THE COURT:

_____

STIPULATED TO AND APPROVED BY:

SHERMAN & HOWARD L.L.C.

*s/ Jonathon M. Watson*
Jonathon M. Watson
W.V. Bernie Siebert
633 Seventeenth Street, Suite 3000
Denver, CO  80202
Telephone:  (303) 299-8286
Email:  jwatson@shermanhoward.com
        bsiebert@shermanhoward.com

*Attorneys for Defendants*

5

Active/43217136.1