**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00671-RM-MJW

ISABEL VALVERDE;
MARIA SONIA MICOL SIMON; and those similarly situated,

Plaintiffs,

v.

XCLUSIVE STAFFING, INC; *ET AL.*,

Defendants.

---

## DEFENDANTS' MOTION TO COMPEL ARBITRATION

---

Defendants Xclusive Staffing, Inc., Xclusive Management, LLC d/b/a Xclusive Staffing, Xclusive Staffing of Colorado, LLC, (collectively, "Xclusive") Diane Astley, Omni Interlocken Company, LLC, Omni Hotels Management Corporation, Marriott International, Inc., (collectively "Defendants") submit the following Motion to Compel Arbitration as to Plaintiff Simon only ("Motion"), pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*.

### COMPLIANCE WITH D.C.COLO.L.Civ.R. 7.1(a)

On August 2, 2016, pursuant to D.C.COLO.L.Civ.R. 7.1(a), undersigned counsel for Defendants conferred with Plaintiffs' counsel regarding the relief sought in this Motion. Plaintiffs' counsel opposes this Motion.

## FACTUAL AND PROCEDURAL HISTORY

On July 22, 2016, Plaintiffs filed an Amended Complaint, which, among other things, added one plaintiff, Maria Sonia Micol Simon ("Plaintiff Simon").  Amended Compl. [Doc. 52]. Plaintiffs allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Fair Labor Standards Act ("FLSA"), various state wage laws, breach of contract, and various claims in equity, including promissory estoppel and unjust enrichment.  *Id.*  Plaintiffs assert all claims on behalf of themselves and "all others similarly situated" pursuant to FED. R. CIV. P. 23 and 29 U.S.C. § 216(b).  *Id.*

On May 9, 2016, Plaintiff Simon signed a Mutual Arbitration Agreement, attached hereto as ***Exhibit A***[1] ("Arbitration Agreement"), that applies to all of Plaintiff Simon's claims raised in the Amended Complaint and requires her claims to be arbitrated.  The Arbitration Agreement begins with Plaintiff Simon affirming the following:

> I understand and acknowledge that by agreeing to resolve all claims exclusively through arbitration except as otherwise provided in this Agreement, BOTH COMPANY AND I ARE GIVING UP AND WAIVING THE RIGHT TO INITIATE, PROSECUTE, AND/OR DEFEND ANY AND ALL LAWSUITS AND ACTIONS IN THE COURTS AND BEFORE ADMINISTRATIVE AGENCIES THAT ARE IN ANY WAY RELATED TO ANY CLAIM COVERED BY THIS AGREEMENT (OTHER THAN ADMINISTRATIVE CHARGES OF EMPLOYMENT DISCRMINATION TO THE EXTENT REQUIRED BY LAW) AND ARE GIVING UP AND WAIVING ANY RIGHT TO TRIAL BY JURY.

*Id.* at 1 (emphasis in original).

---

[1] Plaintiff Simon signed a version of the Arbitration Agreement written in Spanish.  A copy of the agreement she signed is attached hereto as ***Exhibit B***.  For purposes of this Motion, however, Defendants cite and quote the English version of the Arbitration Agreement, attached as Exhibit A.

The Arbitration Agreement requires arbitration of "all disputes, claims, or controversies ('claims'), past, present, or future, whether or not arising out of [Plaintiff Simon's] employment or its termination." *Id.* Specifically, the claims covered by the Arbitration Agreement include, but are not limited to, "claims for wages or other compensation" and "claims for violation of common law or of any other federal, state, or other governmental law." *Id.* The Arbitration Agreement also mandates that such disputes be "arbitrated on an individual basis" and not in a "class, collective, or representative proceeding." *Id.* "The arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation" of the Arbitration Agreement. *Id.* at 2.

## ARGUMENT

**A.     Standard For Compelling Arbitration.**

This Motion to compel arbitration of Plaintiff Simon's claims is governed by the Federal Arbitration Act ("FAA").[2] The FAA requires a federal court to stay proceedings and compel arbitration of a plaintiff's claims where such claims are covered by a valid arbitration agreement. 9 U.S.C. §§ 2–4 (2016). Specifically, Section 2 of the FAA states the following:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

*Id.*[3] Section 3 of the FAA provides:

---

[2] The Arbitration Agreement specifically states that "the Federal Arbitration Act shall govern the interpretation, enforcement, and all proceedings pursuant to this Agreement." *See* Ex. A at 1.

[3] There is no question the FAA applies to the Arbitration Agreement here; the Agreement is "in writing" and is "a contract evidencing a transaction involving commerce." *See Lewis v. Circuit City Stores, Inc.*, 500 F.3d 1140, 1145 n.6 (10th Cir. 2007) (noting "the Supreme Court has

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition [the court] . . . for an order directing that such arbitration proceed."  9 U.S.C. § 4.

The FAA "manifests a 'liberal federal policy favoring arbitration.'"  *Comanche Indian Tribe of Okla. v. 49, L.L.C.*, 391 F.3d 1129, 1131 (10th Cir. 2004) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991)).  In fact, "[i]f a contract contains an arbitration clause, a presumption of arbitrability arises, particularly if the clause in question contains . . . broad and sweeping language."  *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995) (*citing AT&T Technologies Inc., v. Commc'n Workers of Am.*, 475 U.S. 643, 650 (1986)).  Thus, when presented with a motion to compel arbitration pursuant to the terms of the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in the favor or arbitration"  *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983).

---

determined that the FAA applies to agreements to arbitrate employment disputes") (*citing Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001)).

**B.      Plaintiff Simon's Claims Must be Arbitrated Pursuant to the Terms of the Arbitration Agreement and the Requirements of the FAA.**

The Arbitration Agreement provides that "either party to this Agreement may bring an action in a court of competent jurisdiction to compel arbitration under this Agreement." Ex. A at 1. Because Plaintiff Simon failed to pursue her claims through arbitration, Defendants seek an order from the Court "directing that such arbitration proceed." 9 U.S.C. § 4.

The Arbitration Agreement contains a broad agreement to arbitrate "all disputes, claims, or controversies" asserted by Plaintiff Simon against Defendants, with certain limited exceptions not applicable to this case. Ex. A at 1. This broad arbitration provision raises a strong presumption in favor of arbitration, a presumption that is only strengthened by other provisions in the Arbitration Agreement: "The claims covered by this Agreement include, but are not limited to, claims for wages or other compensation . . . and claims for violation of common law or of any other federal, state, or other governmental law." *Id.*

Plaintiff Simon cannot present any argument or evidence that allows the Court to find "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Aguirre*, 45 F.3d at 1462. As a result, the Court should require Plaintiff Simon to arbitrate all claims against Defendants in accordance with the terms of the Arbitration Agreement.

## CONCLUSION

For all the foregoing reasons, Defendants request that this Motion be granted in its entirety.

Respectfully submitted this 8th day of August, 2016.

                    SHERMAN & HOWARD L.L.C.

                    *s/ Jonathon M. Watson*
                    Jonathon M. Watson
                    W.V. Bernie Siebert
                    633 Seventeenth Street, Suite 3000
                    Denver, CO  80202
                    Tel:  (303) 299-8286
                    jwatson@shermanhoward.com
                    bsiebert@shermanhoward.com

                    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 8th day of August, 2016, I electronically filed the foregoing **DEFENDANTS' MOTION TO COMPEL ARBITRATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Alexander Hood, Esq.
Towards Justice
1535 High Street, Suite 300
Denver, CO 80218
alex@towardsjustice.org

                    *s/ Lynn Zola Howell*