UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-cv-00671-RM-MJW

ISABEL VALVERDE, *ET AL.,*
    Plaintiffs,
v.

XCLUSIVE STAFFING, INC., *ET AL.*,
    Defendants.

**RESPONSE TO DEFENDANTS' MOTION TO STAY**

Defendants' motion for a complete stay of discovery [ECF Doc. No. 67] evinces a clear lack of interest in a compromise position—Plaintiffs offered to consider limiting discovery pending the resolution of the motion to dismiss and remain open to a pressing for a middle road. Defendants' position represents a stalling tactic designed to slow the progress on claims and matters against which Defendants potentially do not even have a good-faith basis for a motion to dismiss.

Although Plaintiffs remain open to compromise, to be reached possibly with the assistance of the Court, Defendants' broad motion for a stay should be denied.

I.    ANALYSIS

**A.** **Standard for Motion for a Protective Order to Stay Discovery**

In this Circuit, there is a "strong presumption against stays." *Ind v. Rusher*, 2012 WL 5389823, at *2 (D. Colo. Nov. 5, 2012). And in the ordinary case, "[t]his District generally disfavors stays of discovery." *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009).

1

As Defendants also note, in deciding whether the party moving for a stay has overcome the presumption against a stay, courts consider the five "*String Cheese*" factors related as to the factors related to a stay. These factors are:

> (1) Plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) ("*String Cheese*").

The movant should not be granted a stay based only on generalized assertions that "discovery may burden the individuals involved in th[e] action." *Kaufman v. Univ. of Colorado*, 2015 WL 4748987, at *2 (D. Colo. Aug. 12, 2015). After all, "[s]uch is always the case for witnesses in civil litigation." *Id.* Rather, to demonstrate that a stay is necessary, the movant must establish that the *String Cheese* factors are satisfied based on "particularized facts that demonstrate there will be a clearly defined and serious harm associated with moving forward with discovery." *Id.*

**B. <u>Application</u>**

This Court has already limited discovery in the first phase of the litigation to class issues. *See* ECF Doc. 41 ("Scheduling Order for Class Certification Only"). In the spirit of compromise, Plaintiffs are willing to further limit discovery in order to achieve some level of efficiency while the pending motions are determined. However, a complete halt to all discovery pending lengthy motion practice on Defendants' motions is contrary to the law and the efficiency considerations that underpin the Federal Rules of Civil Procedure.

Defendants essentially argue that because they are going to win their motions they should not be burdened with discovery in the interim. *See, e.g.,* Motion at 6 ("because Defendants' Motion to Dismiss seeks to dismiss all claims, if the Court does not stay the proceedings, the parties will be forced to conduct discovery which may not otherwise be necessary.")  This logic is circular, would mean that a stay should be granted in **every** case where these motions are filed, and is contrary to Federal Rule of Civil Procedure 1's promise of a "**speedy** … determination of every action and proceeding."  Not only have Defendants not overcome the presumption **against a stay**, all of the *String Cheese* factors militate **against the stay.**

First, Plaintiffs have a strong interest in proceeding expeditiously with this civil action and that is in the interests of persons not yet parties to this litigation, such as the unnamed class members. Plaintiffs themselves, and many of the class members are poor, transient, unorganized, low-wage workers. Thus stalling is a great strategy for Defendants because the task of identifying potential class members and tracking down witnesses will become more difficult with the passage of time.

Second, while Defendants like to make characterizations to the contrary, discovery in this case is not onerous—Plaintiffs' claims are largely based on a limited body of discovery that evidences the repeated wage and hour violations and frauds engaged in by Defendants. Moreover, Defendants indicated at the scheduling conference that the relevant documents are largely electronic and thus easily accessible. Finally, discovery is already limited to class discovery and Defendants have already indicated they will fight any pre-certification discovery into the individuals in the putative classes. That leaves discovery into the corporate policies that underpin the class and FLSA collective claims. There is no reason why at least that discovery

cannot proceed.

Third, proceeding to discovery is convenient to the Court and is in the public interest. In particular, in light of Judge Moore's referral of Defendants' motion to dismiss to Magistrate Judge Watanabe, the procedural posture of this case is now such that the parties—regardless of Magistrate Judge Watanabe's resolution of the case—will engage in two extensive rounds of briefing not only on the motion to dismiss, but also the objection to that motion, and will then need to wait for Judge Moore to reach an ultimate resolution on the motion.

Defendants resist this conclusion by first highlighting their perceptions of the deficiencies with Plaintiffs' RICO Claims. In short, they suggest, given their arguments in the motion to dismiss **only the RICO** claims, a broad stay of discovery on **all claims** must be granted. In pressing these arguments, they fail to even articulate a reason why discovery of the wage-and-hour claims cannot proceed. *See, e.g.*, Motion at 5 (discussing only the 12(b)(1) motion to dismiss the RICO claim); id. at 7 (reiterating arguments about how FLSA preempts the RICO claim).

The Court should not credit this sleight of hand and grant a broad-based stay of the wage-and-hour claims. As Plaintiffs describe in their Response to the Motion to Dismiss, filed contemporaneously with this Response, Defendants' arguments in favor of dismissing the non-RICO claims rely largely on flatly ignoring large portions of Plaintiffs' Complaint.

Defendants' other tactic is to argue that discovery should be stayed in light of the possible preclusion of some class members because of the existence of arbitration agreements. *See, e.g.,* Motion at 8-9. The exact opposite is true. First, Defendants argument to the Court is deceitful because it implies that the entire case would end if the motion were successful. That is

undisputedly **not true.** Defendants' motion to compel arbitration would not completely end this case because it is undisputed that at least some of the class—like Plaintiff Valverde—never signed any arbitration agreement. Because Discovery into the policies underpinning the class action would be the same regardless of whether some of the class is removed to arbitration, it is hard to see how this is a basis for any stay.

Moreover, for the reasons described in Plaintiff's Response to Defendants' Motion to Compel Arbitration, discovery may ultimately be necessary on the question whether Plaintiff Simon has entered into an arbitration agreement with Xclusive. The Federal Arbitration Act provides that "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 3. As Ms. Simon argues in her response, there is at the very least a factual question requiring discovery and factfinding regarding whether Ms. Simon entered into an agreement to arbitrate.

**CONCLUSION**

For the forgoing reasons, Defendants' motion should be denied.

Respectfully Submitted,

s/Alexander Hood
Alexander Hood
David Seligman
Towards Justice
1535 High St., Suite 300
Denver, CO 80218
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

Attorney for Plaintiffs

## Certificate of Service

I hereby certify that on 9/1/2016, I served a true and correct copy of the forgoing on all parties that have appeared pursuant to F.R.C.P. 5.

                                               s/Alexander Hood  
                                               Alexander Hood