# Exhibit A

# WHISARD Compliance Action Report

## U.S. Department of Labor
### Wage and Hour Division

| | | | |
|---|---|---|---|
| Case ID: | 1638356 | Originating District: | *Dallas TX District Office* |
| Local Filing Number: | 2012-167-12560 | Investigating District: | *Dallas TX District Office* |
| WHMIS Case Number: | | Lead Investigator: | **Ex 7c** |
| Registration Date: | 11/30/2011 | | |
| Assignment Date: | 11/30/2011 | | |

### Employer Information

| | | | |
|---|---|---|---|
| Trade Name: | *Xclusive Staffing* | Legal Name: | *Xclusive Staffing of Texas, LLC* |
| Address: | *8721 Turnpike Drive* | EIN: | **Ex 4** |
| | | County: | *Adams* |
| | | NAICS Code: | *561320* |
| | *Westminster, CO 80031* | No. Of Employees: | **Ex 4** |

### Investigation Information

| | | | | |
|---|---|---|---|---|
| Period Investigated From: | 05/01/2011 | | BNPI: | |
| To: | 10/09/2011 | | Reinvestigation: | ☐ |
| Investigation Type: | **Ex 7e** | | Recurring Violation: | ☐ |
| Investigation Tool: | *Limited Investigation* | | Future Compliance Agreed: | ☒ |
| Compliance Status: | *Agree to Comply* | | Involved in AG: | ☐ |

### Recommended Action:

**Ex 5**

| Violation / Compliance Status | Violations | EEs | ATPBWs Computed | BWs Agreed | LDs Computed | LDs Agreed | CMPs* |
|---|---|---|---|---|---|---|---|
| *No Violation found for this act / Compliance (no violations found)* | | | | | $0.00 | $0.00 | |
| CL    Totals: | 0 | 0 | $0.00 | $0.00 | $0.00 | $0.00 | |

Date: 02/17/2015 2:49:32 PM          Case ID: 1638356          Page 1

## WHISARD Compliance Action Report

| Violation / Compliance Status | Violations | EEs ATP | BWs Computed | BWs Agreed | LDs Computed | LDs Agreed | CMPs* |
|---|---|---|---|---|---|---|---|
| Failure to pay Minimum Wage / Agree to Comply | 6 | 6 | $230.45 | $230.45 | $0.00 | $0.00 | |
| Failure to pay proper overtime / Agree to Comply | 1 | 1 | $9.18 | $9.18 | $0.00 | $0.00 | |
| Failure to keep accurate records / Agree to Comply | 1 | 0 | $0.00 | $0.00 | $0.00 | $0.00 | |
| FLSA Totals: | 6 | 6 | $239.63 | $239.63 | $0.00 | $0.00 | |
| Total Violations Under FLSA : | 8 | | | | | | $0.00 |

*CMPs computed do not necessarily indicate CMPs assessed.

| | | | |
|---|---|---|---|
| Unduplicated Employees Found: | 6 | Unduplicated Employees Agreed: | 6 |
| Total Amount BWs Computed: | $239.63 | Total Amount BWs Agreed: | $239.63 |
| Total Amount LDs Computed: | $0.00 | Total Amount LDs Agreed: | $0.00 |

### Conclusions & Recommendations:

HRS: 27  Ent Cov. Sec 6: Improper deductions, Sec 7: 1/2T for one piece rate ee (isolated); Sec 11: records did not reflect MW & OT. ER Diane Astley ATP $230.45 (sec 6) to 6 ees and $9.18 (sec 7) to 1 ee by 3/2/12. ER ATFC. Pubs: 101, HRG, 1325, 1297, 531 and 541. ▮▮▮▮▮▮▮▮▮▮▮

WHI Signature: _____     Date: 02/27/2012

Reviewed By: _____     Date: _____

Xclusive Staffing Case ID: 1638356

Xclusive Staffing of Texas, LLC
1501 Gaylord Trail
Grapevine, TX 76051
(303) 430-1700

Case ID: 1638356
FEIN: ▓▓▓▓▓

## FLSA NARRATIVE REPORT

### COVERAGE

The subject firm is a Limited Liability Company. The corporate location is under Hospitality Staffing Services LTD dba Xclusive Staffing, Inc and is a Corporation. Diane Astley is the owner and Sharon Black is the CFO. They are both 3(d) employers because they are involved in the daily operations of the company. The firm provides "back of the house" services to hotels and convention centers. The investigation was initially limited primarily to housekeeping work performed for the Gaylord Resort Hotel and Convention Center. The approximate annual dollar volume (ADV) for the last two years is as follows: ▓▓▓▓▓
▓▓▓ (see Exhibits C-1a and C-2)
The firm routinely faxes/emails timesheets and new-hire paperwork from branch offices (located in other states) to the Corporate office and the Corporate office sends payroll checks by FedEx to the branch offices weekly. (see Exhibit C-1a). The subject firm is a 3(s)(1) enterprise because it exceeds the minimum ADV requirement. (see Exhibit C-1a).

