## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00671-RM-MJW

ISABEL VALVERDE;
MARIA SONIA MICOL SIMON; and those similarly situated,

Plaintiffs,

v.

XCLUSIVE STAFFING, INC; *ET AL.*,

Defendants.

---

## DEFENDANTS' MOTION FOR SANCTIONS

---

Defendants Xclusive Staffing, Inc., Xclusive Management, LLC d/b/a Xclusive Staffing, Xclusive Staffing of Colorado, LLC (collectively, "Xclusive"), Diane Astley, Omni Interlocken Company, LLC, Omni Hotels Management Corporation, Marriott International, Inc., JMIR DTC Operator, LLC (collectively, "Defendants") submit this Motion for Sanctions:

### CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1

On November 4, 2016, Defendants' counsel conferred with Plaintiffs' counsel regarding this Motion.  Plaintiffs' counsel opposes this Motion.

### INTRODUCTION

On July 13, 2016, the Court entered a Protective Order protecting all "confidential" information from disclosure as that term is defined in the Order.  Protective Order, para. 9, [Doc. 51].  Pursuant to the Protective Order, the party filing the confidential information is

Active/44035727.1

responsible for moving to restrict access to the confidential information in accordance with D.C.COLO.L.Civ.R. 7.2. *Id.*

On August 8, 2016, Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) ("Motion to Dismiss"). [Doc. 65]. On September 1, 2016, Plaintiffs filed their Response to Defendants' Motion to Dismiss ("Response") and filed, in a manner that complied with the Protective Order, an exhibit to the Response that contained confidential information. [Doc. 91; 91-1]. Because the Response referred to the restricted exhibit and Plaintiffs' counsel was "unaware of a way to partially restrict a document on ECF," Plaintiffs filed a Motion to Restrict their entire Response ("Motion to Restrict"). [Doc. 101].

On October 25, 2016, the Court denied Plaintiffs' Motion to Restrict and directed Plaintiffs to "file with the Court a redacted version of Docket No. 91 that can be docketed publicly or a supplement to the instant motion (Docket No. 101) explaining why restriction is necessary and what level of restriction is appropriate by **October 31, 2016**" ("Minute Order"). [Doc. 120]. Plaintiffs have failed to comply with the Court's Minute Order.

On November 3, 2016, the Court held a status conference. During that conference, Defendants' counsel raised Plaintiffs' non-compliance with the Protective Order and the Court's Minute Order. The Court noted that if Defendants believed Plaintiffs violated the Protective Order or the Court's Minute Order, Defendant should file a motion for sanctions. Defendants stated that they would do so.

Following the status conference, Plaintiffs' counsel reached out to Defendants' counsel and indicated they would file a more appropriately redacted version of their Response that complied with the Local Rules and the Court's Order. In subsequent email communications

2

from Plaintiffs, however, they reversed their position and concluded there was nothing in the Response that needed to be filed with restricted access.  Defendants' counsel responded by explaining that any portions of the Response which quote and summarize the confidential exhibit, should be filed with restricted access.  Plaintiffs insisted there were no portions of the Response that quoted or summarized confidential information.  Plaintiffs also directed Defendants to "either point [them] to portions [Defendants] would like redacted or return a draft [of the Response] with the portions redacted that [Defendants] want redacted."

On November 4, 2016, Plaintiffs' sent Defendants' counsel a copy of the Response with the entirety of page 22 redacted and conferred regarding a second motion for restricted access.  Plaintiffs' proposed redactions in that version continued to fall short of complying with the Protective Order or the Court's Minute Order.

Plaintiffs still have not filed an appropriately redacted version of the Response pursuant to the Protective Order and the Court's Minute Order.  As such, Defendants request that the Court direct Plaintiffs to comply with the Minute Order and sanction Plaintiffs for failure to timely comply with the Protective Order and the Court's Minute Order.

## **ARGUMENT**

The U.S. Supreme Court has noted that there is a common law right to access judicial records. *Nixon v. Warner Commc'ns, Inc*. 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978).  As such, there is a presumption that the public should have access to documents in the judicial process. *See United States v. McVeigh,* 199 F.3d 806, 811 (10th Cir. 1997).  This presumption may be overcome if a party shows its interest in keeping confidential information contained in a document filed with the court outweighs the public's right of access. *Id.*  To this

end, the U.S. District Court for the District of Colorado has adopted D.C.COLO.LCivR 7.2. This Rule ensures "the public shall have access to all documents filed with the court and all court proceedings" unless the party seeking to restrict access to the document overcomes the common law presumption of public access of such documents.  D.C.COLO.LCivR 7.2 (a, c).

The U.S. District of Colorado has denied parties' motions to restrict access to documents when parties fail to bear the burden established by Local Rule 7.2.  *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 640 (D. Colo. 2010); *Gen. Steel Domestic Sales, LLC v. Chumley*, 129 F. Supp. 3d 1158, 1189 (D. Colo. 2015).  In at least one case, a court in this district has denied parties' motions to "restrict access to the entirety of a party's motion, response, or reply" and, instead, directed the parties to file redacted versions of a motion, response or reply that conceal confidential information.  *W. Convenience Stores, Inc. v. Suncor Energy*, 970 F. Supp. 2d 1162, 1191-93 (D. Colo. 2013).  This approach allows the public to consider independently the reasoning of a court's decision, while protecting appropriately confidential information.  *Id.*

Consistent with prior cases in this jurisdiction, the Court denied Plaintiffs' Motion to Restrict and directed Plaintiffs to redact sections of their Response in order to make the Response available in the public record.  *See* [Doc 120].  Plaintiffs' failure to comply with this Court's Minute Order shows a disregard for the public's common law right to access judicial records, a right recognized by the Supreme Court and D.C.COLO.L.Civ.R. 7.2.

District courts have the authority to regulate a party's practice in accordance with local rules.  Fed. R. Civ. P. 83.  Courts have inherent authority to enforce compliance with local rules and their lawful orders.  *See, e.g. Martinez v. Thrifty Drug & Disc. Co.*, 593 F.2d 992 (10th Cir.

4

1979) (affirming a district court's enforcement of a local rule); *In re Rivermeadows Associates, Ltd.*, 205 B.R. 264, 267 (B.A.P. 10th Cir. 1997) (same).

Because Plaintiffs have not filed an appropriately redacted Response, they have not complied with D.C.COLO.LCivR 7.2 or the Protective Order.  As such, Plaintiffs have violated the Protective Order and the Court's Protective Order.  The Court should direct Plaintiffs to comply with the Minute Order and sanction Plaintiffs for failing to timely comply with the Protective Order, as well as the Minute Order.

Respectfully submitted this 4th day of November, 2016.

SHERMAN & HOWARD L.L.C.

*s/Jonathon M. Watson*_____
Jonathon M. Watson
W.V. Bernie Siebert
633 Seventeenth Street, Suite 3000
Denver, CO  80202
Telephone:  (303) 299-8286
Email:  jwatson@shermanhoward.com
            bsiebert@shermanhoward.com

*Attorneys for Defendants*

5

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on this 4th day of November, 2016, I electronically filed the foregoing **DEFENDANTS' MOTION FOR SANCTIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Alexander Hood, Esq.
David Seligman, Esq.
Towards Justice
1535 High Street, Suite 300
Denver, CO 80218
Email: alex@towardsjustice.org
         david@towardsjustice.org

Lisa Hogan Esq.
Martine Wells, Esq.
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202
Email: lhogan@bhfs.com
         mwells@bhfs.com

*s/ Lynn Zola Howell*

Active/44035727.1