**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 16-cv-00671-RM-MJW

ISABEL VALVERDE;
MARIA SONIA MICOL SIMON; and those similarly situated

      Plaintiffs,

v.

XCLUSIVE STAFFING, INC.;
XCLUSIVE MANAGEMENT, LLC D.B.A. XCLUSIVE STAFFING;
XCLUSIVE STAFFING OF COLORADO, LLC;
DIANE ASTLEY;
OMNI INTERLOCKEN COMPANY, L.L.C.;
OMNI HOTELS MANAGEMENT CORPORATION;
JMIR DTC OPERATOR LLC;
MARRIOTT INTERNATIONAL, INC.; and
HCA-HEALTHONE LLC D.B.A. SKY RIDGE MEDICAL CENTER

      Defendants.

---

**JOINT MOTION FOR PRELIMINARY APPROVAL OF PROPOSED**
**CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT BETWEEN**
**PLAINTIFF SIMON AND DEFENDANT HCA-HEALTHONE LLC**

---

Plaintiff Maria Sonia Micol Simon ("Plaintiff" or "Ms. Simon") and Defendant HCA-HealthONE LLC d/b/a Sky Ridge Medical Center ("Sky Ridge") (collectively, the "Parties"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b), together submit this Joint Motion for Preliminary Approval of Proposed Collective and Class Action Settlement (the "Motion").

# I.     INTRODUCTION

Plaintiff Simon's claims against Sky Ridge are a small, discrete piece of more expansive litigation brought by her and another named Plaintiff against Xclusive Staffing, Inc. ("Xclusive") and its customers. Those claims arise from allegations that Xclusive has a policy of, among other things, (1) deducting $3.00 from every paycheck to employees; and (2) denying employees break time while automatically deducting 30 minutes of work time from every workday. Plaintiffs' investigation has revealed that employees received 30 minute breaks while working at Sky Ridge, though Xclusive did deduct $3.00 from their paychecks while they worked at Sky Ridge. Claims related solely to work performed by Xclusive employees at Sky Ridge thus involve lesser harm than claims related to work performed at other Xclusive customer sites. The Parties have worked diligently to resolve those claims to make Plaintiff and the putative class whole with respect to work performed at Sky Ridge and to allow Sky Ridge to finally resolve claims against it and to leave this litigation. In this motion, the Parties jointly request that the Court preliminarily approve the settlement (attached as Exhibit 1)[1] so that notice may be sent to the putative class, a fairness hearing may be set, and the Parties can move toward final approval.

# II.     PROCEDURAL HISTORY

Along with her claims against Xclusive and other Xclusive customers, Plaintiff Simon filed claims against Sky Ridge under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat.§§ 8-4-101, *et seq.* While Plaintiff Simon and the other Defendants have been briefing Xclusive's motion to dismiss and motion to compel arbitration and Plaintiffs' motion for collective certification, Plaintiff Simon

---

[1] The Parties have agreed to the form of the settlement and are currently in the process of executing it. The Parties will supplement this filing with a fully executed settlement shortly.

and Sky Ridge have worked diligently to resolve her claims against Sky Ridge. Here, they submit for preliminary approval a proposed class and collective action settlement.

**A.**  **The Proposed Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) Classes**

As part of this settlement, and for the purposes of settlement only, the Parties to the proposed settlement stipulate to the certification of the following Fed. R. Civ. P. 23 class and preliminary certification of the following FLSA opt-in class:

**a.  The Fed. R. Civ. P. 23 Class:**

ALL CURRENT AND FORMER HOURLY EMPLOYEES OF XCLUSIVE STAFFING, INC., OR ONE OF ITS SUBSIDIARIES, THAT WORKED AT SKY RIDGE MEDICAL CENTER (10101 RIDGEGATE PKWY LONE TREE, CO 80124) BETWEEN JANUARY 1, 2014 AND THE PRESENT.

