# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 16-cv-00671-RM-MJW

ISABEL VALVERDE;
MARIA SONIA MICOL SIMON; and those similarly situated

      Plaintiffs,

v.

XCLUSIVE STAFFING, INC.;
XCLUSIVE MANAGEMENT, LLC D.B.A. XCLUSIVE STAFFING;
XCLUSIVE STAFFING OF COLORADO, LLC;
DIANE ASTLEY;
OMNI INTERLOCKEN COMPANY, L.L.C.;
OMNI HOTELS MANAGEMENT CORPORATION;
JMIR DTC OPERATOR LLC;
MARRIOTT INTERNATIONAL, INC.; and
HCA-HEALTHONE LLC D.B.A. SKY RIDGE MEDICAL CENTER

      Defendants.

---

## FINAL CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT
## BETWEEN PLAINTIFF SIMON AND DEFENDANT HCA-HEALTHONE LLC

---

This **SETTLEMENT AGREEMENT** is entered into by and among Maria Sonia Micol Simon (hereinafter, "Plaintiff"), and Defendant HCA-HealthONE LLC d/b/a Sky Ridge Medical Center (hereinafter, "Defendant," and with Plaintiffs collectively, "Parties"), who agree and stipulate as follows:

**WHEREAS**, Plaintiff has brought a class and collective action complaint on behalf of herself and all others similarly situated Claimants("Claimants") alleging violations of the Colorado Wage Claim Act ("CWCA") and the Fair Labor Standards Act ("FLSA") against Defendant (and other defendants) for allegedly improperly deducting $3.00 from each paycheck paid to the Plaintiff and the Claimants;

1

**WHEREAS**, Plaintiff maintains that she would ultimately prevail on all issues in this action, but has reached what she and her counsel believe is a fair and reasonable settlement with Defendant;

**WHEREAS**, Defendant maintains that it would ultimately prevail on all issues in this action, but has reached what it and its counsel believes is a fair and reasonable settlement;

**WHEREAS**, the Parties seek to end what could be a prolonged, expensive, and risky litigation, and desire to resolve amicably, completely and forever these disputes between them without additional delay and without the expense occasioned by litigation; and

**NOW THEREFORE**, **IT IS STIPULATED AND AGREED** by and among the Parties to this Settlement Agreement that this controversy shall be settled and compromised, subject to Court approval, upon the terms and conditions set forth below:

## I.      DEFINITIONS

1. As used herein, the following terms shall have the following meanings:

   a. "Claimants" shall mean all those individuals who are members of the FLSA Class and the Fed. R. Civ. P. 23 Class as defined in Section II(1)(a-b).

   b. The term "Preliminary Approval Date" shall mean the date that the District Court gives preliminary approval to this Agreement and authorizes the mailing of Notice.

   c. The term "Final Approval Order" shall mean the order of the District Court that gives final approval to this Agreement.

   d. The term "Final Approval Date" shall mean the date upon which the Final Approval Order is issued.

e. The term "Effective Date" shall mean the later of the following dates: (a) the date of an order by the Court granting final approval of the Settlement, if there are no objections; or (b) if there are objections and an appeal of the Court's decision granting final approval, the day after all appeals are finally resolved in favor of final approval.

f. The term "Notice" shall mean the Court-approved Notice of Proposed Settlement of Lawsuit that will be sent to Plaintiff and Claimants, an example of which is attached as Exhibit 1, and which shall include a claim form.

## II. CLASS CERTIFICATION

1. For the purpose of settlement, and pursuant to Rule 23(e), Defendant agrees to class certification under Rule 23(b)(3) with respect to the CWCA claim presented in Count V of the First Amended Complaint and to the preliminary and final certification of a FLSA opt-in class presented in Count II of the First Amended Complaint. The Parties will jointly request that these classes be certified as part of the preliminary approval motion. The settlement classes are defined as follows:

a. **The Fed. R. Civ. P. 23 Class**

ALL CURRENT AND FORMER HOURLY EMPLOYEES OF XCLUSIVE STAFFING, INC., OR ONE OF ITS SUBSIDIARIES, THAT WORKED AT SKY RIDGE MEDICAL CENTER (10101 RIDGEGATE PKWY LONE TREE, CO 80124) BETWEEN JANUARY 1, 2014 TO FEBRUARY 21, 2017.

