**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 16-cv-00671-RM-MJW

ISABEL VALVERDE;
MARIA SONIA MICOL SIMON; and those similarly situated,

    Plaintiffs,
v.

XCLUSIVE STAFFING, INC.;
XCLUSIVE MANAGEMENT, LLC D.B.A. XCLUSIVE STAFFING; XCLUSIVE STAFFING OF COLORADO, LLC; DIANE ASTLEY;
OMNI INTERLOCKEN COMPANY, L.L.C.;
OMNI HOTELS MANAGEMENT CORPORATION;
JMIR DTC OPERATOR LLC;
MARRIOTT INTERNATIONAL, INC.; and
HCA-HEALTHONE LLC D.B.A. SKY RIDGE MEDICAL CENTER,

    Defendants.

---

## ORDER

---

This matter is before the Court on the Joint Motion for Preliminary Approval of Proposed Class and Collective Action Settlement Agreement between Plaintiff Simon and Defendant HCA-Healthone LLC ("Joint Motion") (ECF No. 161). The Court held a hearing on the Joint Motion on Friday, March 24, 2017. During the hearing, and upon discussion after inquiry to the parties (Plaintiff Simon and Defendant Healthone), among other things, the Court directed one or more of the parties to the Joint Motion to take certain actions, *e.g.*, revising the proposed Notice, and set forth certain dates and deadlines. Upon review and consideration of the Joint Motion; the Final Class and Collective Action Settlement Agreement between Plaintiff Simon and Defendant's HCA-Healthone LLC ("Settlement Agreement") (ECF No. 161-1, No. 169); the proposed Notice, claim form, and opt-out form; the relevant portions of the court file; the

relevant statutes, rules and case law; and the matters discussed and ordered in the hearing, the Court **ORDERS** the following as it relates the Joint motion and Settlement Agreement between Plaintiff Simon and Defendant Healthone:

1. That the Joint Motion for Preliminary Approval of Proposed Class and Collective Action Settlement Agreement between Plaintiff Simon and Defendant HCA-Healthone LLC (ECF No. 161) is **GRANTED**;

2. That the Court preliminarily approves the Settlement Agreement as fair, reasonable, and adequate to the class and proposed collective action classes;

3. That a settlement class ("Rule 23 Class") for Count V brought pursuant to Fed. R. Civ. P. 23(b)(3) is certified as follows:

    ALL CURRENT AND FORMER HOURLY EMPLOYEES OF XCLUSIVE STAFFING, INC., OR ONE OF ITS SUBSIDIARIES, THAT WORKED AT SKY RIDGE MEDICAL CENTER (10101 RIDGEGATE PKWY LONE TREE, CO 80124) BETWEEN JANUARY 1, 2014 TO FEBRUARY 21, 2017.

4. That a settlement class for Count II brought pursuant to 29 U.S.C. § 216(b) is preliminarily certified as follows:

    ALL CURRENT AND FORMER HOURLY EMPLOYEES OF XCLUSIVE STAFFING, INC., OR ONE OF ITS SUBSIDIARIES, THAT WORKED AT SKY RIDGE MEDICAL CENTER (10101 RIDGEGATE PKWY LONE TREE, CO 80124) WHO WORKED MORE THAN 40 HOURS IN ANY WORKWEEK BETWEEN JANUARY 1, 2014 TO FEBRUARY 21, 2017.

5. That Alexander Hood, Esq. and David Seligman, Esq. are approved preliminarily as class counsel for the Rule 23 Class, pursuant to Fed. R. Civ. P. 23;

6. That Plaintiff Maria Sonia Micol Simon is approved preliminarily as the class representative for the Rule 23 Class, pursuant to Fed. R. Civ. P. 23;

7. That Rust Consulting Inc. is appointed to serve as the Settlement Administrator and shall perform all duties required of the Settlement Administrator in accordance with the terms of the Settlement Agreement and this Order (defined by the parties as the "Preliminary Approval Order").  To the extent there is any conflict between this Order and the Settlement Agreement, this Order controls;

8. That the Notice (ECF No. 161-2) is **MODIFIED** ("Modified Notice") as stated on the record during the hearing;

9. That the Modified Notice is approved;

10. That the Claim Form and the Settlement Opt-Out Form (ECF Nos. 161-3, 161-7) are approved;

11. That the Modified Notice, the Claim Form, and the Settlement Opt-Out Form shall be provided to the Claimants in English and Spanish, in accordance with the Joint Motion;

12. That the Settlement Administrator shall mail the Modified Notice, the Claim Form, and the Settlement Opt-Out Form, in English and in Spanish, by first-class mail to each Claimant as set forth in the Settlement Agreement;

13. That, if publication by periodical is necessary, Defendant Healthone shall publish the Modified Notice, in English and in Spanish, in accordance with the Settlement Agreement;

14. That any Claim Form and Settlement Opt-Out Form must be postmarked or received by Rust Consulting Inc. within 126 days of the date of this Order;

15. That any objections to the settlement, Settlement Agreement, class certification, appointment of class counsel, and/or approval of Plaintiff Simon as class

representative must be postmarked or received by Rust Consulting Inc. within 126 days of the date of this Order;

16. That Plaintiff Simon and Defendant Healthone shall take all actions as required under the Settlement Agreement within the stated deadlines, unless otherwise modified by the Court;

17. That, within 147 days of the date of this Order, the parties shall file a joint motion for final approval of the settlement and confirm the date for the fairness hearing.  The joint motion shall be filed with a proposed order, with a copy of the proposed order, in MS Word, sent to Chambers at Moore_Chambers@cod.uscourts.gov;

18. That, on or before August 14, 2017, the parties may file any response to any objections; and

19. That a hearing to consider final approval of the Settlement Agreement, which includes hearing any objections to the settlement, shall be held on Thursday, **September 14, 2017 at 1:30 p.m.**, in the Alfred A. Arraj United State Courthouse, 901 19th Street, Courtroom A601, Six Floor, Denver, CO 80294.  Such hearing may be continued or adjourned by order of the Court.

DATED this 27th day of March, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge