**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 16-cv-00671-RM-MJW

ISABEL VALVERDE;
MARIA SONIA MICOL SIMON; and those similarly situated,

      Plaintiffs,

v.

XCLUSIVE STAFFING, INC.,
XCLUSIVE MANAGEMENT, LLC, dba Xclusive Staffing,
XCLUSIVE STAFFING OF COLORADO, LLC,
DIANE ASTLEY,
OMNI INTERLOCKEN COMPANY, L.L.C.,
OMNI HOTELS MANAGEMENT CORPORATION,
JMIR DTC OPERATOR L.L.C.,
MARRIOTT INTERNATIONAL, INC., and
HCA-HEALTHONE LLC D.B.A. SKY RIDGE MEDICAL CENTER,

      Defendants.

---

**ORDER**

---

      Plaintiffs Isabel Valverde and Maria Sonia Nicol Simon ("Plaintiffs") have filed this class

and collective action complaint alleging they have not been properly and fully paid for work they

performed.  All Defendants, except Defendant HCA-HealthONE LLC d.b.a. Sky Ridge Medical

Center,[1] filed a Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 65).[2]  This matter is

now before the Court on the Report and Recommendation ("Recommendation") (ECF No. 163)

---

[1] Defendant HCA-HealthONE LLC ("HealthONE" or "Sky Ridge") is not a party to the Motion to Dismiss and this Order does not apply to it.  (*See, e.g.,* ECF No. 173.)

[2] Defendant JMIR DTC Operator L.L.C. (referred to by the parties also as the "Hyatt") joined in Defendants Xclusive Staffing, Inc., Xclusive Management, LLC d/b/a Xclusive Staffing, Xclusive Staffing of Colorado, LLC, Diane Astley, Omni Interlocken Company, LLC, and Omni Hotels Management Corporation's Motion to Dismiss. (ECF No. 65, 97, 120.)  As used in this Order, "Defendants" referred to all defendants except HealthONE.

of Magistrate Judge Michael J. Watanabe to grant in part and deny in part the Motion to Dismiss.

Plaintiffs filed an Objection (ECF No. 167) to some of the Recommendation.  Defendants filed a

Response (ECF No. 171) to Plaintiffs' Objection but no objection of their own.  For the reasons

stated below, Plaintiffs' Objection is overruled in part and sustained in part.  Accordingly, the

Recommendation is accepted in part and declined in part, and the Motion to Dismiss is granted

in part and denied in part.

## I.    BACKGROUND

### A. Allegations in Amended Complaint

As no party objected to the general background statement in the Recommendation, it is

accepted.  Nonetheless, a summary of such allegations and additional allegations are provided in

order to provide clarity to the matters raised in the Objection.

Briefly, the named plaintiffs, Mr. Valverde and Ms. Simon, are former employees of

Defendant Xclusive Staffing, Inc. ("Xclusive"), a staffing agency owned by Defendant Diane

Astley.  (Amended Complaint ("AC") ¶¶20, 36, 37, 41, 43.)   Xclusive operates in at least 10

other states using subsidiaries in each state, with Defendant Xclusive Management, LLC

("Xclusive Management") as managers of such subsidiaries.  (AC ¶¶22-24.)  Defendant Xclusive

Staffing of Colorado, LLC ("Xclusive Staffing") is Xclusive's subsidiary (Xclusive, Exclusive

Management, and Xclusive Staffing, collectively, "Exclusive Entities").  (AC ¶25.)  All of these

Xclusive Entities are 100% owned and operated by Defendant Astley.  (AC ¶26.)

The Xclusive Entities provide low-wage workers for their clients, mostly hotels like

Defendants Omni Interlocken Company, LLC, Omni Hotels Management Corporation, JMIR

DTC Operator LLC, and Marriott International, LLC (hereafter, collectively, "Hotel

2

Defendants").  (AC ¶28.)  Such clients also rely on and help control the work of workers

provided by Xclusive.  (AC ¶34.)  Client supervisors take part in training, controlling, and

inspecting the work of Xclusive's employees.  (AC ¶34.)  The Plaintiffs in this case, Mr.

Valverde and Ms. Simon, worked only for Xclusive's clients in Colorado.  (AC ¶¶36-45.)

