# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No. 16-cv-00671-RM-MJW

ISABEL VALVERDE;
MARIA SONIA MICOL SIMON; and those similarly situated

    Plaintiffs,

v.

XCLUSIVE STAFFING, INC.; *ET AL.*,

    Defendants.

---

**REPLY TO MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY REGARDING PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION [ECF DOC. 139]**

---

## INTRODUCTION

Defendants' Response, ECF Doc. 199 (hereinafter, "Response"), suggests that Plaintiffs have some sort of nefarious purpose for seeking to supplement their Motion for Conditional Certification under the Fair Labor Standards Act, 29 U.S.C. § 216(b), with Mr. Trejo's declaration. Defendants ignore that Plaintiffs and Mr. Trejo submit Mr. Trejo's declaration in support of Plaintiffs' Motion for Conditional Certification in *this* case—as opposed to in support of a separate, overlapping motion for conditional certification in Mr. Trejo's case—to streamline litigation of these two related cases. And they submit the declaration at this stage because it only recently became clear that Mr. Trejo may not need to file a motion for conditional certification in his own case.

Defendants also argue that *Beltran v. Interexchange*, 14–cv–03074–CMA–KMT (D. Colo.) and the court's recent order conditionally certifying the plaintiffs' FLSA claims in that case

1

are inapposite. Defendants ignore that Plaintiffs seek leave to submit *Beltran* as supplemental authority in support of an argument that is central to the scope of notice-stage certification in this case—that the temporal scope of a FLSA class can be expanded for notice purposes, while the court defers resolution of whether the FLSA statute of limitations is tolled because of the defendant's misconduct.

**A. <u>Jose Trejo Declaration</u>**

In their Response, Defendants argue that Plaintiffs are somehow trying to "have their cake and eat it too" by Mr. Trejo explicitly preserving his right to file a motion for collective certification in his own case while filing a declaration in support of a motion for conditional certification in this case. Response at 3. In so arguing, Defendants wrongly assume that defeating a motion for collective certification in one case should somehow preclude a similar motion in different case with different plaintiffs. That argument has no basis. By filing a declaration here, Mr. Trejo is simply recognizing the obvious: it makes little sense to certify multiple collective actions against the same employer regarding the same allegedly illegal pay policies. *See* ECF Doc. 196 at 2 (citing *Schucker v. Flowers Foods, Inc.*, 2017 WL 3668847, at *5 (S.D.N.Y. Aug. 24, 2017)). Mr. Trejo and Plaintiffs think that Mr. Trejo's declaration offers the Court important evidence in support of their motion for conditional certification. If the Court certifies Plaintiffs' FLSA claims in this case, Mr. Trejo may not need to file a separate motion for conditional certification under the FLSA in his case. Plaintiffs and Mr. Trejo are genuinely trying to simplify and streamline the motion practice in this case and the related litigation.

Defendants next argue that Plaintiffs are somehow too late in submitting the declaration for consideration because it has been 10 months since the filing of the Motion and that, according

to Defendants, Plaintiffs knew about Mr. Trejo five months ago. Tellingly, Defendants cite *no* case law for why these assertions have any relevance to the Court's determination of whether to consider the declaration. Defendants do not claim that Plaintiffs were aware of Mr. Trejo or his testimony ***when Plaintiffs filed the motion to certify***, which they were not.

But even if delay were somehow relevant, Plaintiffs have not delayed. Plaintiffs and Mr. Trejo decided to file the declaration here, rather than as an exhibit to a separate motion for collective certification in Mr. Trejo's case, after the September 5, 2017 order from Judge Moore on Plaintiffs' objection to the Magistrate Judge's Report and Recommendation. *See* ECF Doc. 193. The Report and Recommendation concluded that Plaintiffs failed to allege a FLSA claim for unpaid overtime resulting from the $3.00 deduction policy, while Judge Moore disagreed and allowed this claim to proceed in *Valverde*. Once Mr. Trejo knew that this claim, which he also alleges, would be considered in *Valverde*, he decided against filing his own motion to certify a collective action in *Trejo* and instead offered his declaration as a supplement to the pending motion for conditional certification in *Valverde*. In other words, the utility of Mr. Trejo's declaration in this case became relevant only very recently.

Defendants also attempt to argue that Plaintiffs are somehow attempting to save their motion for conditional certification at the eleventh hour by adding a declaration, which Defendants argue is necessary for certification. But the premise of this argument is based on a flawed understanding of the law. Declarations can be used to support a FLSA certification, but are not required. *See* ECF Doc. 151 at 2, Reply to Motion to Certify (quoting *Lysyj v. Milner Distribution All., Inc.*, 2014 WL 273214, at *3 (D. Colo. Jan. 24, 2014) (Moore, J.) ("[A]t the conditional

certification stage, Plaintiffs are required merely to present 'substantial allegations' that all members of the putative class were subject to a single decision, policy or plan.")).

Finally, Defendants argue that the Trejo declaration should be ignored as inadmissible hearsay. First, this Court has clearly held that conditional certification does not require admissible evidence. *See* ECF Doc. 151 at 2-3 (quoting *Lysyj*, 2014 WL 273214, * 3). This makes good sense given that even Rule 23's much more rigorous standard does not require admissible evidence. *Id.* at 3 (citing *Zuniga v. Bernalillo Cty*., 2016 WL 7210148, at *17 (D.N.M. Oct. 25, 2016)). But even if hearsay were barred for the purposes of conditional certification, the statements at issue were statements by agents of Xclusive and are therefore not hearsay because they are admissions of a party opponent. *See* Fed. R. Evid. 801(d)(2).

**B. The Court Should Consider *Beltran***

The entirety of Defendants' argument against consideration *Beltran* is based on attempts to distinguish that case from this one. First, Defendants' attempts to distinguish *Betran* make little sense. The only proposition that Plaintiffs submit *Beltran* for is that the temporal scope of notice can be expanded, while leaving a final determination on tolling for later. This is exactly what Plaintiffs argued for in their motion to certify. *See* ECF Doc. 139 at 12-18.

But even if Defendants' arguments regarding the relevance of *Beltran* to the motion to certify have merit, they have nothing to do with this motion to supplement. This motion merely asks the Court to consider *Beltran* in deciding the motion to certify. How much, if any, weight to give *Beltran* is another matter.

**CONCLUSION**

For the forgoing reasons, Plaintiffs' motion should be granted.

Respectfully Submitted,

s/ David H. Seligman\_\_\_\_

David H. Seligman
Towards Justice
1535 High St., Suite 300
Denver, CO 80218
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

Attorney for Plaintiffs

**Certificate of Service**

      I hereby certify that on September 28, 2017 I served a true and correct copy of the forgoing on all parties that have appeared pursuant to Fed. R. Civ. P. 5.

                                              s/ David Seligman
                                              David Seligman