IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  16-cv-00671-RM-MJW

ISABEL VALVERDE;
MARIA SONIA MICOL SIMON; *and those similarly situated*,

Plaintiffs,

v.

XCLUSIVE STAFFING, INC.,
XCLUSIVE MANAGEMENT, LLC, *dba Xclusive Staffing*,
XCLUSIVE STAFFING OF COLORADO, LLC,
DIANE ASTLEY,
OMNI INTERLOCKEN COMPANY, L.L.C.,
OMNI HOTELS MANAGEMENT CORPORATION,
MARRIOTT INTERNATIONAL, INC.,
JMIR DTC OPERATOR LLC, and
HCA-HEALTHONE LLC D.B.A. SKY RIDGE MEDICAL CENTER,

Defendants.

---

REPORT AND RECOMMENDATION ON
PLAINTIFFS' MOTION FOR COLLECTIVE CERTIFICATION OF THEIR FLSA CLAIMS
AGAINST ALL DEFENDANTS EXCEPT FOR HCA-HEALTHONE LLC
(Docket No. 139)

---

**Michael J. Watanabe**
United States Magistrate Judge

This matter is before the Court on Plaintiffs Isabel Valverde's and Maria Sonia Micol Simon's ("Plaintiffs") Motion for Collective Certification of Their FLSA Claims Against All Defendants Except for HCA-Healthone LLC (Docket No. 139). Judge Raymond P. Moore referred the subject motions to the undersigned Magistrate Judge (Docket No. 140). The Court has reviewed the subject motion (Docket No. 139), Defendants Xclusive Staffing, Inc., Xclusive Management, LLC d/b/a Xclusive Staffing,

Xclusive Staffing of Colorado, LLC, (collectively, "Xclusive") Diane Astley, Omni Interlocken Company, LLC, Omni Hotels Management Corporation, and Marriott International, Inc.'s (collectively "Defendants") Response (Docket No. 150), and Plaintiffs' Reply (Docket No. 151). The Court has taken judicial notice of the Court's file, and considered the applicable Federal Rules of Civil Procedure and case law. The Court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

## BACKGROUND

The facts of this case were set forth in both the Court's Report and Recommendation on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 163) and Judge Moore's Order (Docket No. 193) on that Recommendation, and are incorporated herein. In brief, Plaintiffs are employed by Xclusive, a staffing agency, who then contracts them out as temporary workers to its clients, which are mostly hotels. Plaintiffs allege Defendants violated the Fair Labor Standards Act ("FLSA") by deducting $3.00 from each paycheck and by automatically deducting 30 minutes from workers' time sheets for meal breaks, whether or not those breaks were taken. Plaintiffs allege that these policies constituted illegal kickbacks and resulted in uncompensated overtime work. Plaintiffs now seek (1) a conditional certification of their FLSA claims against all Defendants except for HCA-Healthone; (2) an order requiring the parties to meet and confer about notice and its method of distribution; (3) an order requiring Defendants to produce the names and contact information for members of the conditionally-certified opt-in class; and (4) an expansion of the temporal scope of notice beyond the three-year FLSA limitations period.

**LEGAL STANDARD AND ANALYSIS**

The FLSA provides that "an action to recover [unpaid overtime pay] may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "[N]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* This type of collective action is different than a Rule 23 class action in that under Rule 23, class members are considered to have joined the action unless they have affirmatively opted out of it, while in an FLSA collective action, putative plaintiffs must affirmatively opt into the litigation in order to be joined. *Saarela v. Union Colony Protective Servs., Inc.*, No. 13-CV-01637-MSK-MJW, 2014 WL 3408771, at *2 (D. Colo. July 14, 2014).

Judge Moore has described the conditional certification process for FLSA collective actions as follows:

> The Tenth Circuit has approved the use of a two-step process for determining whether putative class members are similarly situated to the named plaintiff. In *Thiessen v. General Electric Capital Corp.*, the court outlined the case by case or "ad hoc" method as follows: at the first step, prior to discovery, the district court makes a "notice stage" determination of whether the plaintiffs are similarly situated. 267 F.3d 1095, 1105 (10th Cir. 2001). For conditional certification at the notice stage, the Tenth Circuit "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1102. "The standard for certification at this stage is a lenient one." *Boldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005). At this stage, "a court need only consider the substantial allegations of the complaint along with any

> supporting affidavits of declarations." *Smith v. Pizza Hut, Inc.*, No. 09–CV–01632–CMA–BNB, 2012 WL 1414325 (D. Colo. Apr. 21, 2012) (quoting *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 434 (D. Kan. 2007)).
>
> In the second stage, which comes at the conclusion of discovery and often in the context of a defense motion to decertify the class, the court applies a stricter standard of "similarly situated," including application of at least four factors, to determine whether the case can proceed as a class action. *Thiessen*, 267 F.3d at 1102–03; *Daugherty v. Encana Oil & Gas (USA), Inc.*, 838 F. Supp. 2d 1127, 1132–33 (D. Colo. 2011).

*Lysyj v. Milner Distribution All., Inc.*, No. 13-CV-01930-RM-MJW, 2014 WL 273214, at *2–3 (D. Colo. Jan. 24, 2014).[1]

With this guidance in mind, the Court first addresses whether the Amended Complaint (Docket No. 52) contains "substantial allegations" that Defendants have a general policy or practice, applicable to all or many of its employees, of not paying overtime. Defendants maintain that the Amended Complaint is devoid of such allegations. They argue that Plaintiffs only allege a "sporadic" failure to provide a 30-minute lunch break. They also point out that Xclusive requires employees to certify the accuracy of their time records. Finally, Defendants claim that Plaintiffs failed to present evidence that there was a link between the alleged automatic 30-minute deductions and whether Plaintiffs received the break, and moreover, even if they did automatically deduct a lunch break, such deductions are lawful.

---

[1] Plaintiffs urge the Court to analyze its requested relief under a liberal joinder standard rather than the two-step conditional certification process described herein. (Docket No. 139 pp. 7-9.) This approach was recently employed by Judge Kane in *Turner v. Chipotle Mexican Grill, Inc.*, 123 F. Supp. 3d 1300, 1306 (D. Colo. 2015). With all respect to Judge Kane and his well-reasoned order, the Court will utilize the traditional "ad hoc" standard approved by the Tenth Circuit and Judge Moore.

Defendants' arguments are off-base for several reasons. First, while the policy of automatically deducting meals may not, in and of itself, violate the FLSA, forcing employees to work through the meal breaks and then deducting that time anyway certainly may. *See Perez v. Pinon Mgmt., Inc.,* No. 12-CV-00653-MSK-MEH, 2013 WL 1149567, at *8 (D. Colo. Mar. 19, 2013). The Amended Complaint alleges that this took place. (*See* Docket No. 52 ¶¶ 60-65.)[2] Another Xclusive employee, Jose Trejo, submitted an affidavit confirming that this frequently happened to him and that it was company policy. (Docket No. 196-1.) Moreover, Plaintiffs attach to the subject Motion reports by the United States Department of Labor ("USDOL") indicating that Xclusive previously committed overtime violations due to improperly deducted meal breaks. (Docket No. 139-1 pp. 11, 23.) Although employees may have "sometimes" or "occasionally" received the meal breaks, the fact remains that Plaintiff Valverde alleges that he and other employees were consistently and systematically required to work through their breaks. Similarly, the mere existence of an Xclusive policy that employees must certify their timekeeping records is largely irrelevant for the Court's purposes here and appears to be an attempt to shift the burden of ensuring fair pay from employers to employees. Automatically deducting the 30-minute break after its employees have entered their time and then requiring them to sign an inaccurate time sheet is hardly a mark in Xclusive's favor.

Further, Defendants ignore Plaintiffs' claim that Defendants' $3.00 pay check

---

[2] The Court notes here that while Plaintiff Simon's FLSA claim based on the 30-minute deduction policy was dismissed, Plaintiff Valverde's was not. (*See* Docket No. 193.)

deduction policy violates the FLSA. They merely state that Plaintiffs' FLSA claim contains no allegations relating to the purported $3.00 deductions. Judge Moore disagreed, and found that Plaintiffs stated such a claim for relief under the FLSA. (Docket No. 193 pp. 13-14.) Plaintiffs allege that "all members of the class and sub-classes suffered from the same policies of Defendants, including: . . . Deductions for costs that are primarily for the benefit of the employer including the $3.00 weekly deduction for the cost of issuing a pay check." (Docket No. 52 ¶ 159.) The USDOL also recognized the existence of this policy. (Docket No. 139-1 p. 7.) The Court finds that the Plaintiffs' allegations and evidence constitute "substantial allegations" that putative class members were the victims of a single decision, policy, or plan of not paying wages due under the FLSA. For these reasons, the Court RECOMMENDS that this case be conditionally certified as a collective action.

Upon granting conditional certification of an FLSA collective action, Plaintiffs may send a *Hoffman-La Roche* notice to putative plaintiffs, informing them of the litigation and giving instructions in order to join in the action. Plaintiffs seek certification of an FLSA op-in class that encompasses "all current and former hourly employees of Xclusive Staffing, Inc., or one of its subsidiaries that worked at one of its clients' locations," along with subclasses for those working at the individual Denver hotels. Plaintiffs request that the notice be provided to employees who worked from June 27, 2009 to the present. Finally, Plaintiffs ask for an order requiring Defendants to provide the name and contact information of these employees.

Defendants, on the other hand, want the notice limited in geographic and temporal scope. Specifically, Defendants request that putative plaintiffs be limited to

only those locations where Plaintiffs worked, and argue that the notice period should not be expanded. Defendants also challenge Plaintiffs' request for the names and contact information of putative opt-in plaintiffs.

The Court RECOMMENDS that this case be certified as a nationwide collective action. Plaintiffs allege that Xclusive's national pay policies are controlled centrally from its Colorado headquarters, noting in support that payroll for all its branches is handled here, that the USDOL has previously determined that Defendant Astley creates policies affecting all branches from Colorado, that all paystubs are issued by Xclusive Staffing, and that Defendant Astley signs each pay check. (Docket No. 52 ¶¶ 30-34.) It appears undisputed that $3.00 were deducted from employee's paychecks regardless of their location. Further, the USDOL found wage and hour violations occurred in other states. (Docket No. 139-1.) Thus, Plaintiffs have presented sufficient evidence to show that putative plaintiffs in all of Xclusive's state subsidiaries are similarly situated with regards to Defendants' pay practices.

The Court next considers Plaintiffs' request to apply equitable tolling to expand the notice class. As Judge Moore has explained,

> Pursuant to the FLSA, 29 U.S.C. § 255, a cause of action must be commenced within two years after the cause of action accrued except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued. The statute of limitations for an opt-in plaintiff in an FLSA Section 216(b) collective action is not tolled with the commencement of the action. Rather, the statute of limitations continues to run on each Ground's claim until he/she files a consent to join form with the Court. 29 U.S.C. § 256.

*Abdulina v. Eberl's Temp. Servs., Inc.*, No. 14-CV-00314-RM-NYW, 2015 WL 4624251,

at *3 (D. Colo. Aug. 4, 2015). However, equitable tolling may toll the expiration of the statute of limitations "when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and '[l]ikewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights.'" *U.S. v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001) (quoting *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996)). Nonetheless, "potential opt-in plaintiffs are presumed to be aware of the facts and circumstances of their employment," and their claims accrue when they gain knowledge of these facts. *Young v. Dollar Tree Stores, Inc.*, No. 11-CV-1840-REB-MJW, 2013 WL 1223613, at *2 (D. Colo. Mar. 25, 2013).

Here, nothing in the record shows that any potential opt-in plaintiff was deceived, misled, lulled into inaction, or otherwise faced extraordinary circumstances that made it impossible for them to file a timely FLSA claim. Plaintiffs' argument that equitable tolling should begin from Defendant Astley's 2012 misrepresentations to the USDOL is unpersuasive. These alleged misrepresentations were not made to any potential opt-in plaintiff and there is no evidence or argument that any employees relied on the misrepresentations and, by doing so, were unable to file an FLSA claim. Moreover, there is no Tenth Circuit authority which supports Plaintiffs' request that equitable tolling in an FLSA collective action should begin from the date the original collective action complaint was filed. *See Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1182 (D. Colo. 2012). However, the best interests of justice may be served by tolling the statute of limitations for opt-in plaintiffs during the pendency of a motion for

conditional certification. *See id.* The Court finds this appropriate here.

Accordingly, the Court RECOMMENDS that the statute of limitations for the opt-in plaintiffs in this case be equitably tolled from the date of the filing of the subject Motion, December 9, 2016, until 90 days after the opt-in plaintiffs receive notice of this lawsuit.

Finally, the Court RECOMMENDS that Defendants be ordered to provide Plaintiffs with names and contact information of potential opt-in plaintiffs, as Defendants arguments to the contrary are circular, illogical, and not supported by any relevant authority.

## RECOMMENDATION

It is hereby **RECOMMENDED** that Plaintiffs Isabel Valverde and Maria Sonia Micol Simon's Motion for Collective Certification of Their FLSA Claims Against All Defendants Except for HCA-Healthone LLC (Docket No. 139) be **GRANTED IN PART** and **DENIED IN PART**. Specifically, that

- Collective certification under the FLSA of the classes, as defined in the subject Motion, be GRANTED;
- The parties be ordered to submit a proposed notice and method of distribution to class members within 14 days after certification of an FLSA opt-in class;
- The Defendants be ordered to provide Plaintiffs with names and contact information of potential opt-in plaintiffs within 14 days after certification of an FLSA opt-in class; and


- The FLSA statute of limitations for the opt-in plaintiffs in this case be equitably tolled from December 9, 2016 until 90 days after the opt-in plaintiffs receive notice of this lawsuit.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn*, **474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions,** *Makin v. Colo. Dep't of Corr.*, **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse*, **91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:  October 31, 2017  /s/ Michael J. Watanabe
Denver, Colorado  Michael J. Watanabe
United States Magistrate Judge