**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 16-cv-00671-RM-MJW

ISABEL VALVERDE, *et al.*; and those similarly situated,

    Plaintiffs,

v.

XCLUSIVE STAFFING, INC.; *et al.*,

    Defendants.

---

**RESPONSE TO MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**
**PURSUANT TO FED. R. CIV. P. 12(c)**

---

In their Motion for Partial Judgment on the pleadings, ECF Doc. 241 ("Mot."), Defendants ask this Court to reject the reasoning of at least two other courts in this District[1] and to read the Colorado Minimum Wage Act—and the Wage Order promulgated pursuant to it—narrowly, contrary the legislative command that the Act be interpreted "liberally" to effectuate its remedial purposes. Colo. Rev. Stat. § 8-6-102.

The Court should deny Defendants' motion. Colorado law requires employers "to permit" each employee a "compensated ten (10) minute rest period for each four (4) hours" of work. 7 Colo. Code Regs. § 1103-1:8. This means that for every four hours of work, employers shall also grant each employee 10 minutes of paid rest. Or, put differently, for every four-hour period of work, employees are owed four hours and 10 minutes of wages, with 10 minutes of wages

---

[1] *Lozoya v. AllPhase Landscape Constr., Inc.*, 2015 WL 1757080 (D. Colo. Apr. 15, 2015); *Sanchez v. Front Range Transp.*, 2017 WL 4099896 (D. Colo. Sept. 15, 2017).

1

dedicated to rest time. Thus, every denial of a compensated 10-minute rest period results in 10 minutes of unpaid compensation. *See Lozoya v. AllPhase Landscape Constr., Inc.*, 2015 WL 1757080, at *2 (D. Colo. Apr. 15, 2015). Plaintiffs' claims for the denial of compensated 10-minute breaks in violation of Colorado law seek nothing more than recovery of unpaid "wages or compensation," as expressly permitted by the Colorado Wage Act, Colo. Rev. Stat. §§ 8-4-101, *et seq.*, and the Colorado Minimum Wage Act, Colo. Rev. Stat. § 8-6-101, *et seq.*

A. **Plaintiffs' Claims for Denial of Ten-Minute Rest Periods Are Claims to Recover Unpaid Wages Clearly Cognizable under Colorado Law**

   1. **The Remedy for Violations of the Rest Period Requirement is Paid "Compensation" for a 10-Minute Rest**

Defendants ask the Court to decide whether "an employee alleging a violation of Colorado's rest break rules may call upon a court for judicial relief." Mot. at 1. Framing the question in that manner unnecessarily complicates the issue before the Court. The question before the Court is whether the denial of required compensated rest breaks results in the denial of "wages or compensation" owed as a matter of law. Because it clearly does, Plaintiffs have a cause of action to recover that unpaid compensation under the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. §§ 8-4-103 ("All wages or compensation . . . earned by any employee in any employment. . . shall be due and payable for regular pay periods."), 8-4-109 (authorizing action to recover wages or compensation after termination of employment).

In resolving this matter, the Court need go no further than the plain language of the Wage Order and the CWCA. *Vigil v. Franklin*, 103 P. 3d 322, 327 (Colo. 2004) ("If a statute is clear and unambiguous on its face, then we need not look beyond the plain language."). The Wage Order requires that 10-minute rest breaks be "compensated." 7 Colo. Code Regs. § 1103-1:8 ("A

*compensated* ten (10) minute rest period for each four (4) hours or major fractions thereof shall be permitted for all employees." (emphasis added)). And the CWCA explicitly allows a private right of action for any "wages or *compensation* for labor or service earned, vested, determinable, and unpaid." Colo. Rev. Stat. § 8-4-109 (emphasis added) (wage claim for former employees); *see also* Colo. Rev. Stat. § 8-4-103 (wage claim for current employees). Thus, by their plain language, the Wage Order requires compensation for a 10-minute break for each four-hour work period, and the CWCA provides a private right of action for that compensation if it is not paid.

This plain language reading supports Judge Kane's and Judge Jackson's resolutions of this issue. *See Sanchez*, 2017 WL 4099896, at *4; *Lozoya*, 2015 WL 1757080, at *2. And, as explained in detail below, this requirement for "compensated" rest breaks in the Wage Order creates an important distinction between Colorado's Wage Order and the Oregon break rule to which Defendants attempt to analogize. *Compare* Or. Admin. R. 839-020-0050 (requiring that breaks be "without deduction") *with* 7 Colo. Code Regs. § 1103-1:8A (requiring that breaks be "compensated").

But even if the Court finds ambiguity in the statute or its regulations, the Court should come to the same result. Remedial statutes and administrative regulations promulgated pursuant to them should be interpreted broadly in favor of the parties they are designed to protect. *See Regular RT. Com. Carrier Cone v. PUC,* 761 P. 2d 737, 745 (Colo. 1988) ("In construing an administrative rule, we apply those basic rules of interpretation which pertain to the construction of a statute."); *see also Mishkin v. Young*, 198 P. 3d 1269, 1273 (Colo. App. 2008) ("remedial legislation must be liberally construed to accomplish its object."(quotations omitted)) (quoting *Colorado & S. Ry. v. State R.R. Commission*, 54 Colo. 64, 77, 129 P. 506, 512 (1912) and citing

*Flood v. Mercantile Adjustment Bureau, LLC*, 176 P.3d 769, 773 (Colo.2008)).

That an employer's denial of a required 10-minute rest results in the denial of 10 minutes of compensated time is also consistent with a common sense, purposivist reading of the CWCA and the Wage Order. The Wage Order requires that an employer shall grant each employee "[a] compensated ten (10) minute rest period for each four (4) hours or major fractions thereof." 7 Colo. Code Regs. § 1103-1:8. According to its plain terms, the regulation provides that whenever an employee works for four hours, she shall also receive a compensated 10-minute rest period, resulting in compensation for four hours of work and ten minutes of rest (four hours and 10 minutes total). While the regulation suggests that a rest break shall "insofar as practicable, be in the middle of each four (4) hour work period," *id.*, it does not permit an employer to avoid paying compensation for 10 minutes of rest solely because the employer did not grant the rest break in the middle of the four-hour work period. Instead, the regulation suggests that if a rest period is not included within a four-hour work period, it shall be added to the end of that period—this is the only way to make sense of the employer's obligation to provide a "compensated ten (10) minute rest period" for every four hours of work.

Put differently, as reasoned by the Washington Supreme Court, Judge Kane, and Judge Jackson, "[w]hen . . . employees are not provided with the mandated [compensated] rest period, their workday is extended by 10 minutes." *Wingert v. Yellow Freight Sys., Inc.*, 50 P.3d 256, 260 (Wash. 2002); *see also Sanchez*, 2017 WL 4099896, at *4 ("But because she was allegedly denied reasonable rest periods, for which she would have been paid, she effectively provided the equivalent number of minutes to work to [the employer] without additional compensation"); *Lozoya*, 2015 WL 1757080, at *2. Thus, under Colorado law, four hours of work without any

4

intervening rest period should mean four hours and 10 minutes of compensation.

For contrary authority, Defendants point to *Gafur v. Legacy Good Samaritan Hosp. & Med. Ctr.*, 185 P.3d 446 (Or. 2008), where the Oregon Supreme Court ruled that employees could not recover unpaid wages or compensation for violations of Oregon's requirement that employers provide rest periods. *Id.* at 453. Oregon's regulatory scheme, however, is different from Colorado's in several important respects. The Oregon regulations require that employees be provided with "appropriate rest period[s] . . . without deductions from the employee's pay." OAR 839-020-0050. As explained above, however, Colorado's regulation is importantly different. As opposed to merely prohibiting employers from deducting short rest periods from work periods, the Wage Order affirmatively requires employers to ***compensate*** employees for a ten-minute rest period for every four hours or more of work. 7 Colo. Code Regs. § 1103-1:8. This affirmative duty to provide compensation for rest periods suggests that employees are owed compensation for rest periods even when those rest periods are taken outside of the work period, as at the end of a four-hour work period.

Furthermore, the Oregon Supreme Court emphasized that Oregon law includes a robust administrative scheme for policing violations of wage-and-hour laws, even those that do not result in the loss of compensation. *See, e.g.*, ORS § 653.256 (1) (allowing the state administrative agency to assess liquidated penalties not to exceed $1,000 per violation). Colorado's scheme, on the other hand, does not provide the Colorado Department of Labor with a mechanism for imposing penalties absent some form of lost compensation or wages. Colo. Rev. Stat. § 8-4-113 (allowing Department to assess penalty for non-payment of wages); Colo. Rev. Stat. § 8-6-116 (imposing penalty for paying less than minimum wage). Thus, reading the violation of the 10-minute rest

requirement as *not* resulting in the deprivation of compensation would effectively remove from *both* employees and the Department a meaningful mechanism for policing violations of the rest-period requirement. Neither the legislature nor the Department could have intended that result.

### 2. Defendants' Likely Counterarguments Are Unavailing

This analysis is not altered by the letter from a "Compliance Officer" at the Department suggesting that there is "no monetary recovery" available for missed rest breaks. Judge Kane, considering the same issue, refused to give any weight to the same letter. *See Lozoya,* 2015 WL 1757080, at *2 (Considering and rejecting the letter and noting that "Plaintiffs argue that the Court owes no deference to a letter written by a 'Compliance Officer' under unspecified circumstances and that being forced to work through required rest breaks means in effect that Plaintiffs were not compensated for that time"). And under Colorado law, conclusory agency interpretations like this one receive no deference. *See Kennett v. Bayada Home Health Care, Inc.*, 135 F. Supp. 3d 1232, 1244 (D. Colo. 2015) (refusing to defer to a formal CDLE opinion letter because it was "conclusory, contrary to the plain meaning of the [Wage Order] and disclaimer-riddled . . . ."); *see also Ward v. Allstate Ins. Co.,* 45 F.3d 353, 355-56 (10th Cir 1994) (Under Colorado state law, "[a]gency interpretation is not binding, and if an agency misconstrues a statute, the court should not follow."); *Arapahoe Cty. Public Airport Authority v. Centennial Express Airlines, Inc.*, 956 P.2d 587, 592-93 (Colo. 1998) (refusing to defer to a formal opinion letter because it was "brief", contained no "analysis" and failed to cite any authority).

The analysis is also not undermined by the fact that the rest-break requirement arises from regulation as opposed to statute. While it may be true that as a matter of Colorado law, administrative agencies cannot create private rights of action, Mot. at 5, Plaintiffs do not argue

here that the agency created a right of action, but rather that it created a substantive right to compensable ten-minute rest periods. The authority to create that right is clearly granted to the Department by the Colorado Minimum Wage Act, Colo. Rev. Stat. § 8-6-106. And just as the right to overtime premiums under Colorado law are provided under the Wage Order, pursuant to authority under the Colorado Minimum Wage Act, but are recoverable by workers as "wages or compensation" under the Colorado Wage Act, the right to *compensation* for a compensable 10-minute rest period is provided under the Wage Order and recovered as "wages or compensation" under the CWCA.

Finally, the analysis does not depend on whether the rest period is considered worktime under Colorado wage-and-hour law. The Colorado Wage Act allows employees to recover unpaid "wages or compensation" defined as "[a]ll amounts for labor or services." Colo. Rev. Stat. § 8-4-101(14)(a). By virtue of the Wage Order, whenever an employee works for four hours or longer, she is entitled to compensation for that work time *and* for 10 minutes of rest. The value of that compensation is, in other words, earned by the employee upon completion of the four hours of work.

### B. In the Alternative, Plaintiffs Can Recover through an Express or Implied Cause of Action under the Minimum Wage Act

If the Court disagrees that the denial of compensated 10-minute rest periods is the monetary equivalent of the denial of 10 minutes of compensation, and that such unpaid compensation is recoverable under the Colorado Wage Act, it should alternatively conclude that the Colorado Minimum Wage Act provides an express or implied cause of action allowing workers to recover for violations of the Wage Order's rest period requirements. Under the Minimum Wage Act, employees may recover for unpaid "minimum wage[s]," Colo. Rev. Stat. § 8-6-118, but the statute

contemplates a broad meaning of "minimum wage" that captures other required benefits and workplace conditions promulgated through the Wage Order. *Cf.* 7 Colo. Code Regs. § 1103-1:18 (providing that employee may file a "minimum wage complaint" for any violation of the Wage Order, including violations of rest-break requirements).

## C. In the Alternative, the Court Should Certify the Matter to the Colorado Supreme Court

In the alternative, as opposed to granting Defendants' motion, the Court should certify the question to the Colorado Supreme Court. Defendants' motion raises "questions of [Colorado] law . . . which may be determinative of the cause [now] pending in [this] court and as to which it . . . there is no controlling precedent in the decisions of the Supreme Court [of Colorado]." Colo. R. App. Proc. 21.1.

Respectfully Submitted,

*/s/ David H. Seligman*
David H. Seligman
Alexander Hood
Towards Justice
1535 High St., Suite 300
Denver, CO 80218
Tel.: 720-248-8426
Fax: 303-957-2289
Email: david@towardsjustice.org

Attorneys for Plaintiffs

**Certificate of Service**

I hereby certify that on June 19, 2018, I served a true and correct copy of the forgoing on all parties that have appeared pursuant to Fed. R. Civ. P. 5.

/s/ *David H. Seligman*
David H. Seligman
