IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 16-cv-00671-RM-MJW

ISABEL VALVERDE;
MARIA SONIA MICOL SIMON; and those similarly situated,

    Plaintiffs,

v.

XCLUSIVE STAFFING, INC.;
XCLUSIVE MANAGEMENT, LLC D.B.A. XCLUSIVE STAFFING;
XCLUSIVE STAFFING OF COLORADO, LLC;
DIANE ASTLEY;
OMNI INTERLOCKEN COMPANY, L.L.C.;
OMNI HOTELS MANAGEMENT CORPORATION;
JMIR DTC OPERATOR LLC; and
MARRIOTT INTERNATIONAL, INC.

    Defendants.

---

**ORDER**

---

This matter is before the Court on the "Report and Recommendation on Plaintiffs' Motion for Collective Certification of their FLSA Claims against all Defendants Except for HCA-HealthONE LLC (Docket No. 139)" (the "Recommendation") (ECF No. 207) recommending that Plaintiffs' Motion for Collective Certification of their FLSA Claims against all Defendants Except for HCA-HealthONE LLC (the "Motion") (ECF No. 139) be granted. Defendants have filed an objection (the "Objection") (ECF No. 212), to which Plaintiffs have filed a response (the "Response") (ECF No. 225). Upon consideration of the Recommendation, Objection, Response, relevant parts of the record, and the applicable statutes and case law, and

being otherwise fully advised, the Recommendation is ACCEPTED IN PART and REJECTED IN PART WITHOUT PREJUDICE, and Defendants' Objection is OVERRULED IN PART and SUSTAINED IN PART.

I. BACKGROUND

The parties are well versed with the background of this case, so it will not be repeated here. (*See* ECF No. 193, Order on recommendation on Defendants' Motion to Dismiss.) At issue now is whether the Court should grant Plaintiffs' request for conditional certification of their Fair Labor Standards Act ("FLSA") claims against the remaining Defendants,[1] based on two alleged policies: (1) the $3.00 deduction policy; and (2) the 30-minute meal deduction policy. The first is the alleged policy of deducting $3.00 from each employee's paycheck for the cost of issuing the check, while the second is the alleged policy of automatically deducting 30 minutes each day for meal breaks, whether or not employees were allowed to take them. Discovery has been stayed in this case.

Plaintiffs' Motion requested the following:

- Conditionally certify their FLSA claims against all Defendants except HCA-HealthONE LLC under 29 U.S.C. § 216(b), a nationwide certification as to the Xclusive Defendants[2] (hereafter "Xclusive"), along with a certification of three subclasses consisting of Hotel Defendants;[3]

- Order the parties to meet and confer about notice and its method of distribution;

- Order the production of names and contact information for members of the conditionally-certified opt-in plaintiffs; and

---

[1] HCA-HealthONE LLC d/b/a Sky Ridge Medical Center has settled and is no longer a defendant in this action and its name has been removed from the caption. As used herein, "Defendants" refer to the remaining defendants.
[2] Consisting of Xclusive Staffing, Inc.; Xclusive Management, LLC d.b.a. Xclusive Staffing; Xclusive Staffing of Colorado, LLC; and Diane Astley.
[3] Defendants Omni Interlocken Company, LLC, Omni Hotels Management Corporation, JMIR DTC Operator LLC, and Marriott International, LLC.

- Issue notice consistent with potential equitable tolling arguments of the opt-in plaintiffs.

(ECF No. 139, pages 1-2.)

The Magistrate Judge recommended the following:

- That the FLSA claim based on the two policies be conditionally certified as a collective action;

- That such certified opt-in plaintiffs be nationwide, along with subclasses for the Hotel Defendants;

- That Plaintiffs may send a *Hoffman-La Roche*[4] notice to potential opt-in plaintiffs;

- That the best interests of justice may be served by tolling the statute of limitations for opt-in plaintiffs during the pendency of a motion for conditional certification, *i.e.*, from the date in which the Motion was filed (December 9, 2016) until 90-days after the opt-in plaintiffs receive notice of this lawsuit; and

- That Defendants be ordered to provide the names and contact information of potential opt-in plaintiffs.

Defendants' Objection followed.

## II. LEGAL STANDARD

### A. Dispositive or Nondispositive?

Defendants' objection assumes the Motion is dispositive, as does the Recommendation. Plaintiffs contend it is not. The issue has apparently not been resolved by the Tenth Circuit. On this record, the Court finds it need not decide as, under either standard, the Court reaches the same conclusion.

### B. Conditional Certification

The Magistrate Judge correctly set forth the standard for conditional certification so it need not be repeated. *See Thiessen v. General Electrical Capital Corp.*, 267 F.3d 1095, 1105

---

[4] *Hoffman–La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

(10th Cir. 2001) (approving the two-step "ad-hoc" approach). The Court will address and apply such standards in ruling on the Objection.

## III. ANALYSIS

### A. Defendants' Objections

Defendants raise four objections. The Court addresses each in turn.

#### 1. *"Substantial Allegations"*

Defendants argue that Plaintiffs have failed to present substantial allegations that the two alleged policies "*violated the FLSA*," or that that the two named Plaintiffs (much less the nationwide class) were subjected to these policies. (Objection, p. 4, italics in original, bold omitted.) The Court is not persuaded by Defendants' arguments.

First, as to the 30-minute meal deduction policy, the Court agrees with the Magistrate Judge's recommendation. Here, contrary to Defendants' arguments, Plaintiffs have presented substantial allegations that they worked with the employer's knowledge through unpaid meal breaks. This is supported by not only Mr. Trejo's Declaration but also the allegations in the Amended Complaint. (*See, e.g.,* ECF No. 52, ¶¶ 60-71 ("automatically deducted"; "did not receive breaks" "most of the time"; "ordered to indicate" or "indicate[d]" the break irrespective of whether he took it; "only remembers receiving one 30 minute break *ever*"[5] where she was supervised by Xclusive supervisors).) *See generally* 29 C.F.R. § 785.13 ("In all such cases it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough.

---

[5] Emphasis in original.

Management has the power to enforce the rule and must make every effort to do so."). Further, contrary to Defendants' contention, the Court does not find that Mr. Trejo's Declaration falls short of showing Defendants' knowledge: he stated he complained and an Xclusive manager told him it was "policy." (ECF No. 196-1, ¶15.) And, further, Xclusive manager's alleged response that she "*ha[d]* to take out the break"[6] surely supports the logical conclusion that Xclusive was not about to *reverse* such automatically deducted 30-minute break. Finally, it's difficult to argue that one's employer did not know an employee did not have a break when there are allegations the employer did not *give* the employee one. Of course, whether Defendants actually violated the FLSA goes to the merits of the case; an issue that is inappropriate for determination at this juncture. *See Avendano v. Averus*, No. 14-cv-01614-CMA-MJW, 2015 WL 1529354, at *4 (D. Colo. Mar. 31, 2015) ("In making the decision as to conditional certification, the court does not weigh evidence, resolve factual disputes, or rule on the merits of plaintiffs' claims." (quotation marks and citation omitted)). In summary, the record, taken as a whole, is sufficient under the "fairly lenient standard" for determination of whether plaintiffs are "similarly situated" under 29 U.S.C. § 216(b) as to the 30-minute meal deduction policy. *See Thiessen*, 267 F.3d at 1103 (finding no error by district court in adopting ad hoc approach, which applied a "fairly lenient standard for what constituted 'similarly situated'").

The same holds true as to the $3.00 deduction policy, which allegations are further substantiated by Xclusive's 2015 and 2016 "Standard Application Packet" submitted on behalf

---

[6] ECF No. 196-1 at ¶15 (emphasis added).

5

of *all* Defendants. (ECF No. 139-2.) Such written "employment policies" specifically state a "$3.00 process fee will be deducted on each check you receive." (ECF No. 139-2, pp. 7, 9.)[7]

Accordingly, Defendants' first objection is overruled.

### *2. Nationwide Certification*

Defendants object to the recommended nationwide certification, arguing the allegations are insufficient to show the putative opt-in plaintiffs from other states were (or are) subjected to the two alleged policies. The Court agrees as to the 30-minute meal deduction policy but not as to the $3.00 deduction policy.

Here, as to the $3.00 deduction policy, the Magistrate Judge relied on Plaintiffs' allegations such as Xclusive's national policies are controlled centrally from its Colorado headquarters, Defendant Astley's creation of policies affecting all branches, and the issuance of checks by Xclusive and signed by Defendant Astley. Such reliance was not misplaced. Plaintiffs' allegations, coupled with the evidence, *e.g.*, the $3.00 process fee contained in Xclusive's written "employment policies," are sufficient to show that nationwide certification is warranted as to the $3.00 deduction policy. The 30-minute meal deduction policy, however, is a different matter.

While it is true Plaintiffs allege that Xclusive Management manages the state subsidiaries and their employees, and Xclusive controls the operations centrally out of its Colorado headquarters and the like, on the current record, the allegations and evidence are insufficient to show the 30-minute meal policy was – or how it was – implemented in *other states*. Plaintiffs'

---

[7] It should also be noted that Defendants filed a Motion to Dismiss which included a request to dismiss Plaintiffs' FLSA claims. The $3.00 policy survived for both Plaintiffs, and the 30-minute meal deduction policy survived for Plaintiff Valverde. Enough said.

6

allegations and evidence, however, are sufficient as to Xclusive clients in *this state*. Defendants' arguments to the contrary are rejected.[8]

Accordingly, Defendants' second objection is overruled as to the $3.00 deduction policy but sustained in part as to the 30-minute meal deduction policy. As to this latter policy, nationwide certification is rejected (at this time) but certification for Colorado is permitted.[9]

### *3. Temporal Scope of Opt-in Plaintiffs and Tolling*

Defendants object as the recommendation did not limit the temporal scope of the classes; they assert any classes or subclasses should be limited to employees who worked for Xclusive within three years of any final order approving certification. In addition, Defendants argue the statute of limitations should not be tolled for potential opt-in plaintiffs. The Magistrate Judge recommended tolling of the statute of limitations "in the best interests of justice" from the date Plaintiffs filed their certification motion until 90 days after opt-in plaintiffs receive notice of this action. The Court agrees there should be a temporal limitation and finds, in this instance, that it should be three years from the date in which the complaint was filed, *i.e.*, three years before March 22, 2016. Further, the Court finds that, under the facts and circumstances of this case, it will adopt the "wait and see" approach as to any tolling.[10] Accordingly, it rejects – without prejudice as premature – the Magistrate Judge's recommendation that tolling should be had now.

---

[8] As discovery has been stayed, the Court denies the Motion for *nationwide* certification as to the 30-minute meal deduction policy *without prejudice*. *See Saarela v. Union Colony Protective Servs., Inc.*, No. 13-cv-01637-MSK-MJW, 2014 WL 3408771, at *4 (D. Colo. July 14, 2014) (denying, without prejudice, motion for conditional certification with leave to renew request "[u]pon a more substantial showing'' "of a policy that applied with equal force to other similarly situated employees").

[9] Defendants object to nationwide certification or any certification at all. (Objection, p. 12 ("The Court should, therefore, deny Plaintiffs' request for certification of a nationwide FLSA class and, for that matter, deny certification of all proposed classes or subclasses.").)

[10] Defendants acknowledge this may be "the better approach." (Objection, p. 19.)
 In a footnote, Defendants request leave to provide additional briefing on the "wait and see" approach if this Court were inclined to adopt it. (Objection, p. 20 n.6.) The request is denied as Defendants already had an opportunity to

The Court starts with equitable tolling. Here, Defendants cite to the general standard[11] but fail to recognize on what the Magistrate Judge focused – the "best interests of justice" to toll the statute of limitations during the pendency of Plaintiffs' Motion. In this case, there was a delay in reaching a final decision on whether to grant conditional certification. Here, Plaintiffs filed their Motion on December 9, 2016 and it became at issue on January 30, 2017. There was a motion to dismiss, however, which could have impacted the resolution of the Motion. The order resolving the motion to dismiss was not decided until September 5, 2017. The Recommendation on the Motion was thereafter issued on October 31, 2017, to which an objection and response was filed. Thus, the Motion was not ripe for resolution before this Court until December 12, 2017. It is now more than eight months later. But, such delays were not due to inaction or delays on the part of Plaintiffs (or potential opt-in plaintiffs or Defendants) but, rather, to the case load of *the court*. This, it appears, is what the Magistrate Judge was addressing.

Plaintiffs' Motion, however, did not request any tolling *now* or on this basis;[12] instead, Plaintiffs asked the court to consider the potential future application of equitable tolling in considering the temporal scope of the class of workers who should receive notice. That Plaintiffs did not request tolling now in their Motion is beside the point as no party has provided any authority to indicate the court could not do so *sua sponte*. This brings the Court to the questions of *when* to decide equitable tolling and, relatedly, *whether* equitable tolling should be had.

---

brief the issue because Plaintiffs raised it in their Motion. Further, Plaintiffs raise it in their response to the Objection, to which Defendants did not request leave to file any reply.

[11] Under that standard, equitable tolling may be had if the movant shows (1) that he/she has been pursuing his/her rights diligently; and (2) that some extraordinary circumstance stood in his/her way and prevented timely filing. *Holland v. Florida,* 560 U.S. 631, 649 (2010).

[12] Of course, at that time, Plaintiffs had no idea how long it would take the court to rule on the motion to dismiss or the Motion. That is, however, generally the case with any pending motion.

The Court's research has revealed no Tenth Circuit decision which has addressed the issue at hand. Such research has, however, revealed different approaches to the issue within and without this District, as aptly summarized by the court in *Brashier v. Quincy Prop., LLC*, No. 3:17-cv-3022, 2018 WL 1210963 (C.D. Ill. Mar. 8, 2018).

Some courts, including courts in this district,[13] find that long delays in ruling on a motion for conditional certification may justify equitable tolling. *See, e.g., Bracamontes v. Bimbo Bakeries U.S.A., Inc.*, No. 15-cv-02324-RBJ, 2017 WL 4621276, at *2 (D. Colo. Aug. 3, 2017) (equitably tolling statute of limitations due to court's delay to getting to plaintiff's motion for conditional certification); *Collins v. Dkl Ventures, LLC*, No. 16-cv-00070-MSK-KMT, 2016 WL 852880, at *3 (D. Colo. Mar. 4, 2016) (recognizing tolling appropriate where, even if pending motion to dismiss was not granted, "potential plaintiffs' recovery diminishes while it is pending, especially where the action is stayed in the meantime"; stating, however, delay "limited to litigation in its normal course" is insufficient); *Bergman v. Kindred HealthCare, Inc.*, 949 F. Supp. 2d 852, 860-1 (N.D. Ill. 2013) (tolling running of statute of limitations as "long delay in issuing a ruling [on motion for conditional certification] is an extraordinary circumstance"); *Kutzback v. LMS Intellibound, LLC*, 233 F. Supp. 3d 623, 628-32 (W.D. Tenn. 2017) (applying five factors, finding equitable tolling warranted due to delays during the collective action certification process).

Other courts "require strict compliance with the equitable tolling standard – diligence and extraordinary circumstances," in recognition "that Congress clearly intended that some period of

---

[13] Tolling has also been found appropriate when the defendant was in sole possession of the names and contact information of the potential opt-in plaintiffs. *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181-82 (D. Colo. 2012).

time would pass while the courts considered whether to conditionally certify a class but did not see fit to stop the statute of limitations until a potential plaintiff opted into the case – an action that often does not occur until after a class is conditionally certified and notice is sent." *Brashier*, 2018 WL 1210963, at *3 (collecting cases). *See Avendano v. Averus, Inc.*, No. 14-cv-01614-CMA-MJW, 2015 WL 1529354, at *9 (D. Colo. Mar. 31, 2015) (rejecting request to equitably toll from date plaintiff filed motion for certification as he failed to meet standard for tolling as to the potential opt-in plaintiffs, but did not specifically address whether long delays would be sufficient to justify relief). *But cf. Cal. Pub. Employees' Retirement System v. ANZ Securities, Inc.*, -- U.S. --, 137 S. Ct. 2042, 2052, 198 L. Ed. 2d 584 (2017) (Recognizing the *American Pipe*[14] tolling rule "did not consider the criteria of the formal doctrine of equitable tolling in any direct manner" but "reveals a rule based on traditional equitable powers, designed to modify a statutory time bar where its rigid application would create injustice.").

"Still other courts find that the issue should not be addressed until after conditional class certification is granted or after the defendant challenges a plaintiff's or opt-in party's claim on statute of limitations grounds." *Brashier*, 2018 WL 1210963, at *3 (collecting cases); *see Geiger v. Z-Ultimate Self Defense Studios LLC*, No. 14-cv-00240-REB-NYW, 2015 WL 1139843, at *3 (D. Colo. Mar. 11, 2015) (Court essentially adopted a "wait and see" approach: "If a particular plaintiff, putative opt-in plaintiff, or group of plaintiffs demonstrates circumstances that justify equitable tolling, then equitable tolling may be appropriate for that particular plaintiff or group of plaintiffs."). This Court has previously indicated this approach may be appropriate, based on the

---

[14] *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).

10

record then before it.[15] *See Santich v. VCG Holdings Corp.,* No. 17-cv-00631-RM-MEH (D. Colo. filed Mar. 1, 2018) (Stating, in denying without prejudice motion to toll, "the relief they [plaintiffs] seek must wait until such an inquiry is no longer senseless, i.e., when the individual putative plaintiffs have consented to join this action and moved to toll the statute of limitations, if at all."). *See generally Lysyj v. Milner Distribution Alliance, Inc.,* No. 13-cv-01930-RM-MJW, 2014 WL 273214, at *4 (D. Colo. Jan. 24, 2014) (stating it is up to defendants, at the second stage, to demonstrate that putative class members' claims are barred by a defense, such as the statute of limitations). And, on the record at hand, the Court finds it is appropriate here. Thus, the Court finds the issue of equitable tolling may be raised later, if appropriate, and resolved then, as appropriate. As such, the recommendation to toll is rejected without prejudice to individual opt-in plaintiffs moving to equitably toll the statute of limitations. *See generally Bitner v. Wyndham Vacation Resorts, Inc.,* 301 F.R.D. 354, 363-4 (W.D. Wis. 2014).

With such finding, however, as the court did in *Brashier,* the Court needs to ensure that notice is sent to those individuals who would fall within the potential group of opt-in plaintiffs if the statute of limitation is ultimately tolled. Thus, as stated, the Court will allow notice to be given to workers employed on or after March 22, 2013, *i.e.*, three years from the date in which the complaint was filed on March 22, 2016. *See Beltran v. InterExchange, Inc.,* No. 14-cv-03074-CMA-CBS, 2017 WL 4418684, at *7 n.4 (D. Colo. Apr. 28, 2017) (allowing expanded notice; court had reserved ruling on disputed statute of limitation issue).[16]

---

[15] Defendants' reliance on *Abdulina v. Eberl's Temp. Servs., Inc.*, No. 14-cv-00314-RM-NYW, 2015 WL 4624251 (D. Colo. Aug. 4, 2015), is misplaced. There, no party objected to the recommendation to deny equitable tolling and the basis asserted for tolling was apparently plaintiff's delay in filing her motion for conditional certification. The Court reviews the issue here under a different standard, and under a different basis.

[16] Defendants' reliance on *Abdulina*, *supra*, is again misplaced. In that case tolling was no longer at issue.

11

### B. Notice

Plaintiffs submitted no proposed notice and consent form for the court's consideration. The Magistrate Judge recommended the following occur within 14 days after certification of an FLSA opt-in class: (1) Defendants provide the names and contact information of potential opt-in plaintiffs; and (2) the parties submit a proposed notice and method of distribution to potential opt-in plaintiffs. Defendants did not raise any objections to this aspect of the recommendation and, upon review, the Court agrees. The Court recognizes that former defendant HCA-HealthONE LLC has settled; therefore, any certification and notice would not apply to it.

### IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

(1) That the "Report and Recommendation on Plaintiffs' Motion for Collective Certification of their FLSA Claims against all Defendants Except for HCA-HealthONE LLC (Docket No. 139)" (ECF No. 207) is REJECTED IN PART WITHOUT PREJUDICE and ACCEPTED IN PART as stated herein;

(2) That Defendants' Objections to Magistrate Judge's Report and Recommendation on Motion for Collective Action Certification (ECF No. 212) is OVERRULED IN PART and SUSTAINED IN PART as stated herein;

(3) That Plaintiffs' Motion for Collective Certification of their FLSA Claims against all Defendants Except for HCA-HealthONE LLC (ECF No. 139) is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART as stated herein;

(4) That the opt-in collective action is conditionally certified as a *nationwide class* against Xclusive Defendants for the $3.00 deduction policy:

ALL CURRENT AND FORMER HOURLY EMPLOYEES OF XCLUSIVE STAFFING, INC., OR ONE OF ITS SUBSIDIARIES, THAT WORKED AT ONE OF ITS CLIENTS' LOCATIONS (EXCEPT HCA-HEALTHONE LLC) EMPLOYED ON OR AFTER MARCH 22, 2013, AND HAD $3.00 DEDUCTED FROM THEIR PAYCHECK AS A "FEE";

(5) That the opt-in collective action is conditionally certified as a *Colorado* **class** against Xclusive Defendants for the 30-minute meal deduction policy:

ALL CURRENT AND FORMER HOURLY EMPLOYEES OF XCLUSIVE STAFFING, INC., OR ONE OF ITS SUBSIDIARIES, THAT WORKED AT ONE OF ITS CLIENTS' COLORADO LOCATIONS (EXCEPT HCA-HEALTHONE LLC) EMPLOYED ON OR AFTER MARCH 22, 2013;

(6) That the opt-in collective action is conditionally certified as to the following *Colorado* **subgroups:**

**The 216(b) Omni Subgroup**:

ALL CURRENT AND FORMER HOURLY EMPLOYEES OF XCLUSIVE STAFFING, INC., OR ONE OF ITS SUBSIDIARIES, THAT WORKED AT THE OMNI INTERLOCKEN HOTEL (500 INTERLOCKEN BLVD, BROOMFIELD, CO 80021) ON OR AFTER MARCH 22, 2013;

**216(b) Hyatt Subgroup:**

ALL CURRENT AND FORMER HOURLY EMPLOYEES OF XCLUSIVE STAFFING, INC., OR ONE OF ITS SUBSIDIARES, THAT WORKED AT THE HYATT DENVER TECH CENTER HOTEL (7800 E TUFTS AVE, DENVER, CO 80237) ON OR AFTER MARCH 22, 2013;

**216(b) Marriott Subgroup:**

ALL CURRENT AND FORMER HOURLY EMPLOYEES OF XCLUSIVE STAFFING, INC., OR ONE OF ITS SUBSIDIARES, THAT WORKED AT THE MARRIOTT DENVER TECH CENTER HOTEL (4900 S. SYRACUSE STREET DENVER, CO 80237) ON OR AFTER MARCH 22, 2013;

(7) That the parties shall meet and confer and submit to the Court a proposed notice and consent form, along with method of distribution, to potential opt-in plaintiffs within

14 days of this Order. Representative notice and consent form which the Court has previously approved in another case are attached for the parties' reference. In the event the parties cannot agree to a mutually agreeable proposed notice and consent form, the parties shall file their respective proposed notice and consent form for the court to resolve. Any proposed notice and consent form, in Word or WordPerfect format, shall also be forwarded to Chambers at Moore_Chambers@cod.uscourts.gov; and

(8) That Defendants shall have 14 days from the date of this Order to provide Plaintiffs with a list of all employees constituting the groups and subgroups, with their dates of employment and last known addresses and phone numbers in an agreed upon format.

DATED this 31st day of August, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge