**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 16-cv-00671-RM-NRN

ISABEL VALVERDE
MARIA SIMON; and those similarly situated

       Plaintiffs,

v.

XCLUSIVE STAFFING, INC.;
XCLUSIVE MANAGEMENT, LLC D.B.A. XCLUSIVE STAFFING;
XCLUSIVE STAFFING OF COLORADO, LLC;
DIANE ASTLEY;
OMNI INTERLOCKEN COMPANY, L.L.C.;
OMNI HOTELS MANAGEMENT CORPORATION; and
MARRIOTT INTERNATIONAL, INC.

       Defendants.


Civil Case No. 17-cv-01602-RM-NRN

JOSE TREJO;
MARISOL TREJO;
OBDULIA JULIE CORTES;
VILMA DE JESUS ALVARENGA CARRANZA; and those similarly situated

       Plaintiffs,

v.

XCLUSIVE STAFFING, INC.;
XCLUSIVE MANAGEMENT, LLC D.B.A. XCLUSIVE STAFFING;
XCLUSIVE STAFFING OF COLORADO, LLC;
DIANE ASTLEY; and
WESTIN DIA OPERATOR, LLC,

       Defendants.

---

**JOINT STATEMENT OF CLARIFICATION**

---

## I.   INTRODUCTION

This memorandum responds to the Court's concerns about considering approval of a Rule 23 settlement that would benefit and bind solely a class of Colorado employees without providing notice to a nationwide class of employees who could opt-in to this case to assert claims against Defendants under the FLSA. *Valverde*, ECF Doc. 259; *see Trejo*, ECF Doc. 69 (same). As the Court is aware, on August 31, 2018, the Court issued an order "conditionally certifying" a nationwide FLSA class in one of the two actions. *See Valverde,* ECF Doc. 248. Soon after, the Parties agreed to mediate, and, on motion of the Parties, the Court stayed the conditional certification order pending settlement. *See Valverde*, ECF Doc. 252; *Trejo*, ECF Doc. 65. At the Parties' mediation, Plaintiffs accepted an offer from Defendants to settle all claims in both complaints on behalf of a Colorado Rule 23 class only, without FLSA opt-in notices being provided to employees outside of Colorado.

Plaintiffs appreciate the Court's concern, which raises important questions about the differences between Rule 23 class actions and FLSA opt-in rights under 29 U.S.C. § 216(b). The Parties, here, address the Court separately because of their different duties and responsibilities regarding the settlement.

## II.   PLAINTIFFS' STATEMENT OF CLARIFICATION

Plaintiffs and Plaintiffs' counsel appreciate the Court's concern for the putative FLSA class. In a class action, settlement robs the Court of the benefits of an adversarial proceeding, and the Court must stand as a bulwark against collusive conduct by the parties at the expense of the class. But this case does not raise those concerns. Plaintiffs were offered a settlement for them and the putative Colorado Rule 23 class. They and their counsel have fiduciary duties to that class—

and no such duties to employees outside of Colorado—and they accepted this agreement because it is in the best interests of that class.

The existence of a conditionally certified "FLSA class" did not, and should not, affect Plaintiffs' decision to accept Defendants' class settlement offer. As explained below, Plaintiffs only duty was to the putative Rule 23 class. And while the Court has ordered Plaintiffs to provide notice to other workers outside of Colorado of their opportunity to join this case, the Court has ample discretion to manage the notice process consistent with the interests of judicial economy and fairness. Permitting this settlement to proceed without that notice—assuming the settlement is later approved by the Court—would be an appropriate exercise of that discretion.

**A. The Court's Discretion in Managing Joinder of "Similarly Situated" Employees to a Collective Action**

The Court has ample discretion in managing notice and opt-ins in FLSA collective actions, *i.e.*, the statutory right of employees to bring an action "in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves ***and other employees similarly situated***." *See Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 167-168 (1989) (quoting 29 U.S.C. § 216(b) and emphasis added). According to the Supreme Court, "[t]he Court has authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Id.* at 170.

The broad authority to oversee and manage the notice process has spawned a myriad of approaches to providing notice and joining "similarly situated" employees to an already existing FLSA action. *See Thiessen v. GE Capital Corp*., 267 F.3d 1095, 1102 (10th Cir. 2001) ("Federal district courts have adopted or discussed at least three approaches to determining whether plaintiffs

are 'similarly situated' for purposes of § 216(b)."). And while the two-step *ad hoc* approach applied in this case is certainly the most widely applied in the District of Colorado, "there is no statutory mandate for any initial determination" "conditionally certifying" a class. *In re Chipotle Mexican Grill, Inc.,* 17-1028, 2017 WL 4054144, at *3 (10th Cir. Mar. 27, 2017); *see Myers v. Hertz Corp.,* 624 F.3d 537, 555 n.10 (2d. Cir. 2010) (observing that the FLSA does not require conditional certification  and that "certification is neither necessary nor sufficient for the existence of a representative action under FLSA, but may be a useful case management tool for district courts to employ in appropriate cases."). Other approaches are equally acceptable. For instance, it is also well within a Court's discretion to allow permissive joinder at the outset of a case—without "conditional certification" or distribution of notice—by any employee that wishes to join and then shift the burden onto the employer to show misjoinder under Rule 21. *In re Chipotle Mexican Grill, Inc.,* 2017 WL 4054144, at *3.

Of importance here and unlike Rule 23 certification, the Court's exercise of its discretion to manage notice to "similarly situated" employees of a FLSA action in no way impacts the substantive rights of persons who have not yet joined the action. Notice itself is an exercise of the Court's discretion to manage the action, not the granting of any formal class status for the employees who may have a right to join it. *See Hoffmann-La Roche*, 493 U.S. at 167-72 (noting that, rather than overseeing the timing and content of notices at an early stage, a court could decline to manage the opt-in process entirely, and simply "wait[] passively for objections about the manner in which consents were obtained"). And, in a FLSA case, a "similarly situated" person may only join as a party when "he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). *See also Morgan v. Family*

*Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008) (noting that "conditional certification" of a collective action is a device to facilitate notice to potential class members and does not actually "create a class of plaintiffs" for a FLSA collective action). Indeed, "similarly situated" employees can opt-in at ***any time***, even before conditional certification. *See, e.g., Sperling v. Hoffman-La Roche, Inc.,* 862 F.2d 439, 440 (3d Cir. 1988) (declining to disturb district court's denial of defendant's request to invalidate 400 consents that were obtained and filed without court approval), *aff'd*, 493 U.S. 165, 169 (1989).

By contrast, a Rule 23 certification order instantly adds members of the certified class as parties and instantly imbues the named plaintiffs and class counsel with all the rights and responsibilities of Rule 23 class representatives. *See* Fed. R. Civ. P. 23. As the Supreme Court explained:

> More fundamentally, … a putative class acquires an independent legal status once it is certified under Rule 23. Under the FLSA, by contrast, "conditional certification" does not produce a class with an independent legal status, or join additional parties to the action.

*Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013).

## B. Plaintiffs' Duties to the Conditionally Certified FLSA Class and the Putative Rule 23 Class

The different statuses of "conditionally" certified FLSA classes and certified Rule 23 classes triggers a different set of duties for Plaintiffs' and Plaintiffs' counsel respecting putative FLSA class members and putative Rule 23 class members. Not only does an order conditionally certifying a FLSA class not transform the rights of putative class members absent their decision to affirmatively opt-in to the case, it also does not give the named plaintiff and his counsel duties to those absent class members. *See, e.g., Jones v. Casey's Gen. Stores,* 517 F. Supp. 2d 1080, 1085

(S.D. Iowa 2007) (analyzing the difference between FLSA collective actions and Rule 23 class actions and finding "the reasoning for finding that class counsel owe a fiduciary duty to putative class members prior to class certification is inapplicable in the context of "opt-in" collective actions…."). At most, a named plaintiff's duty to opt-ins is triggered when a consent to join is filed, not when notice is permitted through "certification." *See Mickles v. Country Club Inc.,* 887 F.3d 1270, 1278 (11th Cir. 2018) ("Thus, conditional certification is solely for notice purposes and does nothing to determine if a party becomes a plaintiff."). And even after an opt-in, that duty is limited to the agency relationship conferred in the consent to join form. *See Ruiz v. Act Fast Delivery of Colo., Inc.,* No. 14-cv-00870-MSK-NYW, ECF No. 132, 2017 U.S. Dist. LEXIS 4821, at *16 n.5 (D. Colo. Jan. 9, 2017) (a named Plaintiff's ability to settle on behalf of FLSA opt-ins without notice relies on a conferral of authority to settle on behalf of opt-ins in the consent to join form). This is because, unlike Rule 23 class members, "every individual opting in to a collective action 'has party status the same status in relation to the lawsuit as the named plaintiffs.'" *Id.* at * 15 (quoting *Halle v. West Penn Allegheny Health Sys., Inc.*, 842 F.3d 215, 225 (3d Cir. 2016) and citing Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d § 1807).

      This is in stark contrast to a Rule 23 action, where a fiduciary relationship exists between named plaintiffs and putative class members pre-certification. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) ("Prior to formal class certification, there is an even greater potential for a breach of fiduciary duty owed the class during settlement."). For this reason, courts must guard against a named plaintiff leveraging his class claim for his personal advantage:

> [W]hen a plaintiff has voluntarily assumed the fiduciary role of a class representative, before the putative class claims may be dismissed, a court must determine whether the settling plaintiff has

> used the class action claim for unfair personal advantage, with
> prejudice to absent putative class members.

*Gardner v. Sprint/United Management Co.*, 2009 WL 1917408 at *3 (D. Kan. Jul. 2, 2009) (citing

*Shelton v. Pargo, Inc.,* 582 F.2d 1298, 1314 (4th Cir.1978) (A court must consider "whether the

settling plaintiff has used the class action claim for unfair personal aggrandizement in the

settlement, with prejudice to absent putative class members.")). Because the same fiduciary duties

do not exist in FLSA collective actions before putative class members have opted in to the case,

the same concerns do not arise.

### C.  Plaintiffs' Decision to Accept an Offer of Settlement for a Rule 23 Colorado Class Only

It is exactly this difference between the duty of a named plaintiff to a conditionally certified

FLSA class that has yet to opt-in and the duty of a named plaintiff to a putative Rule 23 class that

drives the appropriateness of the settlement here. After all, Plaintiffs did not use a class claim for

personal benefit. Rather, they have accepted a settlement on behalf of the only Rule 23 class they

seek to represent.[1] And whereas Plaintiffs have no duty to "similarly situated" employees outside

of Colorado that have yet to opt-in to the action, they have an ongoing fiduciary duty to the putative

Rule 23 Colorado state-law class. When presented with a settlement offer for the Colorado Rule

23 class only, they had to consider that duty.

Most importantly, Plaintiffs had to weigh the risks to the putative Rule 23 class in not

accepting. Plaintiffs were faced with the hurdle of class certification followed by uncertainty as to

---

[1] The *Trejo* Plaintiffs still also seek to represent a nationwide RICO class. But the Magistrate Judge issued a Report and Recommendation recommending dismissal of that claim. *See Trejo*, ECF Doc. 45 (R&R). Plaintiffs objected, and the Court has yet to rule. *Trejo,* ECF Doc. 52 (objection). Given the uncertainty, its reasonable for Plaintiffs to proceed in settlement on their only other class: the Colorado State Law Rule 23 Class.

liability. Against that backdrop, they had to accept the bird-in-the-hand offered by Defendants, which Plaintiffs proffer is a significant settlement for a large class. And the Court will later have an opportunity to consider whether to approve the settlement as fair and reasonable. Fed. R. Civ. P. 23(e).

The Court should also know that, at least initially, Plaintiffs were wary that Defendants would use prolonged settlement negotiations to run out the clock on the statute of limitations for FLSA claims in other states, as an important difference between FLSA collective action claims and Rule 23 class claims is that the statute of limitations on claims of absent class members continues to run in FLSA collective actions. But that is no longer a concern. Plaintiffs secured tolling of these FLSA claims for all employees who could bring the FLSA claims at issue in this case and sought a stay of the notice order during negotiations so that notice could still be given— with the benefit of tolling—to non-Colorado employees if the Colorado settlement were to fail. The Parties propose extending this stay and tolling through final approval. *See Valverde*, ECF Doc. 257; *Trejo*, ECF Doc. 68. Thus, at worst, "similarly situated" employees in other states maintain any FLSA claims they may have and will benefit from the tolling put in place here.

Plaintiffs also understand that the proposed settlement does not "moot" the Court's conditional certification order. *See Valverde,* ECF Doc. 257 at 3; *Trejo*, ECF Doc. 68 at 3. Plaintiffs fully recognize that they are currently obligated by Court order to issue notice of the conditionally certified FLSA class. *Valverde*, ECF Doc. 248 (conditional certification order). But the settlement offer does not extend to non-Colorado employees. And if the settlement is approved, there will be no action for those non-Colorado employees to join, no settlement for them to benefit from, and no named Plaintiff to represent them. After all, FLSA notice is meant to notify similarly situated

employees of their right to join an ***existing*** action, not of their rights under the FLSA generally. *See Hoffmann-La Roche*, 493 U.S. at 170 (notice provides "accurate and timely notice concerning the pendency of the collective action, so that [similarly situated employees] can make informed decisions about whether to participate."). Thus, given this Court's discretion in managing joinder of "similarly situated" employees in a FLSA case, *supra* at Section II.A, and Plaintiffs' careful exercise of their fiduciary duties in accepting an offer of settlement on behalf of a Colorado Rule 23 class, *supra* at Section II.B, Plaintiffs request that the notice order be stayed pending final approval of the settlement and withdrawn if the settlement is approved.

## III.    DEFENDANTS' STATEMENT OF CLARIFICATION

For the reasons stated by Plaintiffs in Section II.A, *supra*, Defendants agree that neither the FLSA, nor the Federal Rules of Civil Procedure, nor applicable case law require the Court to ensure that notice of an opportunity to join these cases be sent to potential FLSA opt-in members. The Court may, in its discretion, continue to stay its conditional certification order until a Rule 23 class action settlement is approved, and then dismiss these cases – either with or without expressly vacating its conditional certification order.

Respectfully submitted,

<u>s/Alexander Hood</u>
Alexander Hood
David Seligman
Towards Justice
1410 High Street, Suite 300
Denver, CO 80218
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

*Attorneys for Plaintiffs*

<u>s/</u>Matthew M. Morrison
Jonathon M. Watson
Matthew M Morrison
633 17th Street, Suite 3000
Denver, CO  80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
Email:  jwatson@shermanhoward.com
Email:  mmorrison@shermanhoward.com

*Attorneys for Defendants*

**Certificate of Service**

I hereby certify that on December 11, 2018 I served a true and correct copy of the forgoing on the individuals below pursuant to Fed. R. Civ. P. 5.

_s/Alexander Hood_
Alexander Hood
Attorney for Plaintiffs