**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 16-cv-00671-RM-NRN

ISABEL VALVERDE;
MARIA SONIA MICOL SIMON; and those similarly situated

     Plaintiffs,

v.

XCLUSIVE STAFFING, INC.;
XCLUSIVE MANAGEMENT, LLC D.B.A. XCLUSIVE STAFFING;
XCLUSIVE STAFFING OF COLORADO, LLC;
DIANE ASTLEY;
OMNI INTERLOCKEN COMPANY, L.L.C.;
OMNI HOTELS MANAGEMENT CORPORATION;
JMIR DTC OPERATOR LLC; and
MARRIOTT INTERNATIONAL, INC.

     Defendants.

---

**MOTION TO QUASH SUBPOENA AND FOR ORDER TO SHOW CAUSE BY
ATTORNEY ALEXANDER HOOD**

---

**Certificate of Compliance with D.Colo.LCivR 7.1A**

The undersigned conferred with Defendants' counsel prior to the filing of this Motion. Defendants **oppose** this Motion to the extent it would allow Mr. Hood to not comply with their subpoena. Defendants **do not oppose** this Motion to the extent it requests an order to show cause or an order compelling Mr. Hood to comply. The undersigned counsel also conferred with Plaintiff Simon by phone prior to the filing of this Motion. Ms. Simon **did not indicate opposition or lack of opposition** to this Motion during the call.

# MOTION[1]

Attorney Alexander Hood represents Plaintiff Isabel Valverde in the above-captioned action. Mr. Hood previously represented Plaintiff Simon, but has withdrawn as her counsel. *See* ECF Doc. 282 (granting motion to withdraw). Before and after Mr. Hood's withdrawal, Ms. Simon filed documents with the Court expressing regret and disapproval with regard to a settlement entered into in this case during a mediation in November. *See* ECF Docs. 277, 283. (filings by Ms. Simon).

Defendants have now served Mr. Hood with a subpoena requesting "[a]ny signature pages to the parties' Settlement Agreement and Release signed by Maria Simon." *See* Exhibit 1 (subpoena to Mr. Hood). **The subpoena's date of compliance is May 6, 2019.** *Id.* Rule 45(3)(A) provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that … requires disclosure of privileged or other protected matter, if no exception or waiver applies…."

Mr. Hood consulted ethics counsel with respect to how to respond to this subpoena, which requests information regarding a former client. Ethics counsel directed Mr. Hood to Colorado Rule of Professional Conduct 1.6(b), which provides that "[a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary … to comply with other law or a court order." Comment 8 to the rule further elaborates:

---

[1] Mr. Hood filed substantially the same motion previously in response to substantially the same subpoena that he received during the administrative closure in this case. *See* ECF Doc. 287. The Court granted that previous motion by quashing the subpoena because the case was still administratively closed. ECF Doc. 289. In that order, the Court noted it was "aware, however, that a motion to lift the administrative closure is pending and the issue will arise again. Thus, the parties may raise the issue again once the case is reopened, and should be prepared to fully address forthwith the issue raised in the motion." *Id.*

> [a] lawyer may be ordered to reveal information relating to the representation of a client by a court or by another tribunal or governmental entity claiming authority pursuant to other law to compel the disclosure. For purposes of paragraph (b)(8), a subpoena is a court order. Absent informed consent of the client to do otherwise, the lawyer should assert on behalf of the client all nonfrivolous claims that the order is not authorized by other law or that the information sought is protected against disclosure by the attorney client privilege or other applicable law. In the event of an adverse ruling, the lawyer must consult with the client about the possibility of appeal to the extent required by Rule 1.4. Unless review is sought, however, paragraph (b)(8) permits the lawyer to comply with the court's order.

Colo. Rule of Prof'l Conduct R. 1.6, cmt. 8.

Here, while the subpoena may be a "court order" for the purposes of the rule, Mr. Hood believes Ms. Simon may have "nonfrivolous claims that the [subpoena] is not authorized by other law or that the information sought is protected against disclosure by the attorney client privilege or other applicable law." *Id.* In particular, if a responsive document were to exist, it may be non-frivolous for Ms. Simon to assert attorney-client privilege or attorney work product protections. Therefore, before he produces any responsive documents or indicates that none exists, Mr. Hood believes that Ms. Simon must have an opportunity to assert these protections or any other protections that she believes she has.

However, while Mr. Hood is bound to raise the potential of these protections on Ms. Simon's behalf, he is not bound to argue that they apply. Instead, as any applicable privilege or protection belongs to Ms. Simon, Mr. Hood asks the Court to issue an order to show cause to Ms. Simon as to why Mr. Hood should not comply. If Ms. Simon, still a plaintiff in this case, fails to establish that these protections or any other protections bar him from complying with the subpoena within two weeks, Mr. Hood requests that the Court affirmatively rule on whether he is compelled

to comply. Finally, if it would be helpful to the Court in resolving the matter, Mr. Hood, if ordered to do so, will provide any responsive documents that exist to the Court for *in camera* review or indicate to the Court that no responsive documents exist.

Mr. Hood therefore moves the Court for the following:

1. An order to show cause requiring Ms. Simon to assert any reasons for quashing the subpoena within 14 days of the Court's order.

2. After the 14 days have passed, an order affirmatively ruling on whether Mr. Hood must comply with the subpoena.

3. An order extending the subpoena's date of compliance until after the Court has finally ruled on Mr. Hood's duty to respond.

s/Alexander Hood
Alexander Hood
Towards Justice
1410 High St., Suite 300
Denver, CO 80218
Tel.: 720-239-2606
Email: alex@towardsjustice.org

**Certificate of Service**

      I hereby certify that on May 1, 2019 I served a true and correct copy of the forgoing on the individuals below pursuant to Fed. R. Civ. P. 5.

                                                s/Alexander Hood
                                                Alexander Hood