# EXHIBIT 2

Plaintiffs Isabel Valverde, Maria Simon, Jose Trejo, Marisol Trejo, Julie Cortes (a.k.a. Julie Rivera), and Vilma De Jesus Alvarenga Carranza through their counsel Towards Justice, more specifically Alexander Hood and David Seligman, and Defendants Xclusive Staffing, Inc.; Xclusive Management, LLC; Xclusive Staffing Of Colorado, LLC; Diane Astley; Omni Interlocken Company, L.L.C.; Omni Hotels Management Corporation; and Marriott International, Inc.; and Westin DIA Operator, LLC, as set forth in Civil Case Nos. 16-cv-00671-RM-NRN and 17-cv-01602-RM-NRM, participated in a settlement mediation on November 19, 2018, and have agreed to resolve the pending litigation with the following material and essential terms:

1. Defendants shall pay a total of $1,520,000 to the class of present and former employees of Xclusive Staffing within the state of Colorado in accord with a FRCP Rule 23 class in full satisfaction of all claims specified in the Complaint and all claims arising from similar facts or circumstances. No Currently Pending Title VII Claims are Settled (EEOC)

2. The costs of administration of the resolution of this FRCP Rule 23 class shall be paid from the settlement proceeds. The Parties shall agree to select an appropriate class administrator.

3. To the extent funds remain which are not distributed to eligible class members, the Parties agree that they will select an entity(ies) which shall be related to the interests of the class, i.e. low wage earners. The Parties agree that they shall each be responsible for the selection of entities, respectively fifty percent (50%) Plaintiffs and fifty percent (50%) Defendants, who shall receive any disbursements of such funds. All Parties understand that any such entities shall align with the interests of the class.

4. Plaintiffs' attorneys' fees shall be paid from the settlement proceeds, and each side shall bear its own costs.

5. Defendants will take no adverse position with regard to the payment to class representatives of a participation fee or bonus, to be paid from the settlement proceeds.

6. Plaintiffs' counsel individually and as a firm agree that they shall not engage in any post-settlement publicity, including but not limited to issuing a press release or similar announcement, or posting any information related to this settlement on any electronic media including any websites associated with Plaintiffs' counsel and firm, and will not provide any interviews concerning this case or communicate with any media outlets concerning this case.

7. The settlement shall comprise a certified Rule 23 class, composed of current and past employees within the State of Colorado, whose claims Plaintiffs will move to dismiss with prejudice. Additionally, Plaintiffs shall move to dismiss their FLSA claims prior to the issuance of any notice to potential FLSA class members outside of the state of Colorado.

8. Plaintiffs shall also resolve the pending claim(s) of Irene Hernandez in consideration of a payment not to exceed an amount of $1,000, unless new information is discovered revealing that Ms. Hernadnez worked a significantly greater number of weeks than discussed at mediation.

9. This agreement is contingent upon the Court (1) accepting the terms of this settlement memorandum and more formal documents to be filed; (2) dismissing with prejudice the FRCP Rule 23 class claims, (3) dismissing with prejudice all claims in the pending Complaint and all claims arising from similar facts and circumstances; and (4) dismissing

all FLSA claims pled in the Complaint prior to the issuance of any notices to potential class members. This agreement is also contingent upon the settlement of Paragraph 8.

10. Defendants agree to pay the fees of the Mediator in this matter, not to exceed $5,000.

11. The Defendants specifically deny any liability in this matter and this settlement agreement is not an admission of any liability.

12. This settlement memorandum comprises the essential and material terms of the settlement and is fully enforceable. The Parties shall execute a Settlement Agreement that shall comprise the material and essential terms as set forth in this memorandum. Defendants shall prepare an initial draft of the Settlement Agreement.

13. Plaintiffs have consulted with their counsel in these matters, as well as their immigration counsel before signing this settlement memorandum. Each undersigned Plaintiff executes this settlement memorandum voluntarily, under their free will, and without coercion.

14. Each undersigned Plaintiff and Plaintiffs' counsel warrants that this settlement memorandum has been translated to an appropriate language they can understand.

15. Alexander Hood, as counsel for Plaintiff Isabel Valverde, represents and warrants that he has the authority to execute this Agreement and bind Mr. Valverde to the terms and conditions of this Agreement.

By: _____
     Jonathon Watson, On Behalf of all Defendants

By: _____
     Diane Astley, On Behalf of herself, for the Xclusive entities, and as indemnitor for all other Defendants

By: _____
     Alexander Hood, On Behalf of Plaintiffs

By: _____
     David Seligman, On Behalf of Plaintiffs

By: _____
     Isabel Valverde

By: _____
     Maria Simon

By: _____
     Jose Trejo

By: _____
     Marisol Trejo

By: _____
     Julie Cortes (a.k.a. Julie Rivera)

By: _____
     Vilma De Jesus Alvarenga Carranza

2