# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 17-cv-01602-RM-NRN

JOSE TREJO;
MARISOL TREJO;
OBDULIA JULIE CORTES;
VILMA DE JESUS ALVARENGA CARRANZA; and those similarly situated
Plaintiffs,

v.

XCLUSIVE STAFFING, INC.;
XCLUSIVE MANAGEMENT, LLC D.B.A. XCLUSIVE STAFFING;
XCLUSIVE STAFFING OF COLORADO, LLC;
DIANE ASTLEY; and
WESTIN DIA OPERATOR, LLC
Defendants.

Civil Case No. 16-cv-00671-RM-NRN

ISABEL VALVERDE
MARIA SIMON; and those similarly situated
Plaintiffs,

v.

XCLUSIVE STAFFING, INC.;
XCLUSIVE MANAGEMENT, LLC D.B.A. XCLUSIVE STAFFING;
XCLUSIVE STAFFING OF COLORADO, LLC;
DIANE ASTLEY;
OMNI INTERLOCKEN COMPANY, L.L.C.;
OMNI HOTELS MANAGEMENT CORPORATION; and
MARRIOTT INTERNATIONAL, INC.
Defendants.

**DECLARATION OF MEDIATOR TODD MCNAMARA**

The declarant states as follows:

1. My name is Todd J. McNamara. I have been admitted to the practice of law in the State of New York since 1979 as well as the Southern District of New York. Since 1980, I have been admitted to practice in the State of Colorado, and before

1

the United States District Court for the District of Colorado and the 10th Circuit Court of Appeals.

2. I have practiced law for approximately 40 years, almost entirely within the employment law spectrum. Initially, I was an associate with Atler, Zall and Haligman from 1980 through approximately 1984. At that point I joined Robinson, Waters, O'Dorisio & Rapson, first as an associate and later became a shareholder. During that period of time my primary emphasis was employment law litigation.

3. In approximately 1994, I formed my own law firm, at that point McNamara & Martinez, later McNamara, Roseman & Kazmierski and ultimately McNamara & Shechter. Since approximately 1994, my practice has exclusively involved employment law matters, including FLSA collective actions, class actions, representation of individuals and multiple plaintiffs in a host of employment related issues, including race, sex, national origin, and age discrimination as well as an assortment of other employment related issues.

4. Since forming my own firm, I have been involved in a number of successful multi-plaintiff, collective and class actions. I have successfully resolved, either as lead counsel, or co-counsel, 10 cases in which the recoveries were in excess of $1,000,000. Those include but are not limited to the following: *Wilkerson, et al., v. Martin-Marietta*, the largest age discrimination claim brought within the State of Colorado, which settled for a reported $7.6 million and *LaSelle v. Public Service*, a $2.1 million judgment on behalf of 90 plaintiffs in an ERISA claim. I secured the first race discrimination verdict in the United States against a real estate franchise for failure to award a sales agency to an African-American in *Tyler v. ReMax*. In addition, I was co-counsel in *Vaszlavik v. Storage Tek*, an age discrimination class action, which settled for $5 million. I also served as class co-counsel in an ERISA action, *Piet, et al. v. Lontine*,

5. In addition to my private practice, I also serve as a mediator in employment related disputes, and an arbitrator for such disputes on the arbitration roster of the American Arbitration Association ("AAA").

6. For the last 14 years, since the inception of the Super Lawyers designation in 2006, I have been honored with that designation. I have been honored with being selected as one of the Top 50 Lawyers in Colorado two times and Top 100 Lawyers in Colorado four times. Additionally, I have been continuously listed in Best Lawyers in America, as has my firm. In addition, I have been rated as AV-Preeminent in Employment Law, by Martindale-Hubbell, for over 20 years and have a perfect 10.0 rating on AVVO.com.

7. I have conducted dozens of employment related mediations over the course of my career and was retained by the parties in the above-referenced action to mediate the pending litigation.

8. I conducted this mediation on November 19, 2018.

9. In advance of the mediation, the parties provided me with extensive mediation submissions, totaling hundreds of pages of legal arguments and analysis and exhibits. The Plaintiffs were represented by Towards Justice, more specifically Alexander Hood and David Seligman. The Defendants were represented by Sherman and Howard, more specifically Jonathon Watson and Matthew Morrison.

10. In addition to counsel, Diane Astley, the sole owner of Xclusive Staffing, was present on behalf of Defendants and Plaintiffs were represented by a multi-person Settlement Committee.

11. The settlement negations were extensive, hard fought and conducted in good faith and at arms' length. I conducted multiple individual sessions with each side and considered numerous arguments, offers and counter-offers and evaluated in a full and complete manner the relative strengths and weaknesses of each position.

12. The mediation session lasted approximately 13 hours and during my interaction with Plaintiffs, there was substantial give and take between myself, the Settlement Committee members and their counsel. Much, but not all of those discussions were conducted in English, although at times, there were translations.

13. It was my very clear impression that the Settlement Committee fully understood the arguments presented by both sides, the strengths and weaknesses of each parties' position and the settlement terms and conditions, both monetary and non-monetary which were being exchanged.

14. Similarly, there was no question in my mind that the Defendants' representative fully understood the ebb and flow of the negotiations and the material issues which led to resolution. I am strongly convinced that the settlement terms reached were as a result of hard bargaining and good faith efforts on both sides which were conducted at arms' length.

15. The parties' initial positions were very far apart, but over the course of those approximately 13 hours, great progress was made which resulted in a terms sheet settlement which incorporated the essential and materials terms of the agreement, later reduced to more formal documents.

16. Those specific terms and conditions were discussed at great length with both Plaintiffs' Settlement Committee, their counsel, Defendants' representative and defense counsel.

17. Based upon my 40 years of practice, my extensive employment law and mediation experience, I am comfortable in representing to the court that both sides were very ably represented by their counsel, who are experienced and highly accomplished employment law practitioners.

18. In particular, I was struck by the rapport that Plaintiffs' counsel had with their committee members and the intensive interaction between counsel, the Settlement Committee and myself as negotiations were conducted. This was particularly true once tentative terms had been reached. Each committee member indicated their complete assent to the settlement terms.

19. Having both successfully settled multi-plaintiff class and representative actions as well as having mediated a number of such claims, I am fully persuaded that this settlement was achieved only after strong advocacy on both sides and with a complete and knowing assent of the parties, including the Settlement Committee and Defendant's representative.

20. Pursuant to 28 U.S.C. §1764(2), I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge

Executed this 20th day of February, 2019.

_____
Todd J. McNamara, Esq.