**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

**Civil Action No. 16-cv-00671-RM-NRN
Consolidated with Civil Case No. 17-cv-01602-RM-NRN for Settlement Approval**

ISABEL VALVERDE;
MARIA SONIA MICOL SIMON; and those similarly situated,

      Plaintiffs,

v.

XCLUSIVE STAFFING, INC.,
XCLUSIVE MANAGEMENT, LLC D.B.A. XCLUSIVE STAFFING;
XCLUSIVE STAFFING OF COLORADO, LLC;
DIANE ASTLEY;
OMNI INTERLOCKEN COMPANY, L.L.C.;
OMNI HOTELS MANAGEMENT CORPORATION;
JMIR DTC OPERATOR LLC; and
MARRIOTT INTERNATIONAL, INC.

      Defendants.

---

Civil Case No. 17-cv-01602-RM-NRN

JOSE TREJO;
MARISOL TREJO;
OBDULIA JULIE CORTES;
VILMA DE JESUS ALVARENGA CARRANZA; and those similarly situated

      Plaintiffs,
v.

XCLUSIVE STAFFING, INC.;
XCLUSIVE MANAGEMENT, LLC D.B.A. XCLUSIVE STAFFING;
XCLUSIVE STAFFING OF COLORADO, LLC;
DIANE ASTLEY; and
WESTIN DIA OPERATOR, LLC,

      Defendants.

**ORDER**

This matter is before the Court on Plaintiffs' (excepting Plaintiff Simon) Motion for Preliminary Approval of Proposed Class and Collective Action Settlement Agreement (the "Motion") (ECF No. 296). The Plaintiffs are parties in the two civil actions captioned above and pending before this Court: *Valverde v. Xclusive*, No. 16-cv-00671-RM-NRN, and *Trejo v. Xclusive*, No. 17-cv-01602-RM-NRN. At the parties' request, these actions have been consolidated for settlement approval process.

Defendants filed a Response, but are unopposed to the Motion. Plaintiff Simon has indicated she opposed the Motion but filed no response in opposition and did not appear at the July 3, 2019, hearing the Court held on the Motion. The Court has considered the Motion and the record in this case, heard the parties' position and arguments, and reviewed the relevant rules and case law. After such consideration, and being otherwise fully advised, the Motion is denied without prejudice.

**I.    BACKGROUND[1]**

Defendants Xclusive Staffing, Inc. and Xclusive Staffing of Colorado, LLC (collectively, "Xclusive") are staffing agencies based in Colorado which are owned and controlled by Defendant Diane Astley. Defendant Xclusive Management, LLC is an affiliate of Xclusive. Xclusive provides low-wage workers for their clients which are mostly hotels like Defendants Omni, JMIR (Hyatt), Marriott, and Westin. Plaintiffs allegedly work or worked at one or more

---

[1] The following is based on the papers filed as well as representations of counsel.

of Xclusive's client locations in Colorado providing various services such as being a cook or server at banquets.

Plaintiffs allege Xclusive maintains various policies and practices which violate state and federal wage and hour laws. As relevant here, they consist allegedly of: (1) the $3.00 deduction as an administrative charge per paycheck policy; (2) the automatic 30-minute break deduction policy, regardless of whether the employee was given or took a break; and (3) the failure to provide a 10-minute break policy (as required under Colorado law).

In the *Valverde* Action, Plaintiffs named in that case brought six claims for relief under federal and state law seeking collective and class action certification. Former Defendant HealthONE was dismissed after it settled the claims brought by Plaintiff Simon on a collective and class action bases. (*Valverde*, ECF No. 217.) Other claims (or parts of claims) were dismissed by order of the Court or voluntarily. Further, the Court ordered as follows as to the FLSA collective action claim: (1) the $3.00 deduction policy was certified on a nationwide basis; and (2) the 30-minute break deduction policy was certified for Colorado workers (w/o prejudice for nationwide certification).[2] (ECF No. 248.)

In the *Trejo* Action, Plaintiffs named in that case raised eight (8) claims under federal and state law seeking collective and class action certification.[3] To effectuate the proposed settlement, the parties stipulated to dismissal without prejudice of Counts IV, V, and VIII to the

---

[2] This order did not address the 10-minute break policy as that is a *Colorado* policy and, therefore, not applicable to the FLSA collective action certification.
[3] There was a recommendation on the *Trejo* Defendants' motion to dismiss which has not been addressed by the Court due to the potential settlement and administrative closure of this case. The *Trejo* Action has been reopened but neither the motion nor any associated matters have been "refiled" in light of the parties' request for preliminary approval of their proposed settlement.

extent the class action claims are based on conduct occurring outside of Colorado. (ECF Nos. 73, 74.)

Before notices were sent in the *Valverde* Action, upon the request of the parties, the Court stayed all matters in both cases and tolled the statute of limitations for all members of the conditionally certified collective classes. (ECF Nos. 251, 252.) That stay has been continued. (ECF Nos. 256, 259, 264.)

The Motion now before the Court is filed by Plaintiffs Isabel Valverde, Jose Trejo, Marisol Trejo, Vilma de Jesus Alvarenga Carranza, and Obdulia Julie Cortez (collectively, "Movants"). Movants seek, for purposes of settlement only and for Colorado employees only, certification of a Rule 23 class action, preliminary approval of the Settlement Agreement and Release ("Settlement"), and approval of the parties' proposed notices and forms. The Motion also relies on the Court's prior order conditionally certifying an FLSA collective action (the "FLSA Order"). (ECF No. 248.) For the reasons stated herein, the Court finds approval may not be had on the papers as they currently stand.

## II.     LEGAL STANDARD

### A. Rule 23 Class Certification

A party seeking class certification must show first show the existence of the four threshold requirements of Rule 23(a). *Shook v. El Paso Cnty.*, 386 F.3d 963, 971 (10th Cir. 2004); *see also Vallario v. Vandehey*, 554 F.3d 1259, 1267 (10th Cir. 2009). These requirements are: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will

fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). These requirements are frequently referred to as numerosity, commonality, typicality, and adequacy of representation. *Harper v. C.R. England, Inc.*, 746 F. App'x 712, 720 (10th Cir. 2018). In the Court's Rule 23 analysis, "[a]lthough the party seeking to certify a class bears the burden of proving that all the requirements of Rule 23 are met … the district court must engage in its own rigorous analysis of whether the prerequisites of Rule 23(a) have been satisfied." *Shook*, 386 F.3d at 968 (quotation marks and citations omitted). The court must accept the substantive allegations of the complaint as true and may consider the legal and factual issues presented by plaintiff's complaints. *Id.*

Once a plaintiff has met the Rule 23(a) threshold requirements, it must then show the action falls within one of the three categories of suits set forth under Rule 23(b). *Vallario*, 554 F.3d at 1267. In this case, Movants seek certification under Rule 23(b)(3) (*see* ECF No. 296, p. 5). Rule 23(b)(3) lays out four matters the Court considers before certifying such a class. Fed. R. Civ. P. 23(b)(3)(A)-(D). However, where the Court is certifying a class for settlement purposes, Rule 23(b)(3)(D) need not be considered. *Harper*, 746 F. App'x at 720 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 520 (1997)).

Once a class is certified, notice must be given to the class members. Fed. R. Civ. P. 23(e). Because class members would be bound by any judgment or settlement, they must be afforded an opportunity to be excluded from the class, i.e., opt-out. *See* Fed. R. Civ. P. 23(c)(2)(B)(v) (Notice must advise "that the court will exclude from the class any member who requests exclusion.").

## B. FLSA Conditional Collective Action Certification

The FLSA permits collective actions where the allegedly aggrieved employees are "similarly situated." 29 U.S.C. § 216(b). Under *Thiessen v. Gen. Electric Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001), a district court may apply a two-stage "ad hoc" process to determine whether putative collective action members were "similarly situated" for purposes of § 216(b). At the initial "notice" stage, this Court "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id*. at 1102 (quotation marks and alteration omitted). If a movant meets this burden, the district court has discretion to facilitate notice to potential plaintiffs, such as ordering the employer to provide the names and addresses of current and former employees who may be eligible to participate in the collective action and authorizing court approved notice and consent documents be sent to such employees. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-174 (1989). The judicial system benefits of a collective action, however, depend on the employees receiving accurate and timely notice of the pendency of the collective action, so they can make informed decisions on whether to participate by consenting to become a party, i.e., opt-in to the action. *Id.* at 170.

## III. THE PROPOSED CLASSES

Movants and Defendants have agreed to the following collective or class action "classes" and "subclass" definitions:

(1) The Fed. R. Civ. P. 23 Class (the "Rule 23 Class"):

ALL CURRENT AND FORMER HOURLY EMPLOYEES OF XCLUSIVE STAFFING, INC., XCLUSIVE STAFFING OF COLORADO, LLC, OR ANY OF THEIR AFFILIATES, WHO WORKED AT ONE OF THEIR CLIENTS' COLORADO LOCATIONS (EXCEPT SKY RIDGE MEDICAL CENTER

HCA-HEALTHONE LLC) AND WERE EMPLOYED ON OR AFTER MARCH 22, 2013 AND UP TO AND INCLUDING FEBRUARY 3, 2019.

(2) The Rule 23 $3 Deduction Subclass (the "$3 Subclass"):

ALL CURRENT AND FORMER HOURLY EMPLOYEES OF XCLUSIVE STAFFING, INC., XCLUSIVE STAFFING OF COLORADO, LLC, OR ANY OF THEIR AFFILIATES, WHO WORKED AT ONE OF THEIR CLIENTS' COLORADO LOCATIONS (EXCEPT SKY RIDGE MEDICAL CENTER HCA-HEALTHONE LLC) AND WERE EMPLOYED ON OR AFTER MARCH 22, 2013 AND UP TO AND INCLUDING JULY 1, 2016.

(3) The FLSA Class:

ALL CURRENT AND FORMER HOURLY EMPLOYEES OF XCLUSIVE STAFFING, INC., XCLUSIVE STAFFING OF COLORADO, LLC, OR ANY OF THEIR AFFILIATES, WHO WORKED AT ONE OF THEIR CLIENTS' COLORADO LOCATIONS (EXCEPT SKY RIDGE MEDICAL CENTER HCA-HEALTHONE LLC) AND WERE EMPLOYED ON OR AFTER MARCH 22, 2013 AND UP TO AND INCLUDING FEBRUARY 3, 2019.

The Rule 23 Class and FLSA Class are coextensive.

## IV. ANALYSIS

### A. RULE 23 ISSUES

#### 1. Rule 23 Certification

##### a) Rule 23(a) Threshold Requirements

*Numerosity.* Movants advise that, based on the payroll and billing data, there are 9,981 workers currently or formerly employed by Xclusive who are members of the proposed classes. This is sufficient to satisfy Rule 23(a)(1)'s numerosity requirement.

*Commonality.* "A finding of commonality requires only a single question of law or fact common to the entire class." *Menocal v. GEO Group Inc.*, 882 F.3d 905, 914 (10th Cir. 2018) (quotation marks and citations omitted). Here, Movants and Defendants do not dispute the proposed classes satisfy the commonality requirement. The common

questions include those related to the alleged pay policies, such as whether Xclusive deducted $3.00 from every paycheck and whether 30-minute breaks were deducted from workers' paychecks even though they did not take or receive them. Accordingly, Rule 23(a)(2)'s requirement is also met.

*Typicality.* To show typicality, the movant must demonstrate "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Differing fact situations of class members do not defeat typicality ... so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1216 (10th Cir. 2014) (quotations and alteration omitted). Here, Movants claim all class members worked under the same alleged policies, such as $3.00 per paycheck deduction policy; thus, the claims of Plaintiffs and proposed class members are based on the same legal theories. Such common contentions are capable of classwide resolution. Accordingly, Plaintiffs' claims satisfy the typicality requirement under Rule 23(a)(3).

*Adequacy of Representation.* Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This requires the resolution of two questions: "'(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir. 2002) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). Movants assert there are no conflicts with other class members and counsel is experienced in wage and hour class claims and will competently pursue this litigation. As the case currently

stands, there is at least ostensibly a conflict between Plaintiff Simon, a named plaintiff, and Movants as well as their attorneys who were also formerly counsel for Plaintiff Simon. The Court finds, however, that any unidentified and undeveloped objection by Plaintiff Simon to the proposed settlement is insufficient to find Movants and their counsel have conflicts with the proposed class or that they will not adequately represent them. On the contrary, the Court's review of the record shows otherwise. Accordingly, the Court finds Movants have shown this requirement is also met.

### b) Rule 23(b)(3) Requirements

Under Rule 23(b)(3), a class action may be maintained if the court finds "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Four matters relevant to the court's findings are: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(A)-(D). As previously stated, Rule 23(b)(3)(D) is not relevant where the matter is before the court for settlement purposes only.

Movants represent that no other potential class members have demonstrated an interest in controlling this litigation or filed any claim in any court or administrative proceeding, and no litigation has been commenced against any class member. In addition, Movants contend the District of Colorado is "ideal" for litigation of the claims because all parties reside here and all

claims arose here.  On this record, the Court agrees.  And, although not addressed by Movants, the Court finds, on the current record, the common questions of fact or law concerning the Defendants' alleged pay practices predominate and a class action is superior to individual actions because, in addition to the foregoing, the individual claims at issue are numerous and of relatively small amounts of low-wage hourly workers.  *See Shahlai v. Comcast Cable Comm. Mgmt., LLC*, No. 16-cv-2556-WJM-NRN, 2018 WL 3870129, at *5 (D. Colo. Aug. 15, 2018).  Thus, the Court agrees that certification may be appropriate under Rule 23(b)(3).

### 2. Other Approvals

#### a) Class Counsel

A court that certifies a class must also appoint class counsel.  Fed. R. Civ. P. 23(g)(1). To do so, the court "must consider": "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).  Further, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class" and "may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs."  Fed. R. Civ. P. 23(g)(1)(B)-(C).

In this case, counsel submitted a proposed order appointing them as class counsel but did not discuss why the Court should do so.  Any renewed motion should address these factors.

### b) Class Representative

Rule 23 classes require one or more class representatives. *See* Fed. R. Civ. P. 23(e)(2)(A). The Motion does not address who should be a class representative, but the proposed order assumes approval of Movants. Nonetheless, this issue was addressed at the hearing. Based on the record, the Court finds Movants may be approved as class representatives.

### 3. Preliminary Approval of the Proposed Settlement

Movants seek preliminary approval of the Settlement. Movants rely on the "probable cause" standard but recent changes to Rule 23[4] governing settlements provide that the court should give notice if the parties' showing allows the court to determine it would "likely be able to" 1) approve the proposed settlement under Rule 23(e)(2), and 2) certify the class for the purpose of entry of a judgment on the proposal. Fed. R. Civ. P. 23(e)(1)(B); *see also* 4 W. Rubenstein, Newberg on Class Actions § 13:13 (5th ed. 2019). Under Rule 23(e)(2), the court may approve a proposal which binds class members only if it finds the proposal "fair, reasonable, and adequate" after considering four factors. Those four factors are whether "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." Here, however, Movants fail to address whether

---

[4] The changes were effective December 1, 2018.

the Court is "likely be able to"[5] approve the proposal under all[6] of the factors to be considered. Any renewed request must address the relevant factors for the Court's review. Such review at this stage, of course, is not "'as stringent as [that] applied for final approval.'" *Ross v. Convergent Outsourcing, Inc.,* 323 F.R.D. 656, 659 (D. Colo. 2018) (quoting *In re Motor Fuel Temp. Sales Practices Litig.*, 286 F.R.D. 488, 492 (D. Kan. 2012)).

Although the requisite factors were not addressed, the Court has reviewed the Settlement and finds some concerns. First, the Settlement provides for payment of $1,520,000 into a settlement fund from which all other payments will be made, including attorney's fees and costs, the administrative costs of handling the notices, and service awards. But, the anticipated amounts of such expenses are not disclosed. The fact that attorney's fees are referenced in the proposed notice to be sent as "1/4 of the class fund" or that counsel proposes to publicly file any motion for fees prior to any final approval hearing is insufficient. *See* Fed. R. Civ. P. 23(h) ("[T]he court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement.") Similarly, although the Settlement discloses the payment of "Participation Bonuses" (service awards) for all Plaintiffs it is only the *Motion* which discloses the proposed amounts of $10,000 to $30,000.[7] And, even then, it does not disclose how much for each Plaintiff.[8] The same holds true for the estimated administration expenses: the fact of such expenses is disclosed but not their estimated amount. Absent such information, a worker

---

[5] "Likely" is not defined but the Court notes that Merriam-Webster defines "likely" as "having a high probability of occurring or being true: very probable." *Likely*, Merriam-Webster, https://www.merriam-webster.com/dictionary/likely (last visited July 10, 2019).

[6] The Motion did address most of the factors, such as stating the settlement is the product of informed, non-collusive negotiations, i.e., it was negotiated at arms-length.

[7] With a caveat that Plaintiff Simon should not be excluded from this award unless her objection to any settlement is made in bad faith.

[8] It is also not disclosed in the proposed notice to be sent.

would not be able to make an informed decision of whether to opt-in, opt-out, or object. Concomitantly, the Court is unable to determine the proposed Settlement is fair, reasonable, and adequate.

Second, there is the issue of Unclaimed Funds. According to the Motion, if the amount of unclaimed funds exceed $175,000 (~ 11.5% of $1,520,000), the parties will return to the Court with proposals for distributing additional amounts to class members (as opposed to distributed cy pres). Ultimately, any residual which cannot be distributed may be divided equally among (1) Centro Humanitario Para Los Trabajadores; and (2) the Boulder Jewish Community Center. (Motion, p. 12.) The Settlement, however, contains no provision for coming back to Court and does not disclose such proposal. (ECF No. 296-1, p. 11.)

In summary, as Movants contend, "'[t]he judicial role in reviewing a proposed settlement is critical, but limited to approving the proposed settlement, disapproving it, or imposing conditions on it. The judge cannot rewrite the agreement.'" (ECF No. 296, p. 14 (quoting Manual for Complex Litigation, Fourth, § 21.61).) However, the Court's role is that "of a skeptical client and [it should] critically examine the class certification elements, the proposed settlement terms, and procedures for implementation." Manual for Complex Litigation § 21.61, p. 310 (4th ed. 2004). On this record, the Court cannot find it is likely to be able to approve the Settlement and, relatedly, order that notice be given.

### B. FLSA

#### 1. Preliminary Collective Action Certification

In the Motion, Movants state the Court has already conditionally certified the FLSA class that is a part of the proposed Settlement, i.e., the FLSA Order. Thus, Movants presumably rely

on the FSLA Order as support for the Motion. Yet, during the hearing on the Motion, the parties present stated the FLSA Order should be stayed (or continue to be stayed). This request, however, is at odds with the Motion.

The proposed Settlement, and related notice and claim documents, all presupposes the resolution of the FLSA claim as a collective action and the Court's preliminary approval of such documents. How is that to be if there is no operative order by which that may be had? Thus, some order is required. But, the FLSA Order conditionally certified different classes (as requested by Plaintiffs then[9]) than that sought in this Motion. Thus, upon review, the Court finds a new order preliminarily certifying an FLSA collective action for purposes of settlement and for Colorado workers only should be had and the FLSA Order should be stayed. For the essentially the same reasons stated in the FLSA Order, the Court finds that preliminary certification of an FLSA collective action for the proposed FLSA class may be appropriate. However, in the event the Court does not approve any proposed settlement, and the two actions resume, the stay of the FLSA Order will be lifted and the parties may proceed with these two actions. Thus, the Court may issue such order as appropriate in the event it finds the requirements for preliminary approval are otherwise met upon any renewed papers which the parties may file.

### 2. The Settlement

The Court addressed the issue of the Settlement above in the context of Rule 23 which Plaintiffs raised. However, the Court has concerns about the Settlement under the FLSA as well. Under the terms of the Settlement, it appears that unless a Settlement Class Member opts-out, the member is *in*. But, under the FLSA, a person becomes a party and may be bound by matters in

---

[9] *See* ECF No. 139.

the action only if that person takes *affirmative action* to opt-in.  Further, as discussed below in addressing the proposed notice to be sent, contrary to the FLSA, if a member does nothing, he gets nothing but waives everything.  Such matters need to be addressed in any renewed papers.

## C.  SERVICE PAYMENTS TO PLAINTIFFS

The Court has already addressed the proposed service awards in the context of its Rule 23 analysis.  Its reasonings apply equally to any proposed settlement under the FLSA.

## D.  THE PROPOSED NOTICE AND FORMS

### 1.  The Notice of Class and Collective Action Settlement (ECF No. 296-3)

The Court raises issues with the notice to be sent to any certified members, some of which are readily remedied and simply noted on the redlined notice attached as Exhibit 1.  Two issues, however, require further discussion.

First, the Court rejects the proposition that if a worker does nothing, he gives up everything.  Under the scenario the parties propose, a worker who fails to act would receive no monetary settlement but would nonetheless waive his wage claims[10] against Defendants.  This is contrary to the FLSA and, further, appears contrary to the terms of the Settlement.  Under the FLSA, a collective action member who does nothing would not become a party to the action, would not receive any settlement funds, and *would not* release any claims.  Further, under the Settlement, only those Settlement Class Members who *opt-out* would not be bound and not receive benefits.  In fact, the proposed opt-in and opt-out forms appear to recognize the distinctions between these types of claims.  The opt-in form allows a member to concurrently

---

[10] The Notice says "waive claims" which the Court assumes means wage claims only because, under the Settlement and as represented by the parties during the hearing, only the named Plaintiffs would waive any additional or other types of claims.

15

opt-in and become a party to the FLSA claim *and* make a claim for payment under Rule 23. The opt-out form allows a worker to opt-out of any Rule 23 class. Accordingly, any notice must accurately account for the requirement of the FLSA that if a member does nothing, he still retains his right, if any, to make a claim under the FLSA but gives up his right to make a claim for illegal deductions under state law. (*See* ECF No. 176.[11])

Second, the Notice states a proposed settlement has been reached between Xclusive and Plaintiffs, excluding Plaintiff Simon. Plaintiff Simon, however, has signed the Settlement but the Court has not determined whether she is bound by the Settlement (assuming it may ultimately be approved). Thus, the Court finds any notice should reflect a proposed settlement has been signed by (or on behalf of) all the parties.

### 2. The Notice of Class and Collective Action (ECF No. 296-4)

This notice to be published (the "Published Notice") should reflect the parties who signed the Settlement and set forth the deadline for any worker to act. A redlined copy of the Published Notice is attached as Exhibit 2.

### 3. The Opt-In and Opt-Out Forms (ECF No. 296-5 and 296-6)

The Court's changes are attached as Exhibits 3 and 4, respectively.

### E. OTHER MATTERS

In the parties' joint motion requesting the stay and tolling, they represented that if they can reach a preliminary class settlement for Colorado employees their motion for preliminary approval of the settlement would discuss the rights of potential FLSA opt-in plaintiffs who worked in other states and have not joined in these actions but would retain the right to pursue

---

[11] In other words, the Court would be open to approving documents like those used in the HealthONE settlement.

FLSA claims separately. (ECF No. 251.) Although touched on during the hearing, the Court finds this issue is not adequately address.

## V. CONCLUSION

Based on the foregoing, it is ORDERED

(1) That Plaintiffs' Motion for Preliminary Approval of Proposed Class and Collective Action Settlement Agreement (ECF No. 296) is DENIED WITHOUT PREJUDICE;

(2) That any renewed motion must address the concerns and matters raised herein;

(3) That the statute of limitations as to the conditionally certified collective actions members remains TOLLED until further order of the Court;

(4) That the *Valverde* Action and *Trejo* Action remain stayed, including the Court's Order on Plaintiffs' Motion for Collective Certification of their FLSA Claims (ECF No. 248); and

(5) That on or before August 16, 2019, the parties shall file a status report as to how they wish to proceed in this case and the STAY ordered in this case continues until further of the Court.

DATED this 15th day of July, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge