IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 16-cv-00671-RM-NRN
Consolidated with Civil Case No. 17-cv-01602-RM-NRN for Settlement Approval

ISABEL VALVERDE;
MARIA SONIA MICOL SIMON; and those similarly situated,

    Plaintiffs,

v.

XCLUSIVE STAFFING, INC., *et al.*,

    Defendants.

## ORDER

This matter is before the Court on the "Memorandum and Status Report in Further Support of Motion for Preliminary Approval of Proposed Class and Collective Action Settlement Agreement (ECF Doc. 296)" (the "Renewed Motion") (ECF No. 303) filed by all Plaintiffs ("Movants") except Plaintiff Simon and "Defendants' Response to Memorandum and Status Report in Further Support of Motion for Preliminary Approval of Proposed Class and Collective Action Settlement Agreement [ECF Doc. 303]" (ECF No. 304) which states Defendants agree the Court should preliminary approve the Parties'[1] proposed settlement on a class and collective action basis (the "Renewed Motion"). The Renewed Motion was filed after the Order of July 15, 2019 ("Order I") (ECF No. 302) denied without prejudice Movants'[2] Motion for Preliminary Approval of Proposed Class and Collective Action Settlement Agreement (the "Motion") (ECF No. 296). In Order I, the Court raised some concerns about the Parties' proposed settlement and

---

[1] As used herein, the "Parties" refer to all parties except Plaintiff Simon.
[2] "Movants" refer to all named Plaintiffs except Plaintiff Simon.

directed that such concerns be addressed in any renewed motion. Plaintiff Simon has filed no response to the Renewed Motion and the time to do so has passed. Based on the Court's review of the Renewed Motion, the court record, and applicable law, and being otherwise fully advised, the Court finds and orders as follows.

## I. BACKGROUND

The parties are well versed with the background which precedes this Order, so it will not be repeated here. Essentially, in Order I the Court found most of the requirements for preliminary approval were shown, with a few issues that needed to be addressed further or required modification. The Court examines these issues in turn below.

## II. ANALYSIS

### A. Class Counsel and Class Administrator

The parties have now adequately shown that attorneys Alexander Hood and David Seligman of Towards Justice should be appointed class counsel. Thus, pursuant to Fed. R. Civ. P. 23(g)(1), the Court appoints them as class counsel.

The Court did not previously address who should be appointed the class administrator. Upon review of the record, the Court appoints Optime Administration, LLC as the Class Administrator.

### B. Whether the Proposed Settlement is "Likely to be Approved" under Rule 23

Movants did not explicitly address each remaining factor under Fed. R. Civ. P. 23(e)(1)(B), but their advisement concerning how the funds are to be divided, the allocation of any unclaimed funds, and the proposed modifications to the notices and consent forms shows that the Court will likely be able to approve the Parties' proposal. Accordingly, the Court finds the proposed settlement may be preliminarily approved.

### C. Conditional FLSA Collective Action Certification

The Court previously conditionally certified an opt-in collective action on a nationwide basis as to the $3.00 deduction policy and on a Colorado class basis for the $30-minute meal deduction policy. (ECF No. 248 (the "FLSA Order").) In light of Renewed Motion and the parties' proposed *Colorado* settlement, the FLSA Order is hereby STAYED until further of the Court. In addition, for the reasons stated in Order I and the FLSA Order, the Court finds Movants have shown that conditional certification of the following opt-in collective action for purposes of the Colorado settlement is warranted:

> ALL CURRENT AND FORMER HOURLY EMPLOYEES OF XCLUSIVE STAFFING, INC., XCLUSIVE STAFFING OF COLORADO, LLC, OR ANY OF THEIR AFFILIATES, WHO WORKED AT ONE OF THEIR CLIENTS' COLORADO LOCATIONS (EXCEPT SKY RIDGE MEDICAL CENTER HCA-HEALTHONE LLC) AND WERE EMPLOYED ON OR AFTER MARCH 22, 2013 AND UP TO AND INCLUDING FEBRUARY 3, 2019.

Thus, these collective action members shall be given notice and an opportunity to opt-in.

### D. FLSA and the Proposed Settlement

The Court raised concerns about the proposed settlement under the FLSA because if a member does nothing (i.e., fails to opt-in), he gets nothing but waives everything. The revised proposed notices and consent forms address this issue, advising those who do not opt-in that they retain any right under the FLSA.

### E. The Revised Proposed Notices and Forms

Movants submit proposed notices and forms which contain modifications in addition to those previously made by the Court. Upon review, the Court approves the proposed notices and forms subject to the additional modifications made by the Court. (See attached.)

### F. Other Matters

As a final matter, in Order I the Court raised an issue concerning the non-Colorado employees who have not received notice of this action due to the stay of the FLSA Order. The statute of limitations is tolled as to such employees and will continued to be tolled until further of the Court. Thus, the Court finds that no further action needs to be taken at this time.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That the Renewed Motion (ECF No. 303) is **GRANTED** as stated herein and the proposed settlement is preliminarily approved;

(2) That, for settlement purposes only, the Court certifies the following classes:

*The Fed. R. Civ. P. 23 Class*:

ALL CURRENT AND FORMER HOURLY EMPLOYEES OF XCLUSIVE STAFFING, INC., XCLUSIVE STAFFING OF COLORADO, LLC, OR ANY OF THEIR AFFILIATES, WHO WORKED AT ONE OF THEIR CLIENTS' COLORADO LOCATIONS (EXCEPT SKY RIDGE MEDICAL CENTER HCA-HEALTHONE LLC) AND WERE EMPLOYED ON OR AFTER MARCH 22, 2013 AND UP TO AND INCLUDING FEBRUARY 3, 2019.

*The $3 Deduction Subclass:*

ALL CURRENT AND FORMER HOURLY EMPLOYEES OF XCLUSIVE STAFFING, INC., XCLUSIVE STAFFING OF COLORADO, LLC, OR ANY OF THEIR AFFILIATES, WHO WORKED AT ONE OF THEIR CLIENTS' COLORADO LOCATIONS (EXCEPT SKY RIDGE MEDICAL CENTER HCA-HEALTHONE LLC) AND WERE EMPLOYED ON OR AFTER MARCH 22, 2013 AND UP TO AND INCLUDING JULY 1, 2016;

(3) That, for settlement purposes only, the Court conditional certifies the following opt-in *collective action members* pursuant to 29 U.S.C. § 216(b):

ALL CURRENT AND FORMER HOURLY EMPLOYEES OF
XCLUSIVE STAFFING, INC., XCLUSIVE STAFFING OF
COLORADO, LLC, OR ANY OF THEIR AFFILIATES, WHO
WORKED AT ONE OF THEIR CLIENTS' COLORADO LOCATIONS
(EXCEPT SKY RIDGE MEDICAL CENTER HCA-HEALTHONE LLC)
AND WERE EMPLOYED ON OR AFTER MARCH 22, 2013 AND UP
TO AND INCLUDING FEBRUARY 3, 2019;

(4) That Plaintiffs Isabel Valverde, Jose Trejo, Marisol Trejo, Vilma de Jesus Alvarenga Carranza Obdulia Julie Cortez are approved as class representatives;

(5) That Movants' counsel, Alexander Hood and David Seligman, are approved as class counsel;

(6) That Optime Administration, LLC is approved as the Class Administrator;

(7) That the proposed notices, claim form, and opt-out form (ECF Nos. 303-1 to 303-4), as further modified by the Court, are approved;

(8) That the proposed manner and method of notice is approved, i.e., notice by mail, delivery with pay checks to current employees, text message, and publication as described in the Motion (ECF No. 296);

(9) With respect to notice by text message, the Court hereby orders that all parties proceed as follows. An initial text will be sent by the Class Administrator in English and Spanish to every class member for whom Defendants can provide a phone number stating as follows:

You may be a member of a class of individuals certified by a court to receive wages in a settlement regarding work you did for Xclusive Staffing. Go here to read about your rights: [INSERT URL];

(10) If there are any responses to the text message via a text message response from a class member, the Court authorizes the Class Administrator to manually send from an individual mobile phone a single reply in the same language, English or Spanish, as the response with the following language:

> Thank you for the response. Please call or email the Class Administrator with any questions at [INSERT TOLL FREE NUMBER] or [INSERT EMAIL];

(11) That the following schedule for the claims process, final approval, and disbursement of settlement funds shall apply:

| Event | Deadline/Due Date |
| --- | --- |
| Names and contact information provided to Class Administrator by Defendants | Within 14 days of preliminary approval |
| Notice distributed by mail and text | Within 35 days of preliminary approval |
| Notice, claim form, and opt-out form distributed by Defendants with pay checks to current employees | Next regular pay day after mailed notice |
| Notice published | Within 35 days of preliminary approval |
| Deadline for any objections or claims to be submitted to the Class Administrator (a claim or objection will be considered submitted if it is postmarked or received by this date) | 126 days after preliminary approval |
| Motion for final approval and dismissal filed with the court | Within 147 days of preliminary approval |
| Plaintiffs' counsel submits their petition for fees and costs | 21 days prior to the final approval and fairness hearing |
| Class Administrator provides calculations of payments to all class members and reports to parties' counsel | 21 days prior to the final approval and fairness hearing |

| Final approval and fairness hearing | May 26, 2019 at 9:00 a.m. |
| --- | --- |
| Effective date | As defined in paragraph 43 of the parties' settlement agreement (ECF No. 296-1) |
| Distribution of settlement funds to class by Class Administrator | Within 42 days of the Effective Date |

(12) That the FLSA Order (ECF No. 248) is STAYED until further order of the Court;

(13) That the statute of limitations as to the conditionally certified collective action members remains TOLLED until further order of the Court;

(14) That the Unopposed Motion for Status Conference (ECF No. 305) is DENIED AS MOOT; and

(15) That, within ten (10) days of the distribution of the notice, claim form, and opt-out form by Defendants with pay checks to current employees, Movants shall file a copy of these documents with the court; and

(16) That, within ten (10) days of the publication of the notice, Movants shall file a copy of the publication with the court.

DATED this 18th day of November, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge