# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No. 16-cv-00671-RM-NRN
Consolidated for Settlement Approval with Civil Case No. 17-cv-01602-RM-NRN

ISABEL VALVERDE *ET AL.*,

    Plaintiffs,

v.

XCLUSIVE STAFFING, INC., *ET AL.*,

    Defendants.

---

## MOTION FOR ATTORNEY'S FEES AND EXPENSES

---

### Certificate of Compliance with D.Colo.LCivR 7.1A

The undersigned conferred with Defendants' counsel prior to filing this motion. Defendants **take no position** as to the relief sought in the motion. Plaintiff Simon has submitted a claim form and has not submitted an objection.

### TABLE OF CONTENTS

I. Introduction .................................................................................................................. 2
II. Legal Standard ............................................................................................................. 2
III. Argument .................................................................................................................... 4
   A. Application of the *Johnson* factors ...................................................................... 4
      1. Time and labor required. ............................................................................... 4
      2. The requisite skill to perform the legal service properly and the novelty and difficult of the questions presented. ........................................................................ 4
      3. Preclusion of other employment and time limitations. ................................. 5
      4. The customary fee for similar work and attorneys' fees awarded in similar cases. ..... 6

    5.       The contingency nature of Class Counsel's representation and the "undesirability" of the case. ................................................................................................................................. 6

    6.       Potential damages involved and the results obtained. ................................................. 7

    7.       The experience, reputation and abilities of Class Counsel. ......................................... 8

    8.       Nature and length of the professional relationship with the client. .............................. 8

  B.      Plaintiffs' expenses are reasonable and were necessarily incurred in the prosecution of this action. ............................................................................................................................. 9

  C.      A lodestar cross-check also demonstrates that Class Counsel's request is reasonable. .... 9

IV.    Conclusion ............................................................................................................... 11

## I. INTRODUCTION

The Parties have submitted a proposed $1,520,000.000 class and collective action settlement to this Court for approval. *See* ECF Docs. 296-1, 299-2 ("Settlement"); 311 (motion for final approval). Here, Class Counsel move for attorney's fees of $380,000.00 and expenses of $7,719.43, for a total of $387,719.43, from the common fund pursuant to Fed. R. Civ. P. 23(h).

## II. LEGAL STANDARD

The Tenth Circuit has approved two methods for awarding attorneys' fees in common fund cases—the "percentage of the fund" method and the "lodestar plus multiplier" method. *Gottlieb v. Barry*, 43 F.3d 474, 482–84 (10th Cir. 1994). "[E]ither method is permissible," although the Tenth Circuit has expressed "a preference for the percentage of the fund method." *Id.* at 483; *see also Davis v. Crilly*, 292 F. Supp. 3d 1167, 1173 (D. Colo. 2018) (citing *Gottlieb* and concluding that the percentage of fund approach is "standard" when reviewing FLSA settlements).

Under the "percentage of the fund" method, the fee award is based on a percentage of the total economic benefit obtained for the class. *See, e.g., Anderson v. Merit Energy Co.,* No. 07–cv–00916–LTB–BNB, 2009 WL 3378526 at *2 (D. Colo. Oct. 20, 2009) (citing *Brown v. Phillip*

2

*Petroleum Co.,* 838 F.2d 451, 454 (10th Cir.1988)). Alternatively, under the lodestar method, class counsel's reasonable hours are first multiplied by a reasonable hourly rate. *See, e.g., Robinson v. City of Edmond,* 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar is then adjusted upward with a multiplier to account for risk and other factors. *See, e.g., Lucas v. Kmart Corp.*, 99–cv–01923–JLK–CBS, 2006 WL 2729260, at \*3 (D. Colo. July 27, 2006).

No matter the method, the Court's discretion is guided by the following factors (the "*Johnson* factors"):   (1) "the time and labor required;" (2) "the novelty and difficulty of the question presented by the case;" (3) "the skill requisite to perform the legal service properly;" (4) "the preclusion of other employment by the attorneys due to acceptance of the case;" (5) "the customary fee;" (6) "whether the fee is fixed or contingent;" (7) "any time limitations imposed by the client or the circumstances;" (8) "the amount involved and the results obtained;" (9) "the experience, reputation and ability of the attorneys;" (10) "the 'undesirability' of the case" (*i.e.*, whether this was a case for which it was difficult to obtain qualified counsel); (11) "the nature and length of the professional relationship with the client;" and (12) "awards in similar cases." *Gottlieb*, 43 F.3d at 482 n.4 (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974)); *Davis*, 292 F. Supp. 3d at 1173–74 (same for FLSA settlements)).

Not all factors are equal. The "most critical factor . . . is the degree of success obtained." *Farrar v. Hobby,* 506 U.S. 103, 114 (1992) (quotations omitted). Further, "rarely are all of the *Johnson* factors applicable," *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854 (10th Cir. 1993) (quoting *Brown*, 838 F.2d at 45), so "not all of them need [to] be considered" in every case, *Gudenkauf v. Stauffer Communications, Inc.*, 158 F.3d 1074, 1083 (10th Cir. 1998).

### III. ARGUMENT

#### A. Application of the *Johnson* factors

##### 1. Time and labor required.

"[T]he complexity of the legal issues involved . . . justifies the time spent" by Class Counsel. *In re Crocs, Inc. Sec. Litig.*, No. 07-cv-02351-PAB-KLM, 2014 WL 4670886, at *2 (D. Colo. Sept. 18, 2014). As this Court knows, this case has been intensively litigated for over four years. Class Counsel in total logged at least 726 hours on this case, including at least 552.8 for attorneys and at least 173.2 for paralegals and staff. *See* Ex. 1 ¶¶ 14-17, Hood Dec.; Ex. 2 ¶ 5, Seligman Dec.

The over 400 docket entries in the consolidated cases indicate an intensely litigated matter. The entries include significant briefing on motions to dismiss and to compel arbitration (*Valverde,* ECF Docs. 65, 66, 88, 90, 102, 104; *Trejo,* ECF Docs. 20, 25, 31); FLSA conditional certification (*Valverde,* ECF Docs. 139, 150, 151); motions for judgment on the pleadings (*Valverde,* ECF Docs. 241, 242, 243; *Trejo,* ECF Docs. 50, 55, 59); and numerous objections to magistrate reports and recommendations (*Valverde,* ECF Docs. 47, 49, 167, 171, 212, 225; *Trejo,* ECF Docs. 51, 52, 53, 54).

Meanwhile, the Parties engaged in a significant discovery effort, exchanging thousands of pages of documents, conducting depositions of all parties and third-party witnesses, and subpoenaing records from third parties. *See* Ex. 1 ¶ 24, Hood Dec.

##### 2. The requisite skill to perform the legal service properly and the novelty and difficult of the questions presented.

Much of Class Counsel's time and labor were dedicated to difficult questions. This case raised numerous legal issues—regulatory law, state and federal employment law, RICO, and state

common law. *See generally Valverde,* ECF Doc. 52 (operative complaint); *Trejo,* ECF Doc. 1 (operative complaint). Moreover, employment law issues such as those litigated here "are governed by highly technical state and federal wage statutes and regulations." *Shaw v. Interthinx, Inc.*, No. 13-cv-01229-REB-NYW, 2015 WL 1867861, at *6 (D. Colo. April 25, 2015).

### 3. Preclusion of other employment and time limitations.

"There is an inherent preclusion of other work in litigating a complex case . . . on a contingency fee basis." *Id.* at *6. It is just "common sense" that billing the significant hours required by this matter forced the attorneys to forgo other work. *In re Crocs*, 2014 WL 4670886, at *3 ("Although Plaintiffs' Counsel does not provide specific examples of work they were forced to decline during the pendency of this action, common sense indicates that the nearly 3900 hours spent litigating this case came at the expense of time that could have been devoted to other matters.").

Towards Justice's services as a public interest law firm are in high demand, and the potential for additional public interest litigation for the benefit of low income and immigrant workers is near limitless.[1] Thus, every hour spent on this case was an hour not spent on additional public interest opportunities.

---

[1] Towards Justice is involved in public interest litigation throughout the United States. *See, e.g.,* Dave Kostiuk, *Amid COVID-19 Shutdowns, Pork Giant Smithfield Foods Sued by Worker Group*, LAW.COM (Apr. 23, 2020), https://www.law.com/2020/04/23/amid-covid-19-shutdowns-pork-giant-smithfield-foods-sued-by-worker-group/?slreturn=20200402150036#; Sara Randazzo, *Au Pairs Reach $65.5 Million Settlement Over Wages*, WALL ST. JOUR. (Jan. 9, 2019), https://www.wsj.com/articles/au-pairs-reach-65-5-million-settlement-over-wages-11547075052; Tom Korosec, *Billionaires' Yellowstone Club Sued for Stiffing Jamaican Staff*, BLOOMBERG (Sept. 21, 2018), https://www.bloomberg.com/news/articles/2018-09-22/billionaires-yellowstone-club-sued-for-stiffing-jamaican-staff.

4. **The customary fee for similar work and attorneys' fees awarded in similar cases.**

Class Counsel's requested fees of 25% of the common fund is significantly less than the customary fee awarded to class counsel in a common fund settlement in this Circuit. "The customary fee … is approximately one third of the total economic benefit bestowed on the class." *Lucken Family Ltd. Partnership, LLLP v. Ultra Res., Inc.*, No. 09-cv-01543-REB-KMT, 2010 WL 5387559, at *5 (D. Colo. Dec. 22, 2010); *see also Vaszlavik v. Storage Tech. Corp.*, No. 95-B-2525, 2000 WL 1268824, at *4 (D. Colo. Mar. 9, 2000). Other awards in the Circuit are significantly larger. *See, e.g., Davis*, 292 F. Supp. 3d at 1174 (approving 37% in fees and expenses which was "well within the normal range for a contingent fee award"); *Whittington v. Taco Bell of Am., Inc.*, No. 10-cv-01884-KMT-MEH, 2013 WL 6022972, at *6 (D. Colo. Nov. 13, 2013) (awarding 39% of settlement fund for attorneys' fees); *Cimarron Pipeline Constr., Inc. v. Nat'l Council on Compensation Ins.*, Nos. civ 89–822–T & 1186–T, 1993 WL 355466, at *2 (W.D. Okla. June 8, 1993) ("Fees in the range of 30–40% of any amount recovered are common in complex and other cases taken on a contingent fee basis."); *Chieftain Royalty Co. v. Laredo Petroleum, Inc.*, No. civ-12-1319-D, 2015 WL 2254606, at *3 (W.D. Okla. May 13, 2015) ("An award of forty percent (40%) of the settlement value is well within the range of acceptable fee awards in common fund cases"), vacated on other grounds, 888 F.3d 455 (10th Cir. 2017).

5. **The contingency nature of Class Counsel's representation and the "undesirability" of the case.**

Towards Justice took this case on a contingency basis and advanced all expenses in the litigation. *See* Ex. 1 ¶ 23, Hood Dec. Substantial fee awards are appropriate in cases such as this, where class counsel must "advance large amounts of time, money, and other resources to determine

6

if any recovery might be had"—something "[m]ost attorneys" cannot do. *Shaw*, 2015 WL 1867861, at *7; *see also In re Thornburg Mortg. Inc. Sec. Litig.,* 912 F.Supp.2d 1178, 1256 (D.N.M. 2012) ("[s]uch a large investment of money [and time] place[s] incredible burdens upon . . . law practices" (alteration in original, quotations omitted)). Accordingly, "[a] contingent fee, and the potential for a relatively high fee, is designed to reward counsel for taking the risk of prosecuting a case without payment during the litigation, and the risk that the litigation may be unsuccessful." *In re Qwest,* 625 F.Supp.2d at 1151.

Absent possibility and precedent for such an award, there is a risk that cases like this one, with transient plaintiffs who work in low-wage positions, would never see the inside of a court room. *See Shaw*, 2015 WL 1867861, at *7 ("contingency fees provide access to counsel for individuals who would otherwise have difficulty obtaining representation . . . and transfer a significant portion of the risk of loss to the attorneys taking a case . . . . Access to the courts would be difficult to achieve without compensating attorneys for that risk.") (citations and quotations omitted).

### 6. Potential damages involved and the results obtained.

"[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar,* 506 U.S. at 114 (quotations omitted); *see also Brown,* 838 F.2d at 456 ("[T]he amount involved and the results obtained . . . may be given greater weight when . . . the recovery was highly contingent and . . . the efforts of counsel were instrumental in realizing recovery on behalf of the class."). As discussed in Plaintiffs' motion for final approval, the $1,520,000.00 settlement is a significant recovery compared to the potential best-case results at trial. *See* ECF Doc. 311 at 8-11. "This is particularly true given the uncertainty of the outstanding

7

motion to dismiss, the outstanding motions for judgment on the pleadings regarding the existence of a private right of action for the 10-minute breaks, an opposed motion for class certification, and, most significantly, trial." *Id.* (citing *Trejo*, ECF Docs. 45 (objection), 50 (judgment on the pleadings); *Valverde*, ECF Doc. 241 (judgment on the pleadings)).

### 7. The experience, reputation and abilities of Class Counsel.

Class Counsel from Towards Justice are widely respected in the legal community. The attorneys at Towards Justice are nationally recognized for their public interest advocacy on behalf of marginalized communities, including low-wage workers. *See supra* n. 1.[2] Moreover, Class Counsel have significant experience litigating complex employment class actions like this one. *See* Ex. 1 ¶¶ 2-9, Hood Dec.; Ex. 2 ¶¶ 2-3, 12-18, Seligman Dec.

### 8. Nature and length of the professional relationship with the client.

Courts recognize that representing a plaintiff class means that attorneys may be forgoing repeat business. Thus, substantial awards are justified when, as with the Plaintiffs in this case, "the likelihood that many class members will be seeking additional representation from Class Counsel is slim." *Shaw*, 2015 WL 1867861, at *7. This is particularly true because "wage claims . . . do not lend themselves to continuous, long-term attorney-client relationships." *Id.*

Moreover, Towards Justice entered into contingency agreements with each of the named Plaintiffs. *See In re Syngenta AG MIR 162 Corn Litig.*, 357 F. Supp. 3d 1094, 1114 (D. Kan. 2018) ("counsel have indicated that many plaintiffs in this case agreed to contingent-fee arrangements that allowed for fees of at least 40 percent of any recovery"). As for the Class, despite being

---

[2] Towards Justice's significant public interest work is detailed on its website at https://towardsjustice.org/our-work/.

8

notified of the fee request, no potential class member submitted a comment or objection complaining about the fee award. *See* ECF Doc. 303-1 at 3 (class notice indicating intention to request 1/4 of class fund as fees and additional expenses).

### B. **Plaintiffs' expenses are reasonable and were necessarily incurred in the prosecution of this action.**

Class Counsel seek reimbursement for the $7,719.43 in total costs and nontaxable expenses in prosecuting this action. *See* Ex. 1 ¶ 26, Hood Dec. Such expenses "are awarded in addition to the attorney fee percentage." *Vaszlavik*, 2000 WL 1268824, at *4; *see also Barbosa v. Nat'l Beef Packing Co., LLC*, No. 12-2311-KHV, 2015 WL 4920292, at *7 (D. Kan. Aug. 18, 2015) (awarding expenses in addition to attorneys' fees). "As with attorneys' fees, an attorney who creates or preserves a common fund for the benefit of a class is entitled to receive reimbursement of all reasonable costs incurred." *Vaszlavik*, 2000 WL 1268824, at *4.

The expenses here are modest and necessary, consisting largely of filing fees, court reporter fees, and expert fees. All of these expenses would be invoiced for hourly clients. The requested expenses are therefore reasonable and therefore appropriately paid in addition to the fees. *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990).

### C. **A lodestar crosscheck also demonstrates that Class Counsel's request is reasonable.**

"Courts using the percentage method will often crosscheck the requested award with the lodestar amount." *Shaw*, 2015 WL 1867861, at *8. However, the Court in the exercise of its discretion and in light of the facts of the case may choose to rely entirely on the percentage method. *See Uselton*, 9 F.3d at 853 (distinguishing common fund cases where the percentage method is permissible rather than the lodestar method and approving fee award without considering the lodestar); *see also CompSource Oklahoma v. BNY Mellon, N.A.*, No. civ 08-469-KEW, 2012 WL

6864701, at *8 (E.D. Okla. Oct. 25, 2012) ("A majority of circuits recognize that trial courts have the discretion to award fees based solely on a percentage of the fund approach and are not required to conduct a lodestar analysis in common fund class actions.").

Class Counsel's requested fee award in this action is equal to the lodestar with a 1.42 multiplier. That is conservative: Courts in this district "typically" use a 2-3x multiplier. *Lucas*, 2006 WL 2729260, at *6. And the lodestar represents actual billings through May 5, 2020—*i.e.*, excluding thousands of dollars in fees for securing final approval and administering distribution of funds.

          a)      Class Counsel's hours and rates are reasonable.

Here, Class Counsel logged 552.8 attorney hours at an hourly rate of $450, and 173.2 paralegal hours at an hourly rate of $110. As detailed in Class Counsel's declarations, the hours spent were reasonable. *See* Ex. 1 ¶¶ 14-15, Hood Dec.; Ex. 2 ¶ 5, Seligman Dec. Moreover, the $450 hourly rate for attorneys Hood and Seligman is reasonable and has been previously approved for these attorneys in this District. *See* Ex. 1 ¶¶ 4-13, Hood Dec.; Ex. 2 ¶¶ 4-18, Seligman Dec.; *Beltran v. Interexchange*, 14-cv-03074-CMA-KMT, Doc. 1230 (D. Colo., July 18, 2019) (Arguello, J.) (approving class action fee request where attorneys Hood and Seligman were class counsel and submitted an hourly rate of $450 per hour); *see also Ultegra Fin. Partners, Inc. v. Marzolf,* No. 19-CV-00038-MSK-MEH, 2020 WL 1036045, at *3 (D. Colo. Mar. 3, 2020) (collecting cases establishing that up to $500 per hour is common in this District, especially for lead counsel). The $110 hourly rate for paralegals is standard in this District, particularly for bi-lingual paralegals with bachelor's degrees like those here. *See* Ex. 1 ¶¶ 16-22, Hood Dec.; *Home*

*Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 78 F. Supp. 3d 1307, 1319 (D. Colo. 2014) (reaffirming that "the average, reasonable hourly rate" for paralegals in Colorado is $100-$110).

        b)        The multiplier is reasonable under the circumstances, and conservative compared with most cases in this District.

The total fee request of $380,000.00 compared to the lodestar of $267,812.00 creates a lodestar multiplier of 1.42, which is significantly below the multiplier typically awarded by courts in this Circuit. *See In re Crocs*, 2014 WL 4670886, at *6; *see also In re Miniscribe Corp.*, 309 F.3d 1234, 1245 (10th Cir. 2002) (affirming 2.57 lodestar multiplier); *Mishkin v. Zynex, Inc.,* No. 09-cv-00780-REB-KLM, 2012 WL 4069295, at *2 (D. Colo. Sep. 14, 2012) (collecting District of Colorado cases approving multipliers ranging from 2.5 to 4.6). Indeed, "courts typically award multipliers of 2 to 3 times the lodestar." *Lucas*, 2006 WL 2729260, at *6.

## IV.    CONCLUSION

For the foregoing reasons, Class Counsel respectfully request that the Court approve $380,000.00 in fees and $7,719.43 expenses, or $387,719,43 in total for Class Counsel's efforts in this matter.

        s/Alexander Hood
        Alexander Hood
        David Seligman
        Towards Justice
        1410 High St., Suite 300
        Denver, CO 80218
        Tel.: 720-239-2606
        Email: alex@towardsjustice.org
        *Attorneys for Plaintiffs*

**Certificate of Service**

  I hereby certify that on May 5, 2020, I served a true and correct copy of the forgoing on all parties that have appeared pursuant to Fed. R. Civ. P. 5.

                s/Alexander Hood
                Alexander Hood