## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 16-cv-00671-RM-NRN
Consolidated for Settlement Approval with Civil Case No. 17-cv-01602-RM-NRN

ISABEL VALVERDE *ET AL.*,

    Plaintiffs,

v.

XCLUSIVE STAFFING, INC., *ET AL.*,

    Defendants.

---

## MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT

---

### INTRODUCTION

On May 26, 2020, the Court held a final approval hearing regarding the proposed class and collective action settlement in the above-captioned consolidated cases. Following the hearing, the Court ordered that "[w]ithin ten (10) days of this date, counsel for Plaintiffs shall file a Status Report with the Court advising as to the status of the 29 unconfirmed class members, an updated calculation of administrator's fees, and a summary of the work-week calculation for the actual number of claimants." *See* ECF Doc. 317. This filing provides the information requested by the Court in that order. In addition, this filing provides some clarification regarding Ms. Simon's letter submitted to the Court on June 1, 2020. *See* ECF Doc. 318.

    **I.**    **UPDATE REGARDING 29 UNCONFIRMED CLASS MEMBERS**

During the ten days following the hearing, the Class Administrator followed up with all 29 unconfirmed class members. *See* Ex. A, Class Admin. Dec. ¶ 13. The results are as follows:

> As of June 5, 2020, 16 claimants did not respond to Optime's inquiry. Of the 13 claimants that Optime interviewed, 3 claimants were able to provide reasonable information to verify employment. The remaining 10 claimants were unable to provide meaningful information to prove employment.
>
> After adjusting for the invalid submissions, **the total number of valid claims are 782.**

*See* Ex. A, Class Admin. Dec. ¶ 14-15 (emphasis added).

Class Counsel conferred with Defendants' counsel prior to this filing. Both sides believe no further action is warranted and the settlement should proceed with the 782 confirmed participating class members.

## II.     UPDATED ESTIMATED ADMINISTRATION FEES

The updated class administrator fees are $46,128.90. A declaration from the Class Administrator is attached as Exhibit A and that declaration includes an itemized invoice. *See* Ex. A, Class Admin. Dec. ¶ 16.

## III.    SUMMARY OF THE WORK-WEEK CALCULATION FOR THE ACTUAL NUMBER OF CLAIMANTS

After approved disbursals, the Net Settlement Fund for distribution to participating class members and *cy pres* is $966,151.67.

| | |
|---|---|
| Settlement Amount | $1,520,000.00 |
| Attorney's Fees | $380,000.00 |
| Attorney's Costs | $7,719.43 |
| Settlement Administrator | $46,128.90 |
| Service Awards to Class Representatives | $120,000.00 |
| **Net Settlement Fund** | **$966,151.67** |

As the Court is aware, there is a minor dispute between the Parties regarding how the Net Settlement Fund should be divided between participating class members and *cy pres*. *See* ECF

Docs. 313, 316. While the Settlement leaves this division to the Court's discretion, s*ee* ECF Doc. 316 at 2, the Parties have made the following proposals:

| Amount of Net Settlement Fund for Participating Class Members | Amount of Net Settlement Fund for *Cy Pres* | |
|---|---|---|
| $966,151.67 | $0 | *See* ECF Doc. 316 at 5 (Plaintiffs' Reply to Motion for Final Approval). |
| $791,151.67 | $175,000 | *See* ECF Docs. 306-1 at 3 (Notice to Class); 311 at 9 (Motion for Final Approval). |
| $548,275.67 | $417,876 | *See* ECF Doc. 313 at 4 (Defendants' Response to Motion for Final Approval). |

Class Counsel emphasize that the Court has wide discretion; adopting any division of the Net Settlement Fund in the range of the proposals above would not be an abuse of discretion. However, in exercising its broad discretion, the Court should give preference to participating class members over *cy pres* so long as it does not result in a windfall to participating class members. *See* ECF Doc. 316 at 3-4 (citing Newberg on Class Actions § 12:30 (5th ed.) (discussing "pro rata redistribution to class members" as preferable to *cy pres* and citing cases); Principles of the Law of Aggregate Litigation § 3.07 (2010)).

To help the Court, Class Counsel evaluated participating class member data provided by Defendants. Below is Class Counsel's calculation of estimated damages for the participating class:

| Total Work Weeks for Participating Class Members | 38,262 |
|---|---|
| Average Hourly Pay for Class | $10.26[1] |
| Value of Each Missed 10-minute Break | $1.71 |
| Value of Each Missed 30-minute Meal Break | $5.13 |

---

[11] This number is based on calculations by the expert retained by Class Counsel to evaluate the fairness of the Settlement. *See* ECF Doc. 296-9.

3

| 10-Minute Breaks Missed Per Workweek | Estimated Damages For 10-Minute Breaks | 30-Minute Breaks Missed Per Workweek | Estimated Damages For 30-Minute Breaks | Total Damages |
|---|---|---|---|---|
| 2 | $130,856.04 | 1 | $196,284.06 | **$327,140.10** |
| 4 | $261,712.08 | 2 | $392,568.12 | **$654,280.20** |
| 6 | $392,568.12 | 3 | $588,852.18 | **$981,420.30** |
| 8 | $523,424.16 | 4 | $785,136.24 | **$1,308,560.40** |
| 10 | $654,280.20 | 5 | $981,420.30 | **$1,635,700.50** |

Class Counsel also notes that Plaintiffs allege a policy of illegally deducting $3 from every weekly paycheck. Discovery revealed that this policy ended in 2016, approximately halfway through the class period. Assuming a $3 deduction during half the workweeks of participating class members, that would mean additional actual damages of $57,393.00 (38,262 workweeks / 2 * $3.00).

Conservatively assuming that participating class members averaged 4 missed 10-minute breaks per week and 2 missed 30-minute lunch breaks per week[2] and adding in the $3 deduction damages, participating class member damages exceed $700,000. Taking into account the 100% liquidated damages included with the FLSA claim and the statutory penalties of up to 125% included with the Colorado Wage Claim Act claim, fully compensating participating class members for their class claims subsumes the entire $966,151.67 Net Settlement Fund. *See* 29 U.S.C. § 260; Colo. Rev. Stat.§ 8-4-109.

Thus, there is no windfall for participating class members if they receive ***all*** of the Net Settlement Fund; a $175,000 guaranteed *cy pres* is substantial and respectful to absent class

---

[2] Plaintiffs actually allege that they "usually," *i.e.*, more than half the time, did not receive 10-minute breaks and 30-minute breaks. *Valverde,* ECF Doc. 52 ¶¶ 62, 66 76, 80 (*Valverde* operative complaint); *Trejo*, ECF Doc. 1 ¶¶ 105, 118 (*Trejo* operative complaint).

members; and Defendants' suggested $417,876 guaranteed *cy pres* is overly generous to *cy pres* at the expense of participating class members.

Finally, Class Counsel note that *cy pres* need to be appointed regardless of the above to deal with the near certainty of residual funds resulting from uncashed checks.

### IV.    PLAINTIFF SIMON

Class Counsel also wish to address potential ambiguity in Ms. Simon's letter submitted to the Court after the final approval hearing. *See* ECF Doc. 318. The majority of Ms. Simon's letter appears to be asking for additional funds for service awards. While understanding Ms. Simon's sentiment, the amount of the service awards was resolved at the hearing. In addition, near the end of the letter, Ms. Simon mentions confusion regarding how to submit a claim. It is unclear what Ms. Simon means. However, Class Counsel assures the Court that Ms. Simon did submit a claim against the class fund. Her claim form is attached as Exhibit B to this memorandum.[3]

                                                s/Alexander Hood
Alexander Hood
David Seligman
Towards Justice
1410 High St., Suite 300
Denver, CO 80218
Tel.: 720-239-2606
Email: alex@towardsjustice.org
*Attorneys for Plaintiffs*

---

[3] Ms. Simon appears to have completed and submitted one of the redlined claim forms she was served with during the preliminary approval briefing.

**Certificate of Service**

      I hereby certify that on June 5, 2020, I served a true and correct copy of the forgoing on all parties that have appeared pursuant to Fed. R. Civ. P. 5.

                                    s/Alexander Hood
                                    Alexander Hood