**Period of Investigation:** From 5/1/11 – 10/9/11
*This investigation was limited to work performed at the Gaylord Texan Establishment located in Grapevine, Texas.

**Corporate Address:**
8721 Turnpike Dr
Westminster, CO 80031

**Point Of Contact:**
Diane Astley
(214) 329-5847

**MODO:** The establishment is located in Grapevine, Texas. The MODO is the Denver DO (see Exhibit C-1a and C-0). The MODO instructions are ▓▓▓▓▓


**Joint Employment:** There is joint employment with the Gaylord Texan. Xclusive Staffing employees are required to

Xclusive Staffing Case ID: 1638356

attend a daily meeting run by Gaylord employees. Employees of Gaylord instruct them on their assignments for the day. Work performed by Xclusive Staffing employees is on the property of the Gaylord Texan and directly benefits the Gaylord Texan.

**EXEMPTIONS**

**Section 13(a)(1):** The employer claimed one individual as exempt.

Local Manager ▓▓▓▓ earns approximately ▓▓▓▓ and managed the ▓ employees at the Gaylord Texan, in addition to other employees. Her primary duty is supervision of these employees and maintenance of the client accounts.

**STATUS OF COMPLIANCE**

**History:**
- No local history
- Conciliation in Albuquerque and 2 ▓▓▓▓ cases in San Antonio.

**Reason for Investigation:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓/Gaylord Texan Hotel. This employer is a subcontractor for the Gaylord Texan. (See Case ID: 1629736)

**Section 6:**

The employer paid employees a piece rate ("by the room") for a short period of time. The employees earned less than the minimum wage, however, the employer realized this and made the correct prior to WHD involvement. The employer deducted $3.00 per paycheck as a processing fee and made other deductions for things such as uniforms, name badges and background checks.

Computations: The computation used to calculate the minimum wage violation was as follows:

Maximum Allowed Deduction = (Rate of Pay - $7.25) * hours worked up to 40

Deduction taken – Maximum Allowed Deduction = minimum wage due

6 employees due $230.45.

**Section 7 – Overtime**

The employer failed to compensate one employee for half time during one week. The employee was paid by the

Page 2

Xclusive Staffing Case ID: 1638356

room.

**Computations:** The computation used to calculate the overtime violation was as follows:

[REDACTED Ex 7c] (see Exhibit A-1b).

**Section 11 - Record-keeping**

The firm failed to keep accurate records
They failed to pay minimum wage and overtime on the records.

**Section 12 - Child Labor**

No child labor violations were found

**DISPOSITION**

The investigator held a final conference on 2/21/2012 with the owner, Diane Astley and CFO Sharen Black. The investigator explained individual coverage, 3(s)(1)(A) enterprise coverage, and all applicable requirements. The investigator explained that enterprise coverage did exist. Ms. Astley stated that she understood enterprise coverage.

WHI [REDACTED] explained that deductions could not bring an employee's pay below the minimum wage. Ms. Astley stated she understood and would ensure this did not happen again. Ms. Astley stated that the Gaylord Texan asked them to pay by the room and that was the only reason the employees earned minimum wage.

WHI [REDACTED] informed Ms. Astley that she is required to pay her piece rate employees extra half time for hours worked over 40 per week. Ms. Astley stated that this was an oversight and agreed to comply in the future.

WHI [REDACTED] informed Ms. Astley that she is required to keep an accurate record of hours worked for employees. She agreed to comply in the future by ensuring that any deductions do not bring an employee below the minimum wage.

WHI [REDACTED] generally explained the child labor regulations for any future minors that may be hired.

WHI [REDACTED] explained that civil money penalties are possible for willful violations and that any investigation may result in their imposition.

WHI [REDACTED] explained that some employees alleged off the clock work. Ms. Astley agreed to make sure employees were paid for all hours worked.

Xclusive Staffing Case ID: 1638356

**Publications:**

The following publications were mailed to the employer on 2/24/12: HRG, 102, 1297, 531, 541 and 1325.

**Recommendations:**

████████████████████████████████████████████████ It is not recommended that CMPs be imposed because the violation was not willful and the San Antonio cases are "no violation" cases. During the investigative period (prior to WHD involvement), the Texas Workforce Commission required the employer to pay minimum wage and overtime to one employee who was paid by the room. The employer immediately corrected the mistake for all employees even though the contract with Gaylord ended.

████████
Wage Hour Investigator
2/27/2012