**b.  The FLSA Class:**

ALL CURRENT AND FORMER HOURLY EMPLOYEES OF XCLUSIVE STAFFING, INC., OR ONE OF ITS SUBSIDIARIES, THAT WORKED AT SKY RIDGE MEDICAL CENTER (10101 RIDGEGATE PKWY LONE TREE, CO 80124) WHO WORKED MORE THAN 40 HOURS IN ANY WORKWEEK BETWEEN JANUARY 1, 2014 AND THE PRESENT.

All members of the putative classes worked at Sky Ridge and were affected by Xclusive's policy of automatically deducting $3.00 per paycheck, including in weeks when they worked more than 40 hours. Plaintiff Simon's claims are typical of the class, and she is an adequate class representative.

With regard to the FLSA opt-in class, the Parties recognize that putative claimants will need to affirmatively opt-in to take part in the settlement. By submitting claim forms, the putative claimants are giving their consent, in writing, to taking part in the suit. The Notice (Exhibit 2) and the Claim Form (Exhibit 3) make this clear to the Claimants. The Notice states:

3

> By filing a Claim Form and participating in the Settlement, a putative Class Member is agreeing to "opt-in" to the FLSA § 216 (b) class.

The Claim Form states:

> I understand that by signing this Claim Form I am agreeing to **OPT-IN** to the Collective Action under 29 U.S.C. § 216 (b) *et seq.*

## B.     The Fed. R. Civ. P. 23 Class Should be Certified

In deciding whether or not to certify a Fed. R. Civ. P. 23 class action, "the court's first inquiry is whether the plaintiff can show the existence of the four threshold requirements of Rule 23(a) [*i.e.,* numerosity, commonality, typicality, and adequacy]." *Shook v. El Paso County,* 386 F. 3d 963, 971 (10th Cir. 2004) (internal citations and quotations omitted). If the court finds that the plaintiffs have met these threshold requirements, it must then find "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *see Shook,* 386 F.3d. at 971.  The Parties stipulate that the Defendants make no admission of liability of any type by joining this motion.

### 1.     Numerosity

Pursuant to, Fed. R. Civ. P. 23(a)(1), "the class is so numerous that joinder of all members is impracticable." In the 10th Circuit, "[t]here is no set formula to determine if the class is so numerous that it should be so certified. Indeed, because it is such a fact-specific inquiry, [the 10th Circuit] grant[s] wide latitude to the district court in making this determination. *Trevizo v. Adams*, 455 F. 3d 1155, 1162 (10th Cir. 2006).

The impracticability of joinder is supported by both the nature of the proposed class members' claims and the nature of the persons composing the proposed class. Here, the parties

jointly filing this motion stipulate that there are at least 39 workers currently or formerly employed by the Defendants that were allegedly damaged Sky Ridge's uniform policy of deducting $3.00 from each paycheck. The relatively small nature of the potential class members' claims makes pursuing each claim individually impracticable. *David v. OXY USA, INC.,* No. 07-1258-JTM (D. Kan. July 29, 2009) (citing *Commander Props Corp. v. Beech Aircraft Corp.,* 164 F.R.D. 529, 535 (D. Kan. 1995)) ("[N]umerosity and practicability of joinder are not determined simply by the number of potential class members, but instead depend on factors such as … the practical viability of individual suits."); *see also Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 158 (1974) (there is numerosity if "[e]conomic reality dictates that petitioner's suit proceed as a class action or not at all.)" Where, as here, "the individual claims are relatively small in relation to the cost of litigation" joinder is not practical. *Maez v. Springs Auto. Group, LLC*, 268 F.R.D. 391, 395 (D. Colo. 2010).

### 2.   Commonality

Plaintiff Simon's challenge to Sky Ridge's $3.00 deduction policy meets the commonality requirement of Fed. R. Civ. P. 23(a)(2) because "there are questions of law or fact common to the class." "A finding of commonality requires only a single question of law or fact common to the entire class." *DG v. Devaughn*, 594 F.3d 1188, 1194-1195 (10th Cir.2010). "[E]very member of the class need not be in a situation identical to that of the named plaintiff". *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982).

### 3.   Typicality

Pursuant to Fed. R. Civ. P. 23(a)(3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "A plaintiff's claim is typical of class claims if

it challenges the same conduct that would be challenged by the class." *In re Qwest Savings And Investment Plan ERISA Litigation*, No. 02-RB-464 (CBS), 2004 U.S. Dist. LEXIS 24693, at *14-15 (D. Colo. Sept. 24, 2004). "[D]iffering fact situations of class members do not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir.1988).

For the purposes of this motion, the parties stipulate that Plaintiff Simon had $3.00 deducted from each paycheck during her time working for Sky Ridge. The class members all worked under the same policy and the success, or lack thereof, of potential class members' claims will depend on the merit of the same legal theories on which Plaintiff Simon relies. Because Plaintiff Simon's claims challenge the same conduct under the same legal and remedial theories as do the claims of the absent class, their claims are typical under Fed. R. Civ. P. 23(a)(3).

### 4.   Adequacy

Pursuant to Fed. R. Civ. P. 23(a)(4), "the representative parties will fairly and adequately protect the interests of the class." Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class? *Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1187-1188 (10th Cir. 2002) (quoting *Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020* (9th Cir. 1998). The second factor implicates "the experience and competence of the attorney[s] representing the class....." *United Food & Commer. Workers Union v. Chesapeake Energy* Corp., 281 F.R.D. 641, 654 (W.D.

Okla. 2012) (internal citations omitted).  "Absent evidence to the contrary, a presumption of adequate representation is invoked. Any doubt regarding adequacy of representation should be resolved in favor of the upholding the class, subject to later possible reconsideration, or the creation of subclasses initially." *Schwartz v. Celestial Seasonings*, 178 F.R.D. 545, 552 (D. Colo.1998).

There is no apparent conflict of interest between the potential class members and either the Plaintiff Simon or her counsel. Plaintiff Simon can only recover if she succeeds on legal theories that would also lead to recovery for the class. Moreover, the Plaintiff Simon's attorneys' incentives are also aligned with the class as they work for a non-profit legal organization that has waived any right to a fee as part of this settlement.

Finally, Plaintiff's attorneys are staff attorneys at Towards Justice and Towards Justice's attorneys are uniquely qualified to prosecute this action. Towards Justice has bilingual staff members that can communicate with the class that in part likely speaks Spanish as a first language. *See* Ex. 4 ¶ 6. Moreover, Towards Justices' attorneys have the experience necessary to competently pursue this litigation. Attorneys Hood and Seligman have extensive experience in wage and hour class claims similar to those at issue here. *See* Ex. 4 ¶¶ 9-11; Ex. 5 ¶¶ 7-9.

## 5.    Predominance

To the knowledge of Plaintiff Simon and Sky Ridge, no other potential class member has filed any claim in any court or administrative proceeding for unpaid wages against Sky Ridge. Thus, no other potential class members have demonstrated an interest in controlling this litigation and no litigation has been commenced against a class member. *See* Fed. R. Civ. P. 23(b)(3)(A)-(B). The District of Colorado is ideal for the concentration of this litigation because

all Sky Ridge resides in this district and all claims arose in this district. *See* Fed. R. Civ. P.. 23(b)(3)(C). The class action is unlikely to be difficult to manage because underlying all claims is Sky Ridge's common $3.00 deduction policy. *See* Fed. R. Civ. P. 23(b)(3)(D). Sky Ridge's records precisely show how many $3.00 deductions were taken from each class member's pay checks.

Finally, the class action vehicle is the superior method for adjudicating this controversy because it involves small claims of low-wage workers. Courts in the District of Colorado have repeatedly recognized that a class action is superior where the small claims of parties with limited resources are unlikely to be otherwise pursued. *See, e.g., Maez*, 268 F.R.D. at 397; *Cook v. Rockwell International Corp.,* 181 F.R.D. 473, 482 (D. Colo. 1998).

c.  **Summary of Settlement Terms**

**Payments to Ms. Simon and the Claimants:** The Defendant agrees that all $3.00 deductions from any paychecks during the applicable timeframe shall be paid to Ms. Simon and the Claimants. Based on records available to Defendant, the Claimants will be paid the amounts detailed in Exhibit 6. The Claimants shall be paid in the following manner, subject to the approval of the Court and the timeline presented *infra* for providing class lists and issuing notice.

**Notice:**  Court-approved Notice shall be sent to each Claimant at his or her last known mailing address notifying each Claimant of their right to payment; each mailed Notice shall include a claim form; mailing of Notice shall be at Defendant's expense;  Claimants must affirmatively make a claim by returning, or postmarking, a claim form to the parties' agreed upon class administrator, Rust Consulting, prior to one hundred and twenty-six days from the preliminary approval date to be entitled to payment from Defendant; and any amounts payable to

the Claimants that are not claimed by the Claimants shall escheat to the state consistent with the State of Colorado's Unclaimed Property Act at the end of the claim period.

**Cooperation:** Sky Ridge agrees to timely cooperate with the above-captioned litigation as required by law. Specifically, Sky Ridge agrees to waive service on compliant subpoenas regarding current employees and documents in its custody and to timely respond to such requests pursuant to law. With regard to depositions, Defendant agrees to waive objection to its agents appearing for 3 depositions of 3 hours each pursuant to otherwise compliant subpoenas.

**Agreement Not to Retaliate:** Defendant acknowledges its obligation under the FLSA and Colorado law to not discharge, in any manner discriminate against, and/or interfere with Plaintiff and Claimants for asserting their rights, as required by 29 U.S.C. § 215(a)(3) and C.R.S. § 8-4-120.

**Attorneys' Fees:** Plaintiff's counsel has agreed to waive any attorneys' fees with relation to this settlement and Plaintiff's claims against Sky Ridge upon final approval of this settlement, but expressly does not waive any other claims for attorneys' fees with relation to any other claims or parties in the above-captioned action.

**Denial of Liability**: Defendant has agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Defendant's business due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed, construed or used as an admission of liability by Defendant.

**C.**      **Notice, Notice Plan, Claim Form and Opt-Out Form are Reasonable and Should be Approved**

When a court determines that a settlement warrants preliminary approval, Rule 23(e)(1)(B) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by a proposed settlement." The notice provided to a class certified under Rule 23(b)(3) must be the "best notice practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985). Notice is sufficient "if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal citations omitted). The notice should inform class members "that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded." Fed. R. Civ. P. 23(c)(2)(B). Mailing notice to each member of a settlement class "who can be identified through reasonable effort" is presumptively reasonable and sufficient. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974).

The notice, claim form, and opt-out form inform the putative class of the nature of the settlement and their rights in simple language. Moreover, because at least some of the putative class is composed of native Spanish speakers, the documents will be provided to the class in both English and Spanish. Finally, notice will be provided by mail to this ascertainable class, however if a claimant is not found, then also by publication as described in the Settlement Agreement. The mailed notice will be sent to the Claimants' last-known addresses in the Xclusive payroll records for Sky Ridge. The addresses will be updated through the U.S. Postal Service prior to mailing. Given that Claimants can be easily ascertained by Xclusive via its payroll records,

Defendant shall only publish the Court-Approved Notice (or a shorter court-approved version for publication) in an English and Spanish periodical for four weeks consistent with the manner described infra if any Notices are returned as undeliverable.  On this basis, the notice, notice plan, claim form, and opt-out form should be approved.

**D.**      **Payment to the Settlement Class Members**

As part of the settlement, Sky Ridge agrees to reimburse all $3.00 deductions taken from any Xclusive employee that worked at the Sky Ridge during the class period. Any putative class member that makes a claim will receive full payment on their claim. Money remaining after payment of claim—*i.e.*, the unclaimed portion of the class fund—will escheat to the State of Colorado's Unclaimed Property Act at the end of the claim period. C.R.S. §§ 38-13-101, *et seq*.

As currently planned, payments will be made to class members that make claims on or before one hundred and twenty-six days from the preliminary approval date, and unclaimed money remaining in the class fund after all claims will escheat to the state after one hundred and twenty-six days from the preliminary approval date.  No funds will be deducted from the class fund for administrative fees and costs or for attorney's fees.

**III.      THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED PURSUANT TO FED. R. CIV. P. 23**

"Preliminary approval of a class action settlement, in contrast to final approval, is at most a determination that there is . . . 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *In re Crocs, Inc. Securities Litig.*, 2013 WL 4547404, at *3 (D. Colo. 2013) (quoting *Davis v. J.P. Morgan Chase & Co.,* 775 F. Supp. 2d 601, 607 (W.D.N.Y. 2011)); *see* Manual for Complex Litigation, Fourth, § 21.61 ("The judicial role in reviewing a proposed settlement is critical, but limited to approving the proposed settlement,

disapproving it, or imposing conditions on it. The judge cannot rewrite the agreement." (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ("The settlement must stand or fall in its entirety.")). "A proposed settlement of a class action should therefore be preliminarily approved where it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives." *Id.* (citing *In re Motor Fuel Temperature Sales Practices Litig.,* 286 F.R.D. 488, 492 (D. Kan. 2012)). The standards for preliminary approval of a settlement class are not as stringent as those applied for final approval. *Id.*

### A.      The Settlement is the Product of Informed, Non-Collusive Negotiations

There is a presumption that settlements are informed and non-collusive if the class is represented by experienced counsel, the settlement is the result of arms-length negotiation before an experienced mediator, and substantial discovery occurs prior to the settlement. *Newberg on Class Actions* 4th § 13:14 ("Courts also find an absence of collusion when settlement negotiations are conducted by a third-party mediator.") (citing *In re Penthouse Executive Club Comp. Litig.*, 2013 WL 1828598, at *2 (S.D.N.Y. 2013) (granting preliminary approval of proposed settlement reached through negotiations that involved formal mediation, finding that the proposed settlement is non-collusive, as a settlement "reached with the help of third-party neutrals[which] enjoys a 'presumption that the settlement achieved meets the requirements of due process'" (quoting *Johnson v. Brennan,* 2011 WL 4357376, at *8 (S.D.N.Y. 2011)))); *see also Beaulieu v. EQ Indus. Services, Inc.,* 2009 WL 2208131, at *24–25 (E.D.N.C. 2009) (finding settlement procedurally adequate for the purposes of preliminary approval, in light of the fact that settling parties had participated in "substantial" discovery that "facilitat[ed] an

informed decision" and moreover had engaged in adversarial negotiations that were "at arm's length and without collusion").

Here, all Parties were represented by experienced counsel and Sky Ridge has agreed to pay 100% of the amounts claimed by Plaintiff Simon and the Claimants. Proposed class counsel specialize in collective and class action wage and hour litigation on behalf of immigrant workers. They have substantial experience litigating FLSA § 216(b) collective actions and Rule 23 class actions on behalf of low-wage Spanish-speaking workers. *See* Ex. 4 (declaration of Plaintiffs' attorney Alexander Hood in support of class certification).

**B.      The Settlement Does Not Improperly Grant Preferential Treatment to Any Class Members**

The settlement treats all Claimants equally. The Parties have jointly agreed on amounts owed Claimants. Ex. 6 (describing damages for each Claimant). Each Claimant has the ability to claim 100% of his or her damages. All Claimants have the ability to object to the settlement if they disagree with the calculation of their unpaid wages or any other component of the settlement.

**C.      The Fed. R. Civ. P.  23(e) Factors**

Although compliance with the requirements of Fed. R. Civ. P. 23(e) is not absolutely required at the preliminary approval stage, the settlement must meet those standards at the Fairness Hearing in order to obtain Court approval. Pursuant to Fed. R. Civ. P. 23(e), for final approval the Court must make a "finding that [the settlement] is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "To determine whether a proposed settlement is fair, reasonable, and adequate, courts consider the following factors: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate

outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *In re Crocs, Inc. Securities Litig.*, Fed. Sec. L. Rep. (CCH) P 97624, 2013 WL 4547404, (D. Colo. 2013) (citing *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002)).

These factors are supported by the following.

**1.      The Settlement Was Fairly and Honestly Negotiated**

As discussed herein, the settlement pays all Claimants 100% of their claims for allegedly unlawful deductions against Sky Ridge.

**2.      Serious Questions of Law and Fact Exist**

Serious questions of law and fact drove this settlement. Sky Ridge does not concede that the deductions are illegal, but ultimately decided to pay the claims in full because of the small size of the claims.

**3.      The Value of an Immediate Recovery Outweighs the Mere Possibility of Future Relief after Protracted and Expensive Litigation**

Plaintiff and the Claimants are recovering 100% of their damages. There is little reason to continue litigation.

**4.      The Parties Believe the Settlement is Fair and Reasonable**

In jointly filing this motion, the Parties stipulate that they both believe the settlement is fair and reasonable.

**IV.      PRELIMINARY CERTIFICATION OF THE FLSA OPT-IN CLASS**

For the purposes of this Motion only, Sky Ridge concedes that Plaintiff Simon and the proposed FLSA claimants are "similarly situated" because they all had $3.00 deducted from their

pay checks. As such, the FLSA class should be preliminarily certified for purposes of this settlement. *See Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001).

The Parties also recognize that final approval of the FLSA class is necessary after the opt-in period ends. *See id*. As with all FLSA settlements, this settlement will have to be approved by the Court for fairness. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (requiring court approval of FLSA settlement); *Baker v. Vail Resorts Mgmt. Co.,* No. 13-cv-01649-PAB-CBS, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014) (same). To that end, the Parties will move for final certification of the FLSA class and approval of the FLSA settlement together with their motion for final approval.

## V.   APPROVAL OF THE SETTLEMENT ADMINISTRATOR

The Parties stipulate to using Rust Consulting as a settlement administrator in this case and believe that Rust Consulting will efficiently administer the settlement in this case.

## VI.   CONCLUSION

The Parties respectfully request that the Court enter an Order that:

1.      Preliminarily approves the Settlement Agreement as fair, reasonable, and adequate to the collective and class action classes;

2.      Conditionally certify the action as a collective action under the FLSA pursuant to 29 U.S.C. § 216(b) (hereinafter "FLSA Collective Class");

3.      Certify a settlement class for claims brought pursuant to Fed. R. Civ. P. 23(e) (hereinafter "Rule 23 Class");

4.      Preliminarily approve Alexander Hood and David Seligman as class counsel for the Rule 23 Class, pursuant to Fed. R. Civ. P. 23;

5.      Preliminarily approve the named Plaintiff as the class representative for the Rule 23 Class, pursuant to Fed. R. Civ. P. 23;

6.      Approve the form, contents and method of notice to be given to the Rule 23 Class as set forth in the Settlement Agreement;

7.      Designate Rust Consulting ("Settlement Administrator") of the settlement and instruct the Settlement Administrator to disseminate, in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order, the settlement notice to the class;

8.      Establish procedures and schedule deadlines for persons to object to the settlement, the Settlement Agreement, or class counsel's fee application;

9.      Schedule the fairness hearing for a date approximately, but no sooner than, 42 days after the deadline for submitting claims;

10.     Schedule deadlines for the filing of: (a) documents in support of entry of the Final Approval Order; (b) objections to the settlement, class certification, appointment of class counsel, and the approval of the representative Plaintiffs as the representative of the class;

11.     Provide that any timely objection to the settlement shall be heard and considered by the Court at the fairness hearing; and

12.     Provide that the fairness hearing be continued or adjourned by order of the Court.


                                s/Alexander Hood_
                                Alexander Hood
                                David Seligman

Towards Justice
1535 High St., Suite 300
Denver, CO 80218
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

*Attorneys for the Plaintiffs*

s/Martine T. Wells
Lisa Hogan, #14132
Martine T. Wells, #42340
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street
Suite 2200
Denver, CO 80202-4432
Telephone:      (303) 223-1100
Fax:            (303) 223-1111
Email:    lhogan@bhfs.com
          mwells@bhfs.com

*Attorneys for Defendant HCA-HealthONE*
*LLC d/b/a Sky Ridge Medical Center*

**Certificate of Service**

I hereby certify that on 2/21/2017, I served a true and correct copy of the forgoing on the parties that have appeared pursuant to Fed. R. Civ. P. 5.

s/Alexander Hood
Alexander Hood