b. **The FLSA Class**

ALL CURRENT AND FORMER HOURLY EMPLOYEES OF XCLUSIVE STAFFING, INC., OR ONE OF ITS SUBSIDIARIES, THAT WORKED AT SKY RIDGE MEDICAL CENTER (10101 RIDGEGATE PKWY LONE TREE, CO 80124) WHO WORKED MORE THAN 40 HOURS IN ANY WORKWEEK BETWEEN JANUARY 1, 2014 TO FEBRUARY 21, 2017.

### III.    CONSIDERATION FOR SETTLEMENT

2. **Payments to the Ms. Simon and the Claimants:** The Defendant agrees that all $3.00 deductions from any paychecks during the applicable timeframe shall be paid to Ms. Simon and the Claimants. Based on records available to Defendant, the Claimants will be paid the amounts detailed in Exhibit 2 to this Agreement. The Claimants shall be paid in the following manner, subject to the approval of the Court and the timeline presented *infra* for providing class lists and issuing notice:

   a. Court approved Notice shall be sent to each Claimant at his or her last known mailing address notifying each Claimant of their right to payment;

   b. Each mailed Notice shall include a court approved claim form and exclusion form;

   c. Mailing of Notice shall be at Defendant's expense;

   d. Claimants must affirmatively make a claim by returning, or postmarking, a claim form to the parties' agreed upon class administrator, Rust Consulting, prior to one hundred and twenty-six days from the preliminary approval date to be entitled to payment from Defendant;

   e. Any amounts payable to the Claimants that are not claimed by the Claimants shall escheat to the state consistent with the State of Colorado's Unclaimed Property Act after one hundred and twenty-six days from the preliminary approval date.

3. **Cooperation:** Sky Ridge agrees to timely cooperate with the above-captioned litigation as required by law. Specifically, Sky Ridge agrees to waive service on compliant subpoenas regarding current employees and documents in its custody and to timely respond to such requests pursuant to law. The Parties agree that this cooperation shall

take the following form upon the Court's preliminary approval of the settlement in the form in the attached subpoenas at Exhibit 3. With regard to depositions, Defendant agrees to waive objection to its agents appearing for 3 depositions of 3 hours each pursuant to otherwise compliant subpoenas.

4. **Agreement Not to Retaliate:** Defendant acknowledges its obligation under the FLSA and Colorado law to not discharge, in any manner discriminate against, and/or interfere with Plaintiff and Claimants for asserting their rights, as required by 29 U.S.C. § 215(a)(3) and C.R.S. § 8-4-120.

5. **Attorneys' Fees:** Plaintiff's counsel has agreed to waive any attorneys' fees with relation to this settlement and Plaintiff's claims against Sky Ridge upon final approval of this settlement, but expressly does not waive any other claims for attorneys' fees with relation to any other claims or parties in the above-captioned action.

6. **Denial of Liability**: Defendant has agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Defendant's business due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed, construed or used as an admission of liability by Defendant.

## IV.    DEADLINES

The Parties agree to the following deadlines for the following events.

| Deadline | Event |
| --- | --- |
| Within twenty-one (21) calendar days of the Preliminary Approval Date | Defendant will provide Plaintiff's Counsel a list, in electronic form, of the names and amounts owed of all Claimants during the applicable class period. |
| Within thirty-five (35) calendar days of the preliminary approval date. | The parties' agreed upon class administrator, Rust Consulting,, shall mail Court-approved |

| | Notice of this Settlement to all Claimants by first-class mail in the form approved by the Court. Given this is an ascertainable class, Defendant shall take reasonable steps to obtain the correct addresses of any Claimant for whom a Notice is returned by the post office as undeliverable, including trying to locate more recent addresses and/or telephoning the Claimant at available phone numbers. Thirty (30) days after the mailing of the Notices, Defendant's counsel will notify Plaintiff's counsel of any Notice sent to Claimants that is returned as undeliverable. |
|---|---|
| Within forty-nine (49) calendar days of the preliminary approval date. | Given that Claimants can be easily ascertained by Defendants, Defendant shall publish the Court-Approved Notice (or a shorter court-approved version for publication) in an English and Spanish periodical for four weeks consistent with the manner described *infra* if any Notices are returned as undeliverable.[1] |
| Within one hundred and twenty-six (126) calendar days of the preliminary approval date. | Any opt-outs and claims must be post-marked or received by Rust Consulting. |
| Within one hundred and twenty-six (126) calendar days of the preliminary approval date. | Any objections must be post-marked or received by Rust Consulting. |
| Within one hundred and forty-seven (147) calendar days of the preliminary approval date. | The parties shall file a Joint Motion with the Court for Final Approval of the Settlement and to confirm the date of a Final Fairness Hearing. |

## V. ALLOCATION AND DISTRIBUTION OF NET SETTLEMENT FUND

7. Based on Defendant's records, the total damages for the alleged $3.00 deductions for all Claimants are detailed in Exhibit 2. Defendant agrees to pay all damages detailed in Exhibit 2 to all Claimants in the method described above. Only Claimants who make a claim shall receive a payment and all payments shall include deductions for all applicable taxes. Moreover, Defendant agrees to pay the employer's portion of any applicable taxes. Any amount remaining unpaid after one hundred and twenty-six days from the

---

[1] If publication by periodical is necessary, the periodicals shall have geographical distributions consistent with the last known addresses of the Claimant whose Notice was returned as undeliverable.

preliminary approval date shall escheat to the state pursuant to State of Colorado's Unclaimed Property Act.

## VI.     COURT APPROVAL AND ENFORCEMENT OF SETTLEMENT AGREEMENT

8.  **Jurisdiction:** The Parties agree that the Court shall be asked to enter an order, which dismisses this action with prejudice, except that the Court will expressly retain jurisdiction for the sole purpose of enforcing the terms of this Settlement Agreement. The Court shall have jurisdiction to enforce the terms of this Settlement Agreement until the above-captioned action is closed by the Court through judgment, settlement, or otherwise.

9.  **Submission of Settlement Agreement to the Court:** The Parties agree to use their best efforts to obtain entry of this Settlement Agreement by the Court. The Parties shall promptly submit this Settlement Agreement to the Court and jointly request the Court to enter its order approving the settlement.

10. **Enforcement.** The Parties acknowledge and agree that any breach of this Agreement likely will cause irreparable injury to the Parties on one hand, or Plaintiffs on the other hand. Therefore, the Parties agree that each are entitled to have the provisions of this Agreement specifically enforced through injunctive relief, without having to prove the adequacy of the available remedies at law, and without being required to post bond or security. Specifically, the Parties may, in their sole discretion, move or take other steps to enforce a settlement at any time.  In the event Plaintiff or Claimants breach this Agreement, including but not limited to filing lawsuits for claims that have been released pursuant to this Agreement, Plaintiff and Claimants understand that, in addition to any other legal or equitable remedy the Defendant may have, Defendant will be entitled to, with respect to any Plaintiff or Claimant breaching the Agreement, to cease providing any

7

further portion of the Plaintiff's settlement payment or any other benefit. Plaintiff, Claimants, and Defendant understand and agree that if either he, she, it or they bring an action to enforce the terms of this Agreement or declare rights under this Agreement, the prevailing party will be entitled to recover his, her, its or their reasonable attorney's fees, costs, and expenses in any such action. If settlement on behalf of the unnamed Claimants is not consummated because the Court does not enter a final judgment and order, then the case shall thereupon be deemed to have reverted to its respective status as of the date the settlement is entered.

11. **Final Order to Be Entered Upon Approval of the Settlement:** If the Court approves the settlement embodied in this Settlement Agreement without modification, then, following final approval, a final order shall be entered in this action:

   a. Approving the settlement contemplated in this Settlement Agreement as lawful, fair, just, reasonable and adequate, after considering among other things, that the settlement was reached after good faith, arm's length negotiations by experienced and capable class counsel and in the absence of collusion; the amount of the settlement; the likelihood of the Plaintiff's success in obtaining all relief prayed for; the cost, complexity, and duration of the litigation if pursued through trial; the further disruption to the business activities of the Defendant; and, any other matters bearing on the best interests of the Parties and directing its consummation and that all Parties perform in accordance with the terms of this Settlement Agreement;

   b. Permanently and finally certifying the Fed. R. Civ. P. 23 Class and the FLSA Class;

    c.   Providing that members of the class who have duly and timely requested exclusion from the class may thereafter pursue only their own individual remedies, if any, and not any class actions based on the claims in the Plaintiffs' complaint in this action;

    d.   Providing for the release of Defendant from Plaintiff, Claimant, and Class Member's Class Claims under CWCA and Opt-In Plaintiffs' Claims under the FLSA;

    e.   Dismissing these claims with prejudice against Defendant upon Defendant's satisfaction of their obligations as set forth *supra.*

## VII.    MISCELLANEOUS PROVISIONS

12. **Entire Agreement**: It is understood and agreed by the Plaintiff and Defendant that this Settlement Agreement contains the entire understanding between them. No oral understandings, statements, promises or inducements contrary to the terms of this Settlement Agreement exist. The Settlement Agreement cannot be changed or terminated except by the written amendment to this Settlement Agreement signed by counsel for Plaintiff and the respective Defendant.

13. **Effective Date**: This Settlement Agreement is effective as of the date it is executed by the parties.

_____                          _____
NAME                                                                         Date
and as agent for HCA-HealthONE LLC,
d/b/a Sky Ridge Medical Center


Approved as to form by:


_____
Lisa Hogan
Martine T. Wells
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1185 tel
303.223.1213 tel
LHogan@BHFS.com
MWells@BHFS.com

*Attorneys for HCA-HealthONE, LLC, d/b/a Sky Ridge Medical Center*

_____          _____
Maria Sonia Micol, Individually           Date
and as class agent

Approved as to form by:


_____
Alexander Hood
Plaintiffs' Attorney
Towards Justice
1535 High St., Suite 300
Denver, CO 80218
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

# Exhibit 1

# NOTICE OF CLASS AND COLLECTIVE ACTION CLAIMS FOR ALLEGEDLY IMPROPER DEDUCTED WAGES

**This is a Court-Authorized Notice**
*Isabel Valverde et al. v. Xclusive Staffing, Inc., HCA-HealthONE LLC d/b/a/ Sky Ridge Medical Center ("Sky Ridge"), et al.*
**Civil Action No. 16-CV-00671-RM-MJW (D. Colo.)**
**(collectively, the "Lawsuit")**

**TO:** ALL CURRENT AND FORMER HOURLY EMPLOYEES OF XCLUSIVE STAFFING, INC. ("XCLUSIVE"), OR ONE OF ITS SUBSIDIARIES, WHO WORKED AT SKY RIDGE MEDICAL CENTER (10101 RIDGEGATE PKWY LONE TREE, CO 80124) BETWEEN JANUARY 1, 2014 TO FEBRUARY 21, 2017.

**RE:** YOUR RIGHTS IN A LAWSUIT SEEKING ALLEGEDLY IMPROPERLY DEDUCTED WAGES

**YOUR IMMIGRATION STATUS IS IRRELEVANT TO THIS CASE AND NONE OF THE PARTIES OR THE COURT WILL ASK ABOUT IT.**

**YOU CANNOT BE FIRED OR RETALIATED AGAINST IN ANY WAY, INCLUDING CALLING IMMIGRATION, FOR PARTICIPATING IN THIS LAWSUIT**

| HERE ARE THE CHOICES YOU CAN MAKE ABOUT THE SETTLEMENT. THESE OPTIONS AND DEADLINES ARE EXPLAINED IN THIS NOTICE. | |
|---|---|
| **RECEIVE MONEY** (Make A Claim For the Deductions) | Complete and return the **green** form. |
| **EXCLUDE YOURSELF FROM THE LAWSUIT** (Opt-Out) | Complete and return the **red** form. |
| **OBJECT** | Send a letter by mail or hand delivery to Plaintiffs' counsel at the address at the end of this notice, to be received by Plaintiff's counsel by[one hundred and twenty-six days from the preliminary approval date OR appear in Court on **DATE**, at **TIME** at this address to tell the Court you object: [INSERT APPROPRIATE JUDGE'S COURT ADDRESS] |
| **DO NOTHING** | Get no payment. Keep your right to make a claim under the Fair Labor Standards Act, but give up your right to make a claim for illegal deductions under state law. |

# MORE INFORMATION ABOUT THE LAWSUIT AND THE SETTLEMENT

| 1. | What is the lawsuit about? |
|---|---|

A proposed settlement has been reached between Defendant Sky Ridge and Plainitff Maria Sonia Micol Simon ("Simon"), in the above-captioned Lawsuit.  Simon is a former employee of Xclusive Staffing, Inc. who worked at Sky Ridge Medical Center's food services department. All Xclusive workers who worked at Sky Ridge had $3.00 deducted from every paycheck by Xclusive. Ms. Simon filed a lawsuit on behalf of herself and all other current and former Xclusive workers at Sky Ridge claiming this $3.00 deduction is illegal under state and federal law.

This claim is part of a larger lawsuit against Xclusive and other employers based on allegations that employees were (1) consistently denied breaks in violation of federal and state law even though 30 minutes were deducted from every workday for lunch; and (2) were charged the same $3.00 fee deducted from every check issued by Xclusive. This case is currently pending in the United States District Court for the District of Colorado and is called *Valverde et al. v. Xclusive Staffing, Inc. et al.,* case number 16-cv-00671-RM-MJW.

Sky Ridge does not admit that the $3.00 deduction is illegal, or that it would be liable in any case, but both parties would rather settle all claims than spend time and money on the lawsuit. Therefore, Sky Ridge has agreed to reimburse all $3.00 deductions made by Xclusive to all current and former employees of Xclusive who worked at Sky Ridge, including you.

| 2. | What is the status of the lawsuit? |
|---|---|

After the filing of the lawsuit, Sky Ridge and Simon immediately entered into settlement discussions and have reached a proposed agreement. The settlement agreement was preliminarinly approved by the Court on <mark>DATE.</mark>  If the Court finally approves the settlement, you may receive a payment, minus applicable taxes and withholdings.  The United States District Court for the District of Colorado will have a hearing to decide whether to grant final approval to the settlement so that payments can be made.

If the Court denies the parties' request for final approval of the settlement agreement, no payments will be made under the settlement and this action will revert to its status immediately prior to the execution of the settlement agreement.

| 3. | What does the Settlement Agreement say? |
|---|---|

Below is a **summary** of the settlement agreement. You can also review a complete copy of the settlement by contacting the lawyers who brought this case at Towards Justice. Contact information for Towards Justice is at the end of this notice.

The settlement agreement states that Sky Ridge will reimburse **all** $3.00 deductions taken by Xclusive from **all** Xclusive employees who worked for Xclusive at Sky Ridge.

By filing a Claim Form and participating in the Settlement, you are agreeing to "opt-in" to the FLSA § 216 (b) class.

## 4. How much money can I get?

If the Court approves the settlement, each person like you who makes a claim will receive a full reimbursement of all $3.00 deductions taken during any work week that the claimant worked at Sky Ridge.

It is important to understand tax withholding or other employment taxes might be taken out of any payment to you as required by the Internal Revenue Service.

## 5. How do I pay the lawyers?

The lawyers who brought this case are working for free. You do not have to pay them anything.

## 6. What if I don't have immigration papers?

You can be part of this lawsuit even if you don't have immigration papers. Your immigration status does not matter.

## 7. Can Sky Ridge or Xclusive do anything to me for being part of this?

No. It is illegal for anyone to punish you in any way for being part of this.

## 8. What if I have questions?

The lawyers who brought this case work for Towards Justice. You can speak or write to someone at Towards Justice confidentially in **Spanish or English** to get more information about your rights.

You can **come in person** to Towards Justice's office:

Towards Justice
1535 High St., Suite 300
Denver, CO 80218

**OR**

You can **call** or **fax** Towards Justice:
Telephone: (720) 441-2236;
Fax: (303) 957-2289

**OR**

You can **e-mail** Towards Justice: SkyRidgeClassAction@towardsjustice.org

**PLEASE DO <u>NOT</u> CALL THE COURT OR THE CLERK OF THE COURT.**

# Exhibit 2

| First Name | Initial of Last Name | Total Award |
|---|---|---|
| David | P. | $3.00 |
| Anastacio | C. | $6.00 |
| Elizabeth | H. | $3.00 |
| Nancy | C. | $36.00 |
| Luis | I. | $21.00 |
| Ronald | D. | $3.00 |
| Matthew | C. | $3.00 |
| Eloisa | G. | $3.00 |
| Antonio | E. | $6.00 |
| Maria | J. | $6.00 |
| Sergio | N. | $12.00 |
| Selvin | G. | $3.00 |
| Adan | V. | $3.00 |
| Cesar | A. | $117.00 |
| Maria | Z. | $3.00 |
| Santiago | S. | $3.00 |
| Cintya | C. | $3.00 |
| Martha | G. | $3.00 |
| Juan | R. | $3.00 |
| Fernanda | V. | $12.00 |
| Benjamin | L. | $39.00 |
| Maria | S. | $24.00 |
| Zlatan | G. | $3.00 |
| Christopher | S. | $30.00 |
| Reina | V. | $3.00 |
| Clemente | F. | $3.00 |
| Alejandra | C. | $3.00 |
| Brenda | R. | $12.00 |
| Angel | C. | $90.00 |
| Rolando | M. | $9.00 |
| Romero | A. | $30.00 |
| Karla | R. | $30.00 |
| Gilberto | G. | $3.00 |
| Jose | M. | $27.00 |
| Alejandro | N. | $6.00 |
| Maria | H. | $3.00 |
| Eric | C. | $3.00 |
| Leticia | R. | $3.00 |
| Danica | V. | $6.00 |

# Exhibit 3

# UNITED STATES DISTRICT COURT

### for the

### District of Colorado

| | |
|---|---|
| Isabel Valverde and Maria Sonia Micol Simon | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 16-cv-00671-RM-MJW |
| Xclusive Staffing, Inc., et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       HCA-HEALTHONE LLC D.B.A. SKY RIDGE MEDICAL CENTER

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| | |
|---|---|
| Place: 1535 High St.<br>        Suite 300<br>        Denver, CO 80218 | Date and Time:<br>**Within 14 days of any order granting the<br>parties' motion for preliminary approval<br>of the settlement.** |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/20/2017

| *CLERK OF COURT* | | |
|---|---|---|
| _____ | OR | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Maria Sonia Micol Simon                                                     , who issues or requests this subpoena, are:
Alexander Hood, Towards Justice; 1535 High St., Suite 300, Denver, CO 80218; alex@towardjustice.org; 720-239-2606

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>EXHIBIT A</u>

Please produce the following documents, electronically stored information, or objects (hereinafter, together, "documents"):

1. All documents provided to you by Xclusive Staffing, Inc. or one of its agents, subsidiaries, or employees, including any contracts and invoices.

2. All documents provided by you to Xclusive Staffing, Inc. or one of its agents, subsidiaries, or employees.

3. All documents containing communications between you and Xclusive Staffing, Inc. or one of its agents, subsidiaries, or employees.

4. All documents containing communications regarding Xclusive Staffing, Inc. or one its agents, subsidiaries, or employees.

5. All timesheets or other documents containing any documentation of time worked by any employee of Xclusive Staffing, Inc. or one of its subsidiaries.

6. All documents containing payroll information—including paystubs, checks, or other pay documentation—for any employee of Xclusive Staffing, Inc. or one of its subsidiaries.

7. All documents containing contact information—including addresses, phone numbers, and email addresses—for any class member listed on the class list attached as an exhibit to the parties' motion for preliminary approval of settlement.