Plaintiffs allege that Xclusive advertises that it complies with federal, state, and local

laws, including overtime laws, but, in reality, maintains policies that violate state and federal

wage and hour laws.  (AC ¶¶46-49.)  These policies or practices consist of (1) weekly deductions

of $3.00 from workers' paychecks as an administrative charge and deductions of other expenses

(including clothing, name tags, criminal background checks, and tools/equipment) from wages

which are primarily for the benefit of the employer (AC ¶¶50, 52, 58, 59) (collectively, the

"$3.00 deduction policy"); (2) automatic deductions of a 30-minute break from workers' work

time each day irrespective of whether they actually took a break (AC ¶¶60-74) resulting in

paystubs which do not reflect all time worked, i.e., workers were not paid for all time worked

(the "30-minute deduction policy"); and (3) the failure to afford workers compensated 10 minute

rest breaks each four hours as required under the Colorado Wage Order, resulting in workers not

being paid for 10 minutes of time (AC ¶¶75-82).

According to Plaintiffs, Defendant Astley formed an association-in-fact with Xclusive

and all of its associated entities and subsidies or, in the alternative, Xclusive and all of its

associated entities and subsidiaries formed an association-in-fact, which Plaintiffs called the

"Astley Enterprise."   (AC ¶¶85-91.)  The Ashley Enterprise allegedly engaged in the following

four interrelated wire fraud schemes: (1) "the USDOL scheme"[3] which implicated the automatic 30-minute lunch break deductions and resulting underpayment of workers (AC ¶¶94-109); (2) "the website scheme" (AC ¶¶ 110-114); (3) "the electronic timekeeping scheme" in underreporting employee work hours, in particular the untaken 30-minute breaks (AC ¶¶115-123); and (4) "the faxed timesheet scheme" which underreported employee work hours and, in particular, the untaken 30-minute breaks (AC ¶¶124-131).

Plaintiffs' Rule 23 class allegations state there are common questions of law and fact among the preliminarily defined classes, including: "Defendants' pay practices; the Defendants' failure to pay employees all they are legally owed; the nature and extent of Defendant Astley's fraud; [and] the nature and extent of the antitrust agreements."  (AC ¶142.)  As for Plaintiffs' collective action allegations under the Fair Labor Standards Act ("FLSA"), they assert that members suffered from "the same policies of Defendants, including" the $3.00 deduction policy and the 30-minute deduction policy.  (AC ¶¶153-159.)

Based on such allegations, the following claims have been asserted by Plaintiffs individually and on behalf of various preliminarily defined subclasses:

Count I:  Civil RICO[4]

Count II: FLSA

Count III: Failure to Pay Statutory Required Wages, including Overtime, Under the Laws of the Several States

Count IV: Failure to Provide 10 Minute Breaks under Colorado Law

---

[3] Xclusive has allegedly been investigated several times by the U.S. Department of Labor Wage & Hour Division for minimum wage and overtime violations and found to have violated one or more of such regulations.  (AC, e.g., ¶¶83, 84.)

[4] Racketeer Influenced and Corrupt Organizations Act, under 18 U.S.C. § 1964(c).

Count V: Illegal Deduction under Colorado Law

Count VI: Equity under the Laws of the Several States

(*See* Amended Complaint.)

### B. The Stay and the Recommendation

After Defendants filed the Motion to Dismiss, they[5] filed a motion to stay all discovery. The Magistrate Judge granted the stay pending resolution of, among other things, the Motion to Dismiss. (ECF No. 124.) That discovery stay remains in place today.

The Magistrate Judge has now recommended the Defendants' Motion to Dismiss be denied in part and granted in part. Specifically, the Magistrate Judge recommended the following dismissals: (1) Count I: preemption – dismissal with prejudice of the RICO claim as it is preempted by the FLSA; (2) Count II, III, and IV: failure to state a claim – dismissal of Plaintiff Simon only, with prejudice; (3) Count III, IV, and V: standing – dismissal without prejudice of these claims to the extent they are based on conduct occurring outside the state of Colorado; (4) Count V: failure to state a claim – dismissal of Hotel Defendants, with prejudice; and (5) Count VI: preemption and failure to state a claim – dismissal with prejudice. The Recommendation otherwise denied Defendants' Motion to Dismiss. It is, of course, the recommendation of dismissals to which Plaintiffs' object.

## II.   LEGAL STANDARD

### A. Review of a Magistrate Judge's Report and Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires the district court judge to "determine de novo any part of the

---

[5] Except Defendant JMIR/Hyatt.

magistrate judge's [recommendation] that has been properly objected to."  In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  An objection is proper if it is filed within fourteen days of the magistrate judge's recommendations and specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  The district judge need not, however, consider arguments not raised before the magistrate judge.  *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### B.  Motions to Dismiss

#### 1.  Fed. R. Civ. P. 12(b)(1)

Motions to dismiss under Rule 12(b)(1) are, generally, either a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction or a factual attack which goes beyond the allegations and challenges the facts on which subject matter jurisdiction is based.  *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).  A facial attack

challenging the sufficiency of the complaint requires the court to accept the allegations of the complaint as true.  *Stuart*, 271 F.3d at 1225; *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.1995) (internal citation omitted).

### 2.  Fed. R. Civ. P. 12(b)(6)

In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135–36 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010).  Conclusory allegations are insufficient.  *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).  Instead, in the complaint, the plaintiff must allege a "plausible" entitlement to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007).  A complaint warrants dismissal if it fails "*in toto* to render plaintiffs' entitlement to relief plausible."  *Twombly*, 550 U.S. at 569 n.14 (italics in original).  "In determining the plausibility of a claim, we look to the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard does not require a plaintiff to set forth a prima facie case for each element."  *Safe Street Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (citation, internal quotation marks, and alteration omitted).  The "'burden[, however,] is on the moving party to prove that no legally cognizable claim for relief exists.'"  *Hall v. Oliver*, Civil Action No. 15-cv-01949-RBJ-MJW, 2017 WL 1437290, at *4 n.1 (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed.)).

### 3. This Court's Civil Practice Standards

As relevant to the parties' arguments, and in keeping with the standards under Rule

12(b)(6), pursuant to Section IV.M.2.c of Judge Raymond P. Moore's Civil Practice Standards

("Standards"), with respect to motions brought pursuant to Rule 12(b)(6): "For each claim for

relief that the movant seeks to have dismissed, the movant shall clearly enumerate each element

that movant contends must be alleged, but was not." In response, the respondent must identify

those elements which he/she disputes and identify where in the complaint he/she contends

contains proper and sufficient factual allegations are contained. Standards at Section IV.M.2.c.

## III.   ANALYSIS

### A. Matters to which there are No Objections

As stated, the Magistrate Judge made certain recommendations to which no objections

have been filed.   They are as follows: (1) to deny the Motion to Dismiss as to Counts II, III, and

IV as they relate to Plaintiff Valverde; (2) to deny the Motion to Dismiss as to Count V as it

relates to Defendant Xclusive; and (3) to deny, without prejudice, the Motion to Dismiss to the

extent Defendants ask the Court to decline to exercise supplemental jurisdiction over Plaintiffs'

Rule 23 class claims. The Court has reviewed these recommendations and, after finding no clear

error, ACCEPTS such recommendations.

### B. Matters to which an Objection has been Made

### 1. Count I – RICO and "Preemption"

Defendants moved to dismiss based on three theories, including standing and preemption.

In the interests of judicial efficiency, the Magistrate Judge focused on the issue of preemption.

In the ordinary case, however, courts "must resolve jurisdictional issues, such as sovereign

immunity and standing, before addressing the merits of the claim, even if the jurisdictional questions are difficult and [they] could easily decide the merits." *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cty., Okla. v. City of Guthrie*, 654 F.3d 1058, 1068–70 (10th Cir. 2011) (quotation marks, citation, and alterations omitted; brackets added).   Which raises the issue of whether the "additional standing" criterion raised by Defendants is jurisdictional.

Defendants raised the standing issue under Rule 12(b)(6) (ECF No. 65, pages 1 n.2, 2-6), but, as the Magistrate Judge recognized, the Tenth Circuit has treated RICO standing as jurisdictional under Rule 12(b)(1).   *See Gillmor v. Thomas*, 490 F.3d 791, 797 (10th Cir. 2007) (stating that although district court did not address the issue of RICO standing, appellate court was under a continuing obligation to ensure the district court had jurisdiction).   The Tenth Circuit's recent decision in *Safe Street Alliance, supra*, however, has now "properly characterized" what once was called "RICO standing" "as the usual pleading-stage inquiry" which does not implicate subject-matter jurisdiction.   859 F.3d at 887.   Accordingly, as "RICO standing" is not jurisdictional, the Court starts with what the Recommendation addressed – preemption.

The Magistrate Judge found Plaintiffs' RICO claim was preempted as it stems from their FLSA claim for unpaid overtime.   Plaintiffs challenge this recommendation relying on several arguments, all of which Defendants contend are unavailing.   The Court agrees.

As an initial matter, although not raised by the parties, the Court notes that "one federal statute cannot preempt another," *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1205 n.2 (10th Cir. 2007), but that does not resolve the question of whether a RICO claim may be sustained in

light of FLSA's comprehensive statutory scheme.  Plaintiffs raise three arguments as to why the Recommendation should be rejected.  The Court addresses each in turn.

First, Plaintiffs argue that, under the Recommendation's approach, FLSA plaintiffs cannot state RICO claims where "'but for the FLSA's wage and overtime rules, [the defendant's] conduct would not be actionable under RICO.'"   (Objection, pages 2-3, brackets in original.) However, such a cursory argument, devoid of any analysis or legal support, is waived.  *Bronson v. Swensen*, 500 F.3d 1099, 1105 (10th Cir. 2007) (cursory arguments, without supporting analysis and case law, are waived).

Next, Plaintiffs contend that even accepting the Recommendation's position that the FLSA preempts RICO claims, their RICO claims which do not turn on the denial of overtime pay under federal law survives.  Thus, Plaintiffs assert, their RICO claim based on violations of state law, e.g., the failure to pay them "straight time," should not be dismissed.  Such assertion, however, is unavailing.  As Defendants noted, Plaintiffs failed to raise this argument – that their RICO claim is based on more than conduct which violates the FLSA – before the Magistrate Judge.  Accordingly, such argument is also waived.  *Garfinkle,* 261 F.3d at 1031.

Finally, Plaintiffs argue the Recommendation is incorrect because (1) the FLSA allows other claims arising from the same course of wrongdoing as FLSA violations, relying on 29 U.S.C. § 218(a); and (2) more recent case law is to the contrary, relying on *Irigoyen-Morales v. Concreations of Colo., Inc*., No. 15-cv-02272-LTB-KLM, 2016 U.S. Dist. LEXIS 85837 (D. Colo. June 30, 2016).  Plaintiffs' reliance, however, is misplaced.

Specifically, Section 218(a) provides that "[n]o provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance

establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter…." This savings clause, by its plain terms, "applies only to laws that establish either a higher minimum wage or a lower maximum workweek." *DeSilva v. North Shore-Long Island Jewish Health System, Inc.*, 770 F. Supp. 2d 497, 517 (E.D.N.Y. 2011). In other words, the claims the FLSA savings clause "allows" are those which are founded on wage and hour regulations; it does support Plaintiffs' proposition that RICO claims are allowed.

And, as for *Irigoyen-Morales* and the other "more recent" case law Plaintiffs rely upon, they too fail to show the Recommendation was incorrect. In *Irigoyen-Morales, supra,* at issue was whether leave to amend should be denied based on futility. Resolution of the issue required that court to determine whether the Colorado Wage Claim Act ("CWCA") would support a claim for overtime pay owed under the FLSA; that court found it would. The issue of FLSA preemption, the savings clause, or RICO was neither raised nor addressed. [6] Accordingly, Plaintiffs' objection to the Recommendation to the dismissal of the RICO claim is overruled.

---

[6] Plaintiffs' "more recent" cases cited in footnote 4 of their Objection fair no better. In *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 263 (3d Cir. 2012), the Third Circuit applied the Supremacy Clause, and found the FLSA did not preempt the Maryland or Ohio wage laws, even though they were not expressly preserved under the FLSA savings clause. As relevant here, the Third Circuit found the state wage laws were not impliedly preempted and that plaintiffs did not seek to enforce rights conferred under the FLSA through state-law remedies. If anything, *Knepper* supports the Recommendation – that Plaintiffs may not use non-labor laws (here, RICO) to enforce the provisions of the FLSA. In *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743 (9th Cir. 2010), *vacated on other grounds*, 132 S. Ct. 74 (2011), the Ninth Circuit decided the FLSA did not preempt a state law unfair business practices statutory claim which "borrows violations of other laws" and treats them as unlawful practices independently actionable. *Id.* at 758. While that case dealt with FLSA preemption, it did so in the context of a state specific statute which the Ninth Circuit found allowed it to borrow its substantive standard from the FLSA. *Id.* at 760. Finally, as to *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1042 (2016), while the Supreme Court noted the Iowa wage law was used in the litigation as a state-law mechanism for recovery of FLSA-mandated overtime pay, such notation, without more does not serve as an invitation to allow RICO claims for the same recovery. After all, the issues in *Bouaphakeo* were class certification and whether a jury verdict could stand.

## 2. Count II – FLSA

After analyzing the allegations, and specifically the alleged 30-minute deduction policy, the Recommendation found Plaintiff Simon failed to state a claim under the FLSA for overtime pay violations.  Plaintiff Simon raises three objections here.  First, Plaintiff Simon asserts she did not intend to plead an FLSA claim based on the 30-minute deduction policy.   She alleges she is uncertain whether she worked more than 40 hours in the weeks in which she experienced the 30-minute deductions.  As such, she requests that the FLSA claim under this policy be dismissed without prejudice as she has been precluded from conducting discovery.  Next, Plaintiffs argue Ms. Simon's FLSA overtime claim is based on the $3.00 deduction[7] and the Recommendation incorrectly applied the pleading requirement under Rule 8.  Finally, Plaintiffs argue that if dismissal based on the $3.00 deduction is warranted, it should be without prejudice.

The Court starts with what Plaintiff Simon claims she intended – or did not intend – to plead.  Despite her contention, even a cursory review of the Amended Complaint shows the 30-minute deduction policy was plead as to both Plaintiffs on the FLSA claim.  *E.g.,* AC at ¶172 ("Defendants…were required to pay the Plaintiffs … their regular rate for meal breaks that were deducted from compensated time, but never given or taken, and failed to do so.")  That leaves the issue of whether such pled claim should be dismissed with or without prejudice.

While Plaintiffs were precluded from conducting discovery, the question is whether Plaintiff Simon should know whether she worked more than 40 hours for any week, or whether such information is peculiarly within the possession of Defendants such that discovery was

---

[7] Plaintiffs' allegations about improper deductions included more than the $3.00 deductions (see AC ¶¶49-59, 159.a) but they have raised only the $3.00 deduction in their Objection (ECF No. 167, pages 1-2, 6); therefore, the Court limits its review only as to such deduction, and not the $3.00 deduction policy as defined in herein.

necessary.  Based on the allegations, Plaintiffs worked for numerous clients and the hours

worked may have varied week to week.  However, Ms. Simon alleges that, for clients other than

Defendant Sky Ridge/HealthONE, she remembers only receiving one 30-minute break "*ever.*"[8]

Surely Plaintiff Simon can recall whether she worked more than 40 hours for any of those weeks

worked,[9] and her conclusory argument does not show otherwise.  Accordingly, the Court

overrules Plaintiffs' objection and accepts the recommendation to dismiss Plaintiff Simon's

FLSA claim based on the 30-minute deduction policy with prejudice.

As for Plaintiffs' reliance on the $3.00 deduction, Defendants argue the original

complaint alleged an FLSA claim based on this deduction but the Amended Complaint alleges

only a CWAC claim based on such deduction.   The Court finds otherwise.

Although Plaintiffs could have been clearer, the Court finds the allegations sufficient to

put Defendants on notice that the FLSA claim included the $3.00 deduction.  First, the

allegations concerning the $3.00 deduction in the Amended Complaint *added* to the allegations

contained in the original complaint (*cf.* Complaint ¶¶40-46 *with* AC ¶¶49-59).  Next, the *FLSA*

collective action allegations under both complaints explicitly identify the $3.00 deduction

(Complaint ¶120.a and AC ¶159.a).  And, while the Amended Complaint added a CWAC claim

for the $3.00 deduction, that does not negate the existence of an FLSA claim for the same $3.00.

The Court recognizes that Count II specifically identifies only the 30-minute deduction policy,

but that too is insufficient to find Defendants were not on sufficient notice.  When the Amended

Complaint is read in its entirety, including those allegations which precede the claim at issue and

---

[8] AC at ¶68, emphasis in original.

[9] In addition, Plaintiff Simon's position as to the 30-minute deduction appears inconsistent with her allegation that her FLSA claim is based on Defendants' deducting $3.00 from her paycheck during weeks when she worked more than 40 hours.  It is unclear how Plaintiff Simon is able to "allege" she worked more than 40 hours a week to support her $3.00 deduction claim but not her 30-minute deduction policy claim.

which are incorporated by reference, Defendants were on sufficient notice.  Accordingly,

Plaintiffs' objection to the dismissal of Plaintiff Simon's FLSA claim based on the $3.00

deduction is sustained and the Court declines to accept the recommendation to dismiss on this

basis.[10]

### 3.   Count III, IV, and V – State Law Claims

The Magistrate Judge recommended dismissal based on lack of standing as to Counts III,

IV, and V to the extent the class action claims are based on conduct occurring outside the state of

Colorado.[11]  Plaintiffs acknowledge the courts have gone both ways on this issue, but object as

the "better approach" is to defer the standing analysis until after a class is certified.  As

Defendants argue, Plaintiffs do not contend the Magistrate Judge erred.  Regardless, the Court

has considered Plaintiffs' arguments and conducted an analysis of the issue.  The Court has

reviewed numerous decisions and recognizes there is a divergence of opinions among the various

courts on the issue at hand, none of which are binding on this Court.  *E.g., Wilson v. EverBank,*

*N.A.*, 77 F. Supp. 3d 1202, 1229-1231 (S.D. Fla. 2015) (court declined to consider the standing

issue "at this logically precedent stage in the litigation," denying defendants' motion to dismiss

based on lack of standing); *Le v. Kohls Dept. Stores, Inc.*, 160 F. Supp. 3d 1096, 1112 nn.10-11

(E.D. Wis. 2016) (finding plaintiff has standing; collecting cases); *In re DDAVP Indirect*

*Purchaser Antitrust Lit.*, 903 F. Supp. 2d 198, 213-214 (S.D.N.Y. 2012) (stating it joins the

"growing consensus" and finds "that class certification is logically antecedent to the issue of

---

[10] The Court notes that, in their Motion for Judgment on the Pleadings (referenced by Defendants in their Response), Defendants stated the Complaint was also "unclear" (ECF No. 43, page 20) as to Plaintiffs' reliance on the $3.00 deduction under the FLSA claim, but Defendants were nonetheless able to recognize that such a claim was alleged.

[11] The Court does not read all three counts to include conduct outside of the state of Colorado.  Nonetheless, as the parties have argued on the basis that they do include such conduct, the Court assumes the three counts include such conduct.  The Court also notes that Count VI appears to raise common law claims under the laws "of the several states," but Defendants did not move to dismiss based on standing as to this count.

standing in this case"; collecting cases); *Thomas v. Met. Life Ins. Co.*, 540 F. Supp. 2d 1212, 1223-1226 (W.D. Okla. 2008) (rejecting plaintiffs' position that determination of standing to bring state law claims should be deferred until after class certification); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 63-65 (2nd Cir. 2012) (finding flawed those decisions which decide class certification first and then treating class as a whole as relevant inquiry for Article III purposes). The Court has also examined *Smith v. Pizza Hut, Inc.*, No. 09-cv-01632-CMA-BNB, 2011 WL 2791331 (D. Colo. July 14, 2011) and the Magistrate Judge's consideration of the same. After careful consideration of the various opinions, the Court agrees with the approach taken under *Pizza Hut* – and other similar decisions – that standing must be decided first. Accordingly, Plaintiffs' objection is overruled and, to the extent the class action claims under Counts III, IV, and V are based on laws of states other than Colorado, such claims are dismissed without prejudice for lack of standing.

### 4. Count III – Failure to Pay Statutorily Required Wages – Plaintiff Simon

The Magistrate Judge recommended dismissing, with prejudice, Plaintiff Simon's Count III for failure to state a claim for overtime under state law. Plaintiff raises the following objections: (1) her Count III overtime claim is currently based solely on the $3.00 deduction, which is duplicative of her claim based on the $3.00 illegal deduction (Count V), so she does not object to dismissal but requests it be without prejudice in the event she discovers she worked more than 40 hours a week in a workweek when she suffered from the 30-minute deduction policy; and (2) Count III is also a claim for unpaid straight time, which survives as Defendants never moved to dismiss Count III on this basis.

Starting with Plaintiffs' first contention, as Plaintiff Simon does not object to the dismissal of the overtime claim based on the $3.00 deduction as admittedly duplicative, it should be dismissed.  Plaintiffs' request for dismissal without prejudice, relying on her need for discovery related to the 30-minute deduction policy, however, is rejected on the same basis such request was rejected under her FLSA claim.  Accordingly, any claim for overtime is dismissed with prejudice.

Plaintiff Simon's claim for unpaid straight time is another matter.  Defendants' assertion that Plaintiff Simon did not previously raise this basis/argument is unavailing.  It was Defendants' Motion to Dismiss, and it was up to Defendants to address all the bases for their requested dismissal.  Plaintiff Simon was not required to argue against a request Defendants failed to make.  And, Count III clearly stated that it was based on a failure to pay statutorily required wages – "*including* overtime."  (AC, page 30 (emphasis added); *see also* AC ¶179 (addressing overtime), ¶180 (addressing "also fail[ing] to pay all wages due").)  Defendants cannot argue now that Plaintiff Simon did not adequately allege such a claim or that it is somehow duplicative of Count V, having failed to raise such arguments before the Magistrate Judge.  Accordingly, Plaintiff Simon's objection to dismissal of Count III based on unpaid straight time is sustained.  The objection as to dismissal of Count III based on overtime pay, however, is overruled.

### 5.  Count IV – 10 Minute Break Policy under State Law – Plaintiff Simon

The Magistrate Judge also recommended dismissing, with prejudice, Plaintiff Simon's Count IV for failure to state a claim.  Plaintiff Simon objects, arguing her claim is only against Defendant Xclusive and that claim is sufficiently pled.  The Court agrees.

Contrary to Defendants' contention, Plaintiff Simon sufficiently alleges which defendant deprived her of her breaks, and the dates and times when she work and was not provided a break. Specifically, as Plaintiff Simon argues, her claim is only against Defendant Xclusive – the "who" or "which" defendant that deprived her of breaks; she identifies where – at Xclusive's clients' locations, other than Sky Ridge (AC ¶¶43, 79); and she identifies when – "[d]uring her time working for Xclusive, [she] did not receive *any* 10 minute rest breaks, except at the Sky Ridge Medical Center" during a two-month stint in late 2015.  (AC ¶¶41, 43, 79 (italics added).)   Thus, Plaintiff Simon alleges that, except for the approximately two month stint in late 2015 when she worked at Sky Ridge (AC ¶¶41, 43, 79), she never received any 10 minute rest break from Defendant Xclusive during her employment.  And, Plaintiff Simon alleges, as a result, she was not paid for 10 minutes of time that she should have been paid during each four hours worked without a break.  (AC ¶82.)  Such allegations are sufficient; Plaintiff Simon's objection is sustained.

**6.  Count V – Illegal $3.00 Deduction under State Law**

On this claim, the Magistrate Judge recommended dismissal of the client defendants (the Hotel Defendants) for failure to sufficiently allege how they are liable as joint employers.  The Recommendation stated that "Plaintiffs do not state what elements are required in order for individuals or entities to be considered joint employers."  (Rec., page 25.)  Plaintiffs object, arguing this finding is in response to vague assertions by Defendants that Plaintiffs failed to sufficiently allege how these Defendants are liable, and that such finding and Defendants' argument are contrary to this Court's Standards.  The Court agrees.

As reflected in this Court's Standards, under a motion to dismiss, in the usual case, the moving party bears the initial burden.  Thus, the movant is to enumerate the elements of a claim that should have been alleged but were not.  Here, Defendants failed to do so.  Indeed, Defendants failed to cite to any legal authority to support their position that Plaintiffs' claim is deficient as to the Hotel Defendants.  *See, e.g., Robey-Harcourt v. BenCorp Fin. Co.*, 326 F.3d 1140, 1143 (10th Cir. 2003) ("Parties must support their arguments with legal authority."); *Rios v. Ziglar*, 398 F.3d 1201, 1206 n.3 (10th Cir. 2005) (same).  Although it is not the obligation of the Court to do so, its search found no Colorado case applying a joint employment test to a CWCA claim.[12]  But, as the court stated in *Solis v. Circle Group, LLC*, No. 16-cv-01329-RBJ, 2017 WL 1246487 (D. Colo. Apr. 5, 2017), "this silence is not fatal; instead, this Court must attempt to predict what the state's highest court would do."  2017 WL 1246487, at *4 (quotation marks and citation omitted).  The problem, however, is that Defendants have failed to articulate what standards the Colorado courts would use and, therefore, this Court should apply.  And, as Plaintiffs have noted, they have alleged that Defendants are joint employers under the FLSA (AC, e.g., ¶175) and Defendants have not challenged the sufficiency of those allegations.[13]  And, further, *if* Defendants are joint employers and *if* such joint employment renders them jointly and severally liable, *see Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 134 (4th Cir. 2017), then whether the Hotel Defendants personally "participated" in the $3.00 deductions – a challenge raised by Defendants – may not be an issue.  But, the Court leaves these questions for

---

[12] Defendants did not contest that joint employer status was permissible under the CWCA.

[13] Plaintiffs' Count V incorporates by reference all previous paragraphs, including those related to Defendants' alleged status as a joint employer.  Of course, by this reference, the Court is not finding that allegations sufficient under the FLSA would be sufficient under the CWCA or vice versa.

another day, with a better record.  On the record currently before the Court, Plaintiffs' objection

is sustained.

### 7.  VI – Equity under State Laws

Count VI seeks to assert three contractual claims.  The Magistrate Judge recommended

dismissal of the breach of implied contract claim and unjust enrichment claim based on

preemption by the FLSA and of the promissory estoppel claim based on failure to state a claim.[14]

In doing so, the Magistrate Judge analyzed the implied-in-fact contract claim as only a

restatement of Plaintiffs' FLSA claim and the unjust enrichment claim as an unpaid overtime

claim.  Plaintiffs argue these claims cannot be preempted for the same reasons the RICO claim

cannot be preempted – that these claims are based on the failure to pay not only statutory

overtime but also for all hours worked.  In addition, Plaintiffs assert their promissory estoppel is

sufficient as they have alleged Defendants promised to pay for all hours worked but did not.

As the Recommendation stated, the FLSA creates a private right of action against

employers who violate the minimum wage requirement or the overtime compensation

requirement.  (Rec., page 14.)  And, the Court agrees with the Recommendation's analysis that

Plaintiffs' contract/quasi contract claims are preempted to the extent they are for unpaid overtime

wages or are simply a restatement of their FLSA claim.  *See, e.g., Chytka v. Wright Tree Serv.,*

*Inc.*, 925 F. Supp. 2d 1147, 1173 (D. Colo. 2013) (plaintiff's unjust enrichment claim preempted

to extent she claimed she was not paid overtime); *Barnett v. Pikes Peak Community College*

*Police Dept.*, No. 14-cv-02820-LTB, 2015 WL 4245822, at *5 (D. Colo. July 14, 2015) (a

---

[14] The Magistrate Judge stated the only thing that stopped the promissory estoppel claim from being preempted was because he was unable to determine the basis for the claim.

breach of contract claim which "merely echoes" an FLSA claim is preempted).[15]  But, as

Plaintiffs argue, their claim alleges something more, *i.e.,* the failure to pay straight time, which

the Court finds is not a matter within the scope of the FLSA.  *Eagle v. Freeport-McMoran, Inc.,*

No. 2:15-CV-00577-MV-SMV, 2016 WL 7494277, at *4 (D.N.M. May 26, 2016) (plaintiff's

common law claim with respect to straight time not preempted because FLSA does not provide a

claim for unpaid straight time); *DeSilva*, 770 F. Supp. 2d at 533 (plaintiffs' common law claims

seeking straight time pay not preempted by the FLSA as they are not duplicative of the FLSA

claims).  Accordingly, Plaintiffs' contract/quasi-contract claim with respect to straight time is not

preempted.

     As for Plaintiffs' promissory estoppel claim, the Recommendation found it insufficient as

the allegations failed to identify a promise which Plaintiffs reasonably relied on to their

detriment; that Plaintiffs' argument they justifiably relied on Defendant Xclusive's public

statements about its wage policies is unsupported by the Amended Complaint.  In their objection,

Plaintiffs assert that the Recommendation failed to consider their allegation that Defendant

Xclusive promised to pay for all hours worked.  As Defendants argue, however, even

considering such an allegation, there is still the lack of any allegation of reliance on any promise.

*See Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 712 (Colo. 1987) (theory of promissory

estoppel requires reasonable reliance).  As such, Plaintiffs have failed to state a claim for

promissory estoppel.  Their objection as to this claim is overruled.

---

[15] The Court agrees with *Barnett* to the extent that a breach of contract claim which "merely echoes" an FLSA claim it is preempted; however, it finds the allegations here to be more than an echo.

Finally, Plaintiffs assert that this claim should be dismissed without prejudice, but fails to articulate any reason why it should be so.  Such a conclusory assertion is waived. *Bronson,* 500 F.3d at 1105.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. That "Plaintiffs' Objection to Report and Recommendation on Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (ECF Doc. 163)" (ECF No. 167) is SUSTAINED in part and OVERRULED in part as stated herein;

2. That the "Report and Recommendation on Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Docket No. 65)" (ECF No. 163) is ACCEPTED in part and REJECTED in part as stated herein;

3. That Defendants' Motion  to Dismiss Plaintiffs' Amended Complaint (ECF No. 65) is GRANTED in part and DENIED in part as follows:

    a) COUNT I:

      - GRANTED and this claim is dismissed with prejudice;

    b) COUNT II:

      - DENIED as to Plaintiff Valverde;

      - GRANTED as to Plaintiff Simon to the extent it is based on the 30-minute deduction policy and this count is DISMISSED with prejudice as to this basis only; and

      - DENIED as to Plaintiff Simon to the extent it is based on the $3.00 deduction;

c) COUNT III:

- GRANTED to the extent the class action claims are based on conduct occurring outside of Colorado, and this count is dismissed without prejudice on this basis;

- DENIED as to Plaintiff Valverde as to the remaining allegations;

- GRANTED as to Plaintiff Simon to the extent it is based on unpaid overtime and such count is dismissed with prejudice on this basis;

- DENIED as to Plaintiff Simon to the extent it is based on unpaid straight time;

d) COUNT IV:

- GRANTED to the extent the class action claims are based on conduct occurring outside of Colorado, and this count is dismissed without prejudice on this basis;

- DENIED as to Plaintiffs Valverde and Simon as to the remaining allegations;

e) COUNT V:

- GRANTED to the extent the class action claims are based on conduct occurring outside of Colorado, and this claim is dismissed without prejudice on this basis;

- DENIED on the remaining claim as it relates to all Defendants, including the Hotel Defendants;

    f)  COUNT VI:

- GRANTED as to Plaintiffs' breach of implied contract and unjust enrichment claims to the extent they are based on unpaid overtime, and such claims are dismissed with prejudice;

- DENIED as to Plaintiffs' breach of implied contract and unjust enrichment claims to the extent they are based are unpaid straight time;

- GRANTED as to Plaintiffs' claim based on promissory estoppel and this claim is dismissed with prejudice; and

    g)  Supplemental Jurisdiction: DENIED without prejudice to the extent Defendants request the Court to decline to exercise supplemental jurisdiction over Plaintiffs' Rule 23 class claims.

DATED this 5th day of September, 2